Louis R. Strubeck, Jr. (SBT 19425600)
Kristian W. Gluck (SBT 24038921)
John N. Schwartz (SBT 00797397)
Liz Boydston (SBT 24053684)
Timothy S. Springer (SBT 24088460)
Norton Rose Fulbright US LLP
2200 Ross Avenue, Suite 3600
Dallas, Texas 75201-7932
Telephone: (214) 855-8000
Facsimile: (214) 855-8200

PROPOSED ATTORNEYS FOR THE DEBTORS
AND DEBTORS IN POSSESSION

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE NORTHERN DISTRICT OF TEXAS
# DALLAS DIVISION

| | | |
|---|---|---|
| In re: | § § § | Chapter 11 |
| ADPT DFW HOLDINGS LLC, *et al.*,[1] | § § § | Case No. 17-31432 |
| Debtors. | § § | Jointly Administered under Case No. 17-31432 |

## APPLICATION OF DEBTORS FOR ENTRY OF AN ORDER PURSUANT TO 11 U.S.C. §§ 327(a), 328 AND 1107(b), FED. R. BANKR. P. 2014 AND 2016, AND BANKRUPTCY LOCAL RULE 2014-1 AUTHORIZING RETENTION AND EMPLOYMENT OF NORTON ROSE FULBRIGHT US LLP AS COUNSEL TO THE DEBTORS, *NUNC PRO TUNC* TO THE PETITION DATE

COME NOW the above-referenced debtors and debtors in possession (collectively, the "Debtors") and, pursuant to Rule 1007(a)(5) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), file this *Application for Entry of an Order Pursuant to 11 U.S.C. §§ 327(a), 328 and 1107(b), Fed. R. Bankr. P. 2014 and 2016, and Bankruptcy Local Rule 2014-1 Authorizing Retention and Employment of Norton Rose Fulbright US LLP as Counsel to the Debtors, Nunc Pro Tunc to the Petition Date* (this "Application") and, in support thereof, respectfully represent as follows:

---

[1] The Debtors include all of the affiliated entities that are listed on the Appendix, attached hereto.

28242665.1
APPLICATION OF DEBTORS FOR ENTRY OF AN ORDER PURSUANT TO 11 U.S.C. §§ 327(a), 328 AND 1107(b), FED. R.
BANKR. P. 2014 AND 2016, AND BANKRUPTCY LOCAL RULE 2014-1 AUTHORIZING RETENTION AND EMPLOYMENT OF
NORTON ROSE FULBRIGHT US LLP AS COUNSEL TO THE DEBTORS, NUNC PRO TUNC TO THE PETITION DATE – Page 1

**Jurisdiction and Venue**

1. The Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

2. Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

3. The statutory bases for the relief requested herein are sections 327(a), 328, and 1107(b) of title 11 of the United States Code (the "Bankruptcy Code"), Bankruptcy Rules 2014 and 2016, and Rule 2014-1 of the Local Bankruptcy Rules of the United States Bankruptcy Court for the Northern District of Texas (the "Local Rules").

**Background**

4. On the date hereof (the "Petition Date"), the Debtors commenced these Chapter 11 Cases by each filing voluntary petitions for relief under chapter 11 of the Bankruptcy Code.

5. The Debtors remain in possession of their assets and continue to operate and manage their businesses as debtors in possession pursuant to Bankruptcy Code sections 1107 and 1108.

6. No trustee, examiner or committee of creditors has been appointed in these Chapter 11 Cases.

7. As set forth in detail in the Declaration of Andrew Hinkelman in Support of First Day Motions (the "Hinkelman Declaration"), filed contemporaneously herewith, since being formed in 2002, the Debtors (and, together with their non-debtor affiliates, collectively, the "Adeptus Enterprise"),[2] have operated a patient-centered healthcare organization that provides emergency care through freestanding emergency rooms ("FSERs"),[3] which are open to the

---

[2] There are 63 non-debtor affiliates in the Adeptus Enterprise.

[3] There are two types of FSERS: (i) a hospital outpatient department ("HOPD") that is affiliated with a hospital system, and (ii) an independent freestanding emergency department ("IFSED"). Both HOPDs and IFSEDs are

28242665.1

public 24 hours a day, seven days a week. The Adeptus Enterprise constitutes the oldest and largest network of freestanding emergency rooms in the United States and seeks to provide local communities with immediate and convenient access to quality emergency care in a patient-friendly, cost-effective setting. In 2016, approximately 408,000 patients visited facilities within the Adeptus Enterprise, which employs or engages as independent contractors approximately 3,843 physicians, nurses, radiology technicians, laboratory professionals, and administrative staff and consists of 203 entities organized under the laws of various states.

8. In recent years, the Adeptus Enterprise has expanded significantly to include five fully operational hospitals and 99 FSERs that are either wholly owned by the Debtors or by joint ventures between the Debtors and leading healthcare systems in Arizona, Colorado, Ohio, and Texas (collectively, the "Joint Ventures").[4] The Joint Ventures currently include joint ventures with Dignity Health in Arizona; the University of Colorado Health in Colorado Springs, Colorado and Denver, Colorado; Mount Carmel Health System in Ohio; and Texas Health Resources in Dallas, Texas.[5] Because the Debtors do not have the unitary authority to commence chapter 11 cases for the Joint Ventures, the Joint Ventures and their wholly-owned HOPDs are not debtors in these Chapter 11 Cases. Although the Joint Ventures are not debtors, they are

---

subject to, among other rules and regulations, the Emergency Medical Treatment and Labor Act (EMTALA). As a result of their affiliation with a hospital system, HOPDs are subject to additional rules and regulations, including those promulgated by the Centers for Medicare and Medicaid Services ("CMS"). HOPDs can bill and collect from government-funded health programs, including Medicare, Medicaid, and TRICARE, for facility fees in addition to seeking reimbursement for services rendered. IFSEDs, on the other hand, are not recognized by CMS as emergency departments and, therefore, cannot bill government-funded health programs for facility fees. Each state has adopted different rules related to the operation of IFSEDs. The Adeptus Enterprise includes both HOPDs and IFSEDs.

[4] Prior to the Petition Date, the Adeptus Enterprise also included a joint venture in Louisiana (the "Louisiana JV") with the unaffiliated Ochsner Clinic Foundation, a Louisiana non-profit corporation. Due to a lack of activity by the Louisiana JV, Ochsner Clinic Foundation and debtor ADPT New Orleans Holdings LLC agreed to terminate the Louisiana JV all agreements related thereto.

[5] The Adeptus Enterprise also includes a joint venture with Mount Carmel Health System in Ohio. However; as of the Petition Date, construction has not begun on either the hospital or any HOPD in Ohio.

critical components of the Adeptus Enterprise and are essential to the Debtors' successful reorganization.[6]

9. Although the Adeptus Enterprise has shown impressive growth during the last three years, the Debtors have recently faced increased competition, declining revenues, significant working capital demands, and issues with their revenue cycle management. These challenges caused significant strain on the Debtors' liquidity and threatened the Debtors' ability to continue operating as a going concern. After carefully considering all available strategic alternatives, the Debtors concluded that it was in the best interests of their creditors, physicians, staff, and patients to undergo a chapter 11 restructuring.

## Relief Requested

10. The Debtors have determined that it will be necessary to engage counsel with knowledge and experience in the areas of bankruptcy, reorganization, litigation, and other matters. Such legal counsel will enable the Debtors to carry out their duties in these cases and to assist in the reorganization of the estates. The Debtors therefore propose to retain and employ Norton Rose Fulbright US LLP ("NRFUS") as counsel, *nunc pro tunc* to the Petition Date.

---

[6] In addition to these associations with the Joint Ventures, the Adeptus Enterprise has important relationships with three other non-debtor entities: National Medical Professionals of Texas, PLLC; National Medical Professionals of Houston, PLLC; and National Medical Professionals of Colorado, PLLC (collectively, the "NMPs"). Through an Exclusive Management and Administrative Services Agreement between each of the NMPs and Debtor First Choice ER, LLC ("First Choice"), First Choice provides management services for the day-to-day, non-clinical aspects of the NMPs, including assistance with the coding process, collections, recruitment, and bookkeeping. The Debtors also administer the NMPs' payrolls. The Debtors were required to contract with the NMPs because the Corporate Practice of Medicine doctrines in Texas and Colorado prohibit business corporations from practicing medicine or employing physicians to provide medical services. In those particular states, entities that employ physicians must be owned by a licensed medical doctor. Because the NMPs are independently owned, they are not debtors in these Chapter 11 Cases. However, the services provided by the NMPs are an essential element of the Adeptus Enterprise.

## Basis for Relief

11. Federal Bankruptcy Rule 2014 requires that an application for retention of a professional person include:

> [S]pecific facts showing the necessity for the employment, the name of the person to be employed, the reasons for the selection, the professional services to be rendered, any proposed arrangement for compensation, and, to the best of the applicant's knowledge, all of the person's connections with the debtor, creditors, any other party in interest, their respective attorneys and accountants, the United States trustee, or any person employed in the office of the United States trustee.

As required, this Application and the exhibits attached hereto set forth specific facts showing the necessity for the employment, the reasons for selecting NRFUS, the professional services to be rendered, the proposed arrangements for compensation, and NRFUS's connections to parties in interest.

12. NRFUS has represented and advised the Debtors since February 2017 in connection with pre-bankruptcy negotiations and planning. Over the course of its representation of the Debtors, NRFUS has become thoroughly familiar with the Debtors' businesses and affairs. The Debtors now desire to employ and retain NRFUS, pursuant to section 327(a) of the Bankruptcy Code, as counsel to perform the legal services that will be necessary during the Debtors' bankruptcy proceedings, as more fully described below.

13. The Debtors have selected NRFUS because of NRFUS's extensive experience and knowledge in the field of business reorganizations under chapter 11 of the Bankruptcy Code and other related matters. NRFUS is both well qualified and uniquely able to represent the Debtors in these chapter 11 cases in an efficient and timely manner. If the Debtors were required to retain counsel other than NRFUS in connection with the prosecution of the Debtors' chapter 11 cases, the Debtors, their estates, and all parties in interest would be unduly prejudiced by the

time and expense necessarily required by such new attorneys to familiarize themselves with the intricacies of the chapter 11 cases.

14. The services of NRFUS are necessary and essential to enable the Debtors to execute faithfully their duties as debtors and debtors in possession. Subject to the control and further order of this Court, NRFUS will be required to render various services to the Debtors, including the following professional services: (a) providing advice to the Debtors with respect to their powers and duties as debtors in possession in the continued operation of their businesses and the management of their properties; (b) preparing, on behalf of the Debtors, applications, motions, answers, orders, reports, memoranda of law, and other papers in connection with the chapter 11 cases; (c) representing the Debtors in negotiations with creditors, equity holders, joint venture partners, and parties in interest, including governmental agencies and authorities; and (d) performing other necessary or appropriate legal services in connection with the chapter 11 cases.

15. In addition to their specific expertise with these Debtors, NRFUS has extensive experience in virtually all aspects of law that that may arise in the Debtors' chapter 11 cases. Based in part on its prior and current representation of the Debtors in various matters related to the chapter 11 cases, the Debtors believe that NRFUS has the necessary background to deal effectively and efficiently with the broad and extensive legal issues that will arise in the context of the Debtors' cases. Considering its history of representation of the Debtors and NRFUS's reputation, the Debtors submit that the retention of NRFUS under the terms described herein is in the best interests of the Debtors and their estates. It is contemplated that NRFUS will continue to provide representation and advice to the Debtors in the same capacity as NRFUS did pre-bankruptcy.

28242665.1

APPLICATION OF DEBTORS FOR ENTRY OF AN ORDER PURSUANT TO 11 U.S.C. §§ 327(a), 328 AND 1107(b), FED. R. BANKR. P. 2014 AND 2016, AND BANKRUPTCY LOCAL RULE 2014-1 AUTHORIZING RETENTION AND EMPLOYMENT OF NORTON ROSE FULBRIGHT US LLP AS COUNSEL TO THE DEBTORS, NUNC PRO TUNC TO THE PETITION DATE – Page 6

**A.    NRFUS's Disinterestedness**

16.    The Debtors believe that NRFUS and each of its attorneys is a "disinterested person" as such term is defined in section 101(14) of the Bankruptcy Code and that they do not hold or represent an interest adverse to the Debtors' estates that would otherwise render NRFUS ineligible to serve as counsel for the Debtors pursuant to the provisions of section 327(a) of the Bankruptcy Code.

17.    The basis of the Debtors' determination is their own knowledge and the Declaration of Louis R. Strubeck, Jr. (the "Strubeck Declaration"), attached hereto as Exhibit "B." As disclosed in the Strubeck Declaration and herein, NRFUS currently represents certain of the Debtors' creditors and other parties in matters wholly unrelated to these proceedings. NRFUS has fully disclosed to the Debtors its ongoing representation of such entities, and the Debtors have consented to NRFUS's continued representation of such entities in matters unrelated to these proceedings. The Debtors believe that NRFUS's current and future representation of these entities will not in any way adversely affect NRFUS's representation of the Debtors. NRFUS will periodically review its files during the pendency of the proceedings to ensure that no conflicts or other disqualifying circumstances exist or arise. If any new facts or relationships are discovered, NRFUS will use reasonable efforts to identify such further developments and will file promptly a supplemental declaration, as required by Federal Bankruptcy Rule 2014(a).

**B**.    **NRFUS's Compensation**

18.    The Debtors understand that NRFUS intends to apply to the Court for allowances of compensation and reimbursement of expenses incurred after the Petition Date in connection with the Debtors' chapter 11 cases in compliance with sections 330 and 331 of the Bankruptcy Code and applicable provisions of the Bankruptcy Rules, the Local Rules, and any other

applicable procedures and orders of the Court. The Debtors understand that NRFUS also intends to comply with the United States Trustee's requests for information and additional disclosures, both in connection with this application and the interim and final fee applications to be filed by NRFUS in these chapter 11 cases.

19. Subject to the Court's approval and the requirements of the applicable provisions of the Bankruptcy Code, the Federal Bankruptcy Rules, the Local Rules, and the orders of this Court, the Debtors propose to pay NRFUS its customary hourly rates for services rendered that are in effect from time to time on the date the services are rendered, as set forth in the Strubeck Declaration, and to reimburse NRFUS for reasonable and necessary expenses according to its customary reimbursement policies. The Debtors understand that NRFUS will maintain detailed, contemporaneous records of time and any actual and necessary expenses incurred in connection with the rendering of the legal services described above.

20. As set forth in the Strubeck Declaration, during the ninety (90) days prior to the Petition Date, NRFUS received payments and advances totaling approximately $2,201,227.05 for professional services performed and to be performed, including the commencement and prosecution of these chapter 11 cases. NRFUS has a remaining credit balance in favor of the Debtors for future professional services to be performed, and expenses to be incurred, in connection with these chapter 11 cases of approximately $508,603.89 (the "Fee Advance"). Prior to the Petition Date, NRFUS applied amounts received from the Debtors as compensation for prepetition professional services performed relating to the potential commencement of these chapter 11 cases, as well as for reasonable and necessary expenses incurred in connection therewith. The excess advance amount is being held by NRFUS in a trust account for application

28242665.1

APPLICATION OF DEBTORS FOR ENTRY OF AN ORDER PURSUANT TO 11 U.S.C. §§ 327(a), 328 AND 1107(b), FED. R. BANKR. P. 2014 AND 2016, AND BANKRUPTCY LOCAL RULE 2014-1 AUTHORIZING RETENTION AND EMPLOYMENT OF NORTON ROSE FULBRIGHT US LLP AS COUNSEL TO THE DEBTORS, NUNC PRO TUNC TO THE PETITION DATE – Page 8

to and payment of postpetition fees and expenses that are allowed by the Court upon motion of NRFUS.

21. Pursuant to section 328 of the Bankruptcy Code, the Debtors may retain NRFUS on reasonable terms and conditions. The Debtors submit that NRFUS's customary terms of reimbursement, compensation, and hourly rates, which NRFUS applies to its other bankruptcy and non-bankruptcy clients, are reasonable.

WHEREFORE, for the reasons set forth herein, the Debtors respectfully request that the Court approve this Application and the relief granted herein; enter the proposed Order attached hereto as "Exhibit A"; and grant such other and further relief as the Court deems appropriate.

Dated: April 24, 2017.

*/s/ Andrew Hinkelman*
Andrew Hinkelman
Chief Restructuring Officer

## Exhibit A

## Proposed Order

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| In re: | § § § | Chapter 11 |
| ADPT DFW HOLDINGS LLC, *et al.*,[1] | § § | Case No. 17-31432 |
| Debtors. | § § § | Jointly Administered under Case No. 17-31432 |

**ORDER GRANTING APPLICATION OF DEBTORS FOR ENTRY OF AN ORDER PURSUANT TO 11 U.S.C. §§ 327(a), 328 AND 1107(b), FED. R. BANKR. P. 2014 AND 2016, AND BANKRUPTCY LOCAL RULE 2014-1 AUTHORIZING RETENTION AND EMPLOYMENT OF NORTON ROSE FULBRIGHT US LLP AS COUNSEL TO THE DEBTORS, *NUNC PRO TUNC* TO THE PETITION DATE**

CAME ON to be considered the *Application of Debtors for Entry of an Order Pursuant to 11 U.S.C. §§ 327(a), 328 And 1107(b), Fed. R. Bankr. P. 2014 and 2016, and Bankruptcy Local Rule 2014-1 Authorizing Retention and Employment of Norton Rose Fulbright Us LLP as Counsel to the Debtors, Nunc Pro Tunc to the Petition Date (*the "Application"),[2] which was filed by the above-referenced debtors and debtors in possession (collectively, the "Debtors"). As

---

[1] The Debtors include all of the affiliated entities that are listed on the Appendix, attached hereto.

[2] All capitalized terms used but not otherwise defined in herein shall have the meanings ascribed to them in the Application.

more fully set forth in the Application, this Court finds that it has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; that consideration of the Application is a core proceeding pursuant to 28 U.S.C. §157(b); that venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; that due and proper notice of the Application has been provided to the necessary parties; that no other or further notice need be provided; that the relief sought in the Application is in the best interests of the Debtors, their creditors, and all parties in interest; that the Debtors have established just cause for the relief requested in the Application; and that, upon all of the proceedings had before the Court and after due deliberation and sufficient cause appearing therefore, it is hereby:

ORDERED that the Application is GRANTED; and it is further

ORDERED that the Debtors are hereby authorized to employ and retain NRFUS as counsel in the Debtors' chapter 11 cases on the terms and conditions set forth in the Application and the Strubeck Declaration, *nunc pro tunc* to the Petition Date; and it is further

ORDERED that NRFUS is authorized to perform any and all legal services for the Debtors that are necessary or appropriate in connection legal services described in the Application; and it is further

ORDERED that NRFUS shall apply for compensation for professional services rendered and reimbursement of expenses incurred in connection with the Debtors' chapter 11 cases in compliance with the applicable provisions of the Bankruptcy Code, the Federal Bankruptcy Rules, the Local Bankruptcy Rules, and any other applicable procedures and orders of the Court; and it is further

ORDERED that NRFUS shall make a reasonable effort to comply with the United States Trustee's requests for information and additional disclosures, both in connection with this

application and the interim and final fee applications to be filed by NRFUS in these chapter 11 cases; and it is further

ORDERED that the Debtors are authorized to take all actions necessary to effectuate the relief granted in this Order in accordance with the Application; and it is further

ORDERED that the Court shall retain jurisdiction to hear and determine all matters arising from the implementation of this Order.

### End of Order ###