**UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | § | |
|---|---|---|
| In re: | § | Chapter 11 |
| | § | |
| ADPT DFW HOLDINGS LLC, *et al.*, | § | Case No. 17-31432 |
| | § | |
| Debtors. | § | Jointly Administered under Case No. 17-31432 |
| | § | |

**GLOBAL NOTES AND STATEMENT OF LIMITATIONS, METHODOLOGY, AND
DISCLAIMERS REGARDING THE DEBTORS' SCHEDULES OF ASSETS AND
LIABILITIES AND STATEMENTS OF FINANCIAL AFFAIRS**

ADPT DFW Holdings LLC, *et al.*, the above-referenced debtors and debtors in possession (collectively, the "Debtors"), as debtors in possession in the above-captioned chapter 11 case, with assistance of their advisors, are filing their Schedules of Assets and Liabilities (the "Schedules") and Statements of Financial Affairs (the "Statements" or "SOFAs") in the Bankruptcy Court for the Northern District of Texas, (the "Bankruptcy Court") pursuant to section 521 of title 11 of the United States Code (the "Bankruptcy Code") and Rule 1007 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

These Global Notes and Statements of Limitations, Methodology, and Disclaimers Regarding the Debtors' Schedules and Statements (collectively, the "Global Notes") pertain to, are incorporated by reference in, and comprise an integral part of all of the Debtors' Schedules and Statements. The Global Notes should be referred to, considered, and reviewed in connection with any review of the Schedules and Statements.

The Statements and Schedules do not purport to represent financial statements prepared in accordance with Generally Accepted Accounting Principles in the United States ("GAAP"), nor are they intended to be fully reconciled with the financial statements of the Debtors. Additionally, the Statements and Schedules contain unaudited information that is subject to further review, potential adjustment, and reflect the Debtors' commercially reasonable efforts to report the assets and liabilities of each of the Debtors.

The Debtors and their agents, attorneys, and financial advisors do not guarantee or warrant the accuracy or completeness of the data that is provided herein and shall not be liable for any loss or injury arising out of or caused in whole or in part by the acts, errors, or omissions, whether negligent or otherwise, in procuring, compiling, collecting, interpreting, reporting, communicating, or delivering the information contained herein. While commercially reasonable efforts have been made to provide accurate and complete information herein, inadvertent errors or omissions may exist. The Debtors and their agents, attorneys, and financial advisors expressly does not undertake any obligation to update, modify, revise, or re-categorize the information provided herein, or to notify any third party should the information be updated, modified,

revised, or re-categorized. In no event shall the Debtors or their agents, attorneys, and financial advisors be liable to any third party for any direct, indirect, incidental, consequential, or special damages (including, but not limited to, damages arising from the disallowance of a potential claim against any Debtor or damages to business reputation, lost business, or lost profits), whether foreseeable or not and however caused, even if the Debtors or their agents, attorneys, and financial advisors are advised of the possibility of such damages.

Chief Restructuring Officer Andrew Hinkelman, has signed each of the Statements and Schedules. Mr. Hinkelman is an authorized signatory for the Debtors. In reviewing and signing the Statements and Schedules, Mr. Hinkelman has relied upon the efforts, statements, and representations of various personnel employed by the Debtors and their advisors. Mr. Hinkelman has not (and could not have) personally verified the accuracy of each statement and representation contained in the Statements and Schedules, including statements and representations concerning amounts owed to creditors, classification of such amounts, and creditor addresses.

## Global Notes and Overview of Methodology

1. **Reservation of Rights.** Reasonable efforts have been made to prepare and file complete and accurate Statements and Schedules; however, inadvertent errors or omissions may exist. The Debtors reserve all rights to (i) amend or supplement the Statements and Schedules from time to time, in all respects, as may be necessary or appropriate, including, without limitation, the right to amend the Statements and Schedules with respect to claim ("Claim") description or designation; (ii) dispute or otherwise assert offsets or defenses to any Claim reflected in the Statements and Schedules as to amount, liability, priority, status or classification; (iii) subsequently designate any Claim as "disputed," "contingent," or "unliquidated;" or object to the extent, validity, enforceability, priority, or avoidability of any Claim. Any failure to designate a Claim in the Statements and Schedules as "disputed," "contingent," or "unliquidated" does not constitute an admission by Debtor that such Claim or amount is not "disputed," "contingent," or "unliquidated." Listing a Claim does not constitute an admission of liability by the Debtor against which the Claim is listed. Furthermore, nothing contained in the Statements and Schedules shall constitute a waiver of rights with respect to each Debtor's chapter 11 case, including, without limitation, issues involving Claims, substantive consolidation, defenses, equitable subordination, and/or causes of action arising under the provisions of chapter 5 of the Bankruptcy Code and any other relevant non-bankruptcy laws to recover assets or avoid transfers. Any specific reservation of rights contained elsewhere in the Global Notes does not limit in any respect the general reservation of rights contained in this paragraph. Notwithstanding the foregoing, the Debtors shall not be required to update the Statements and Schedules except as may be required by applicable law.
2. **Description of the Case and "As Of" Information Date.** On April 19, 2017 (the "Petition Date"), each Debtor filed its voluntary petition for relief under chapter 11 of the Bankruptcy Code. The Debtors are operating their business as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. The asset information provided herein represents the asset data as of the close of business on April 19, 2017.

The liability information represents the liability data of the Debtors as of the close of business on April 19, 2017, except as otherwise noted.

3. **Net Book Value of Assets.** Unless otherwise indicated, the asset data contained in the Statements and Schedules reflect net book value as of April 19, 2017. Book values of assets prepared in accordance with GAAP generally do not reflect the current performance of the assets and may differ materially from the actual value of the underlying assets.

4. **Recharacterization.** Notwithstanding the Debtors' commercially reasonable efforts to properly characterize, classify, categorize, or designate certain Claims, assets, executory contracts, unexpired leases, and other items reported in the Statements and Schedules, the Debtors may nevertheless have improperly characterized, classified, categorized, designated, or omitted certain items due to the complexity and size of the Debtors' business. Accordingly, the Debtors reserve all of their rights to re-characterize, reclassify, recategorize, redesignate, add, or delete items reported in the Statements and Schedules at a later time as is necessary or appropriate as additional information becomes available, including, without limitation, whether contracts or leases listed herein were deemed executory or unexpired as of the Petition Date and remain executory and unexpired post petition. Disclosure of information in one or more Schedules, one or more Statement question, or one or more exhibits or attachments to the Statements and Schedules, even if incorrectly placed, shall be deemed to be disclosed in the correct Schedules, Statements, exhibits, or attachments.

5. **Liabilities.** The Debtors have sought to allocate liabilities between the prepetition and post-petition periods and between Debtor and Non-Debtor entities based on the information and research conducted in connection with the preparation of the Statements and Schedules. As additional information becomes available and further research is conducted, the allocation of liabilities between the prepetition and post-petition periods may change. Accordingly, each Debtor reserves all of its rights to amend, supplement, or otherwise modify its Statements and Schedules as is necessary or appropriate.

   The liabilities listed on the Schedules do not reflect any analysis of Claims under section 503(b)(9) of the Bankruptcy Code. Accordingly, the Debtors reserve all of their rights to dispute or challenge the validity of any asserted Claims under section 503(b)(9) of the Bankruptcy Code or the characterization of the structure of any such transaction or any document or instrument related to any creditor's Claim.

6. **Excluded Assets and Liabilities.** The Debtors have excluded certain categories of assets, tax accruals, and liabilities from the Statements and Schedules, including, without limitation, goodwill, accrued salaries, employee benefit accruals, and accrued accounts payable. The Debtors have also excluded certain assets and liabilities that they believe are property or obligations of Non-Debtor affiliates. The Debtors have also excluded rejection damage Claims of counterparties to executory contracts and unexpired leases that may or may not be rejected, to the extent such damage Claims exist. In addition, certain immaterial assets and liabilities may have been excluded.

The Bankruptcy Court has authorized (but not directed) the Debtors to pay, in their discretion, certain outstanding Claims on a post-petition basis. Prepetition liabilities that have been paid post-petition or those that each Debtor anticipates paying via this authorization have not been included in the Schedules. Please see the notes to Schedule E/F for additional information.

7. **Insiders.** For purposes of the Statements and Schedules, the Debtors defined "insiders" pursuant to section 101(31) of the Bankruptcy Code as: (a) directors; (b) officers; (c) persons in control of the Debtors; (d) relatives of the Debtors' directors, officers or persons in control of the Debtors; and (e) debtor/non-debtor affiliates of the foregoing. Persons listed as "insiders" have been included for informational purposes only and the inclusion of them in the Statements and Schedules, shall not constitute an admission that those persons are insiders for purposes of section 101(31) of the Bankruptcy Code. Moreover, the Debtors do not take any position with respect to: (a) any insider's influence over the control of the Debtors; (b) the management responsibilities or functions of any such insider; (c) the decision making or corporate authority of any such insider; or (d) whether the Debtors or any such insider could successfully argue that he or she is not an "insider" under applicable law or with respect to any theories of liability or for any other purpose.

8. **Intellectual Property Rights.** Exclusion of any intellectual property shall not be construed as an admission that such intellectual property rights have been abandoned, terminated, assigned, expired by their terms, or otherwise transferred pursuant to a sale, acquisition, or other transaction.

9. **Classifications**. Listing (a) a Claim on Schedule D as "secured," (b) a Claim on Schedule E/F as "priority," (c) a Claim on Schedule E/F as "unsecured," or (d) a contract on Schedule G as "executory" or "unexpired," does not constitute an admission by any Debtor of the legal rights of the claimant or a waiver of any Debtor's rights to re-characterize or reclassify such Claims or contracts or to setoff of such Claims.

10. **Claims Description.** Schedules D and E/F permit the Debtors to designate a Claim as "disputed," "contingent," and/or "unliquidated." Any failure to designate a Claim on the Statements and Schedules as "disputed," "contingent," or "unliquidated" does not constitute an admission by any Debtor that such amount is not "disputed," "contingent," or "unliquidated," or that such Claim is not subject to objection. The Debtors reserve all of their rights to dispute, or assert offsets or defenses to, any Claim reflected on their Statement and Schedules on any grounds, including liability or classification. Additionally, the Debtors expressly reserve all of their rights to subsequently designate such Claims as "disputed," "contingent" or "unliquidated." Moreover, listing a Claim does not constitute an admission of liability by the Debtor.

11. **Causes of Action.** Despite making commercially reasonable efforts to identify all known assets, the Debtors may not have listed all of their causes of action or potential causes of action against third-parties as assets in the Statements and Schedules, including, without limitation, causes of actions arising under the provisions of chapter 5 of the Bankruptcy Code and any other relevant non-bankruptcy laws to recover assets or avoid transfers.

4

The Debtors reserve all of their rights with respect to any cause of action (including avoidance actions), controversy, right of setoff, cross-claim, counterclaim, or recoupment and any claim on contracts or for breaches of duties imposed by law or in equity, demand, right, action, lien, indemnity, guaranty, suit, obligation, liability, damage, judgment, account, defense, power, privilege, license, and franchise of any kind or character whatsoever, known, unknown, fixed or contingent, matured or unmatured, suspected or unsuspected, liquidated or unliquidated, disputed or undisputed, secured or unsecured, assertable directly or derivatively, whether arising before, on, or after the Petition Date, in contract or in tort, in law or in equity, or pursuant to any other theory of law (collectively, "<u>Causes of Action</u>") it may have, and neither these Global Notes nor the Statements and Schedules shall be deemed a waiver of any claims or Causes of Action or in any way prejudice or impair the assertion of such claims or Causes of Action.

12. **Summary of Significant Reporting Policies.** The following is a summary of significant reporting policies

- <u>Undetermined Amounts</u>. The description of an amount as "unknown," "TBD," or "undetermined" is not intended to reflect upon the materiality of such amount.

- <u>Totals.</u> All totals that are included in the Statements and Schedules represent totals of all known amounts. To the extent there are unknown or undetermined amounts, the actual total maybe different than the listed total.

- <u>Paid Claims</u>. The Debtors were authorized (but not directed) to pay certain outstanding prepetition Claims pursuant to various orders entered by the Bankruptcy Court. The Debtors reserve all of their rights to amend or supplement the Statements and Schedules or take other action as is necessary or appropriate to avoid over-payment of or duplicate payments for any such liabilities. Please see notes to Schedule E/F for any additional information.

- <u>Liens</u>. Property and equipment listed in the Statements and Schedules are presented without consideration of any liens that may attach (or have attached) to such property and equipment.

13. **Currency.** Unless otherwise indicated, all amounts are reflected in U.S. dollars.

14. **Intercompany Payables and Receivables.** Intercompany receivables/payables are set forth on Schedules B and E/F, respectively. The listing by each Debtor of any account between a Debtor and another affiliate is a statement of what appears in the Debtors' books and records and does not reflect any admission or conclusion of any Debtor regarding the allowance, classification, characterization, validity, or priority of such account. The Debtors take no position in these Statements and Schedules as to whether such accounts would be allowed as a Claim, an Interest, or not allowed at all. The Debtors and all parties in interest reserve all rights with respect to such accounts.

15. **Setoffs.** The Debtors periodically incur certain setoffs in the ordinary course of business. Setoffs in the ordinary course can result from various items including, but not limited to,

5

intercompany transactions, pricing discrepancies, returns, refunds, negotiations and/or disputes between a Debtor and its customers and/or suppliers. These normal setoffs are consistent with the ordinary course of business in the Debtors' industry and can be particularly voluminous, making it unduly burdensome and costly for the Debtors to list such ordinary course setoffs. Therefore, although such setoffs and other similar rights may have been accounted for when scheduling certain amounts, these ordinary course setoffs are not independently accounted for, and as such, are or may be excluded from the Debtors' Statements and Schedules.

16. **Employee Addresses.** Current employee and director addresses have been reported as the Debtors' business address throughout the Statements and Schedules, where applicable.

17. **Debtors' Addresses.** For the purposes of the Statements and Schedules, all addresses for all Debtors have been reported as the Debtors' headquarters address in Lewisville, Texas.

18. **Joint Venture Obligations.** Through various first day motions, the Debtors sought and obtained relief to honor prepetition and post-petition obligations that the Debtors owe under certain joint venture agreements. As such, the Debtors' Statements of Financial Affairs and Schedules of Assets and Liabilities do not reflect assets, liabilities, revenue, and expenses of these non-Debtor joint venture entities.

19. **Houston HOPD Conversion.** Certain Houston facilities converted to operate under the license of the Houston Cy-Fair Hospital on October 11, 2016. To minimize the administrative burden, the respective Debtors used September 30, 2016 to split the assets, liabilities, revenue, and expenses of certain Houston facilities. With the exception of inventory, these Debtors record all assets and liabilities generated, revenue recognized, and expense incurred before conversion at the facility legal entity. All assets and liabilities generated, revenue recognized, and expense incurred after conversion are recorded at the Houston Cy-Fair Hospital legal entity.

20. **Global Notes Control.** In the event that the Schedules or Statements differ from any of the foregoing Global Notes, the Global Notes shall control.

**Specific Notes with Respect to Each Debtor's Statement of Financial Affairs**

1. **SOFA Question 1 – Gross revenue from business**

Each Debtor responded to this question with business revenue net of various adjustments and bad debt expense. For certain Houston locations, those Debtors recorded income recognized before September 30, 2016 at the legal entity of the facility. After September 30, 2016 those Debtors recorded revenue of those facilities at the Houston Cy-Fair

Hospital entity as those facilities began operating under the Houston Cy-Fair Hospital license as of October 11, 2016.

While commercially reasonable efforts have been made to split revenues between facility and professional services revenue, the Debtors began recording the appropriate income split June 1, 2015. As such, the income for the period beginning January 1, 2015 through May 31, 2015 includes facility and professional services revenue. Professional services revenue is related to NMP of Texas, which is a Non-Debtor.

For the period beginning January 1, 2016 through December 31, 2016, there was a correcting revenue adjustment. While commercially reasonable efforts have been made to split this write-off between individual Debtors, this adjustment is reported under ECC Management, LLC.

2. **SOFA Question 2 – Non-business revenue**

The Debtors maintain record of, but do not book sublease income for any facilities except for those associated with the Louisiana joint venture. As such the only entity with reported sublease income in the Statement of Financial Affairs is ADPT New Orleans Management LLC.

3. **SOFA Question 3 – Certain payments or transfers to creditors within 90 days before filing this case**

While commercially reasonable efforts have been made to split payments of the Debtor between obligations of the Debtor and debts of non-Debtor affiliates that the Debtor is obligated to pay under various joint venture agreements, certain payments including, but not limited to, bank fees, certain tax payments, and employee benefit payments could not be reasonably split and were reported as payments of the Debtor.

The Debtors maintain a centralized cash management system. The Debtors regularly sweep cash from non-Debtor accounts and make payments on behalf of non-Debtor affiliates. Payments listed in response to this question are listed at the entity for which the obligation was incurred, and not at the entity that issued payment.

The Debtors maintain record of corporate entity related payments, but do not book the related payments to the respective entity that retains the majority of the benefit. As the majority of corporate contracts are held at First Choice ER, LLC, corporate payments are reported under First Choice ER, LLC.

4. **SOFA Question 14 – Previous locations of the Debtor**

Each Debtor's response to this question lists only locations that the Debtor physically occupied and vacated. The Debtor's response does not include locations for which a Debtor entered into and subsequently terminated a lease.

5. **SOFA Question 15 – Healthcare bankruptcies**

The Debtor's response to the question "number of patients in debtor's care" is indicative of the number of admitted on April 19, 2017 patients and does not include out-patients under observation.

6. **SOFA Question 21 – Property held for another**

The Debtors maintain a centralized cash management system and regularly sweep cash from non-Debtor affiliates into the Debtors' concentration account.

7. **SOFA Question 26b – Books, records, and financial statements – List all firms, or individuals who have audited, compiled, or reviewed debtor's books of account and records or prepared a financial statement within 2 years before filing this case**

Due to financial distress during the months preceding the bankruptcy filing, the Debtors were unable to issue audited financial statements for the period beginning January 2016.

8. **SOFA Question 26d – Books, records, and financial statements – List all financial institutions, creditors, and other parties, including mercantile and trade agencies, to whom the debtor issued a financial statement within 2 years before filing this case**

The Debtors provided financial statements in the ordinary course of business to certain parties for business, statutory, credit, financing and other reasons. Recipients have included regulatory agencies, financial institutions, investment banks, debtholders, joint venture partners, and legal and financial advisors. Financial statements have also been provided to other parties as requested.

9. **SOFA Question 27 – Inventories**

Certain Houston facilities converted to operate under the Houston Cy-Fair Hospital license on October 11, 2016. Although some inventory listed in this question may have been purchased prior to the conversion date, all inventory recorded during counts after the conversion date are listed as property of the Houston Cy-Fair Hospital.

10. **SOFA Question 28 – Current Officers and Directors**

As of the Petition Date, each of the Debtors had active officers, including Gregory Scott (Chief Executive Officer), Frank Williams (Chief Financial Officer and Executive Vice President), and Michael Stephens (Executive Vice President).

11. **SOFA Question 29 – Former Officers and Directors**

Prior officers for each of the Debtors included Tom Hall (former Chief Executive Officer), Tim Fielding (former Chief Financial Officer), Graham Cherrington (former Chief Operating Officer), and David Pyle (former Executive Vice President).

END OF GLOBAL NOTES

**Fill in this information to identify the case:**

Debtor  ADPT DFW Holdings LLC

United States Bankruptcy Court for the: NORTHERN DISTRICT OF TEXAS

Case number  17-31432
(if known)

☐ Check if this is an amended filing

# Official Form 207

## Statement of Financial Affairs for Non-Individuals Filing for Bankruptcy  04/16

The debtor must answer every question. If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write the debtor's name and case number (if known).

| Part 1: | Income |
|---|---|

1. **Gross revenue from business**

   ☒ None

2. **Non-business revenue**
   Include revenue regardless of whether that revenue is taxable. *Non-business income* may include interest, dividends, money collected from lawsuits, and royalties. List each source and the gross revenue for each separately. Do not include revenue listed in line 1.

   ☒ None

| Part 2: | List Certain Transfers Made Before Filing for Bankruptcy |
|---|---|

3. **Certain payments or transfers to creditors within 90 days before filing this case**
   List payments or transfers—including expense reimbursements—to any creditor, other than regular employee compensation, within 90 days before filing this case unless the aggregate value of all property transferred to that creditor is less than $6,425. (This amount may be adjusted on 4/01/19 and every 3 years after that with respect to cases filed on or after the date of adjustment.)

   ☒ None

4. **Payments or other transfers of property made within 1 year before filing this case that benefited any insider**
   List payments or transfers, including expense reimbursements, made within 1 year before filing this case on debts owed to an insider or guaranteed or cosigned by an insider unless the aggregate value of all property transferred to or for the benefit of the insider is less than $6,425. (This amount may be adjusted on 4/01/19 and every 3 years after that with respect to cases filed on or after the date of adjustment.) Do not include any payments listed in line 3. *Insiders* include officers, directors, and anyone in control of a corporate debtor and their relatives; general partners of a partnership debtor and their relatives; affiliates of the debtor and insiders of such affiliates; and any managing agent of the debtor. 11 U.S.C. § 101(31).

   ☒ None

5. **Repossessions, foreclosures, and returns**
   List all property of the debtor that was obtained by a creditor within 1 year before filing this case, including property repossessed by a creditor, sold at a foreclosure sale, transferred by a deed in lieu of foreclosure, or returned to the seller. Do not include property listed in line 6.

   ☒ None

6. **Setoffs**
   List any creditor, including a bank or financial institution, that within 90 days before filing this case set off or otherwise took anything from an account of the debtor without permission or refused to make a payment at the debtor's direction from an account of the debtor because the debtor owed a debt.

   ☒ None

| Part 3: | Legal Actions or Assignments |
|---|---|

7. **Legal actions, administrative proceedings, court actions, executions, attachments, or governmental audits**
   List the legal actions, proceedings, investigations, arbitrations, mediations, and audits by federal or state agencies in which the debtor was involved in any capacity-within 1 year before filing this case.

   ☒ None

| Debtor | ADPT DFW Holdings LLC | Case number (if known) | 17-31432 |
|---|---|---|---|
| | (Name) | | |

8. **Assignments and receivership**
   List any property in the hands of an assignee for the benefit of creditors during the 120 days before filing this case and any property in the hands of a receiver, custodian, or other court-appointed officer within 1 year before filing this case.
   ☒ None

### Part 4: Certain Gifts and Charitable Contributions

9. **List all gifts or charitable contributions the debtor gave to a recipient within 2 years before filing this case unless the aggregate value of the gifts to that recipient is less than $1,000**
   ☒ None

### Part 5: Certain Losses

10. **All losses from fire, theft, or other casualty within 1 year before filing this case.**
    ☒ None

### Part 6: Certain Payments or Transfers

11. **Payments related to bankruptcy**
    List any payments of money or other transfers of property made by the debtor or person acting on behalf of the debtor within 1 year before the filing of this case to another person or entity, including attorneys, that the debtor consulted about debt consolidation or restructuring, seeking bankruptcy relief, or filing a bankruptcy case.
    ☒ None

12. **Self-settled trusts of which the debtor is a beneficiary**
    List any payments or transfers of property made by the debtor or a person acting on behalf of the debtor within 10 years before the filing of this case to a self-settled trust or similar device.
    Do not include transfers already listed on this statement.
    ☒ None

13. **Transfers not already listed on this statement**
    List any transfers of money or other property—by sale, trade, or any other means—made by the debtor or a person acting on behalf of the debtor within 2 years before the filing of this case to another person, other than property transferred in the ordinary course of business or financial affairs.
    Include both outright transfers and transfers made as security. Do not include gifts or transfers previously listed on this statement.
    ☐ None

| Who received transfer? | Description of property transferred or payments received or debts paid in exchange | Dates transfer was made | Total amount or value |
|---|---|---|---|
| FTH DFW PARTNERS  **Relationship to debtor** JOINT VENTURE | REDUCTION IN AR OWED FROM JV (NO ACTUAL CASH CONTRIBUTED) | 3/1/2017 | $2,752,482.89 |

### Part 7: Previous Locations

14. **Previous addresses**
    List all previous addresses used by the debtor within 3 years before filing this case and the dates the addresses were used.
    ☒ Does not apply

### Part 8: Health Care Bankruptcies

15. **Health Care bankruptcies**
    Is the debtor primarily engaged in offering services and facilities for:
    — diagnosing or treating injury, deformity, or disease, or
    — providing any surgical, psychiatric, drug treatment, or obstetric care?
    ☒ None

### Part 9: Personal Identifiable Information

16. **Does the debtor collect and retain personally identifiable information of customers?**
    ☒ No.
    ☐ Yes. State the nature of the information collected and retained.

| Official Form 207 | **Statement of Financial Affairs for Non-Individuals Filing for Bankruptcy** | Page 2 of 6 |
|---|---|---|

17. **Within 6 years before filing this case, have any employees of the debtor been participants in any ERISA, 401(k), 403(b), or other pension or profit-sharing plan made available by the debtor as an employee benefit?**
    ☒ No. Go to Part 10.
    ☐ Yes. Does the debtor serve as plan administrator?
       ☒ No. Go to Part 10.
       ☐ Yes. Fill in below:

### Part 10: Certain Financial Accounts, Safe Deposit Boxes, and Storage Units

18. **Closed financial accounts**
    Within 1 year before filing this case, were any financial accounts or instruments held in the debtor's name, or for the debtor's benefit, closed, sold, moved, or transferred?
    Include checking, savings, money market, or other financial accounts; certificates of deposit; and shares in banks, credit unions, brokerage houses, cooperatives, associations, and other financial institutions.
    ☒ None

19. **Safe deposit boxes**
    List any safe deposit box or other depository for securities, cash, or other valuables the debtor now has or did have within 1 year before filing this case.
    ☒ None

20. **Off-premises storage**
    List any property kept in storage units or warehouses within 1 year before filing this case. Do not include facilities that are in a part of a building in which the debtor does business.
    ☒ None

### Part 11: Property the Debtor Holds or Controls That the Debtor Does Not Own

21. **Property held for another**
    List any property that the debtor holds or controls that another entity owns. Include any property borrowed from, being stored for, or held in trust. Do not list leased or rented property.
    ☒ None

### Part 12: Details About Environmental Information

For the purpose of Part 12, the following definitions apply:
- *Environmental law* means any statute or governmental regulation that concerns pollution, contamination, or hazardous material, regardless of the medium affected (air, land, water, or any other medium).
- *Site* means any location, facility, or property, including disposal sites, that the debtor now owns, operates, or utilizes or that the debtor formerly owned, operated, or utilized.
- *Hazardous material* means anything that an environmental law defines as hazardous or toxic, or describes as a pollutant, contaminant, or a similarly harmful substance.

**Report all notices, releases, and proceedings known, regardless of when they occurred.**

22. **Has the debtor been a party in any judicial or administrative proceeding under any environmental law?** Include settlements and orders.
    ☒ No
    ☐ Yes. Provide details below.

23. **Has any governmental unit otherwise notified the debtor that the debtor may be liable or potentially liable under or in violation of an environmental law?**
    ☒ No
    ☐ Yes. Provide details below.

24. **Has the debtor notified any governmental unit of any release of hazardous material?**
    ☒ No
    ☐ Yes. Provide details below.

### Part 13: Details About the Debtor's Business or Connections to Any Business

Debtor  ADPT-DFW Holdings LLC                                    Case number (if known) 17-31432
        (Name)

25. **Other businesses in which the debtor has or has had an interest**
    List any business for which the debtor was an owner, partner, member, or otherwise a person in control within 6 years before filing this case. Include this information even if already listed in the Schedules.
    ☐ None

| Business name and address | Describe the nature of the business | Employer Identification number<br>Do not include Social Security number or ITIN. |
|---|---|---|
| ADPT-DFW MPT HOLDINGS LLC<br>2941 LAKE VISTA DR.<br>LEWISVILLE, TX  75067 | HEALTHCARE | 81-0772445<br>**Date business existed**<br>From 9/30/2015    To PRESENT |
| ADPT-DFW RE HOLDINGS LLC<br>2941 LAKE VISTA DR.<br>LEWISVILLE, TX  75067 | HEALTHCARE | 81-0785981<br>**Date business existed**<br>From 9/30/2015    To PRESENT |
| FTH DFW PARTNERS LLC<br>2941 LAKE VISTA DR.<br>LEWISVILLE, TX  75067 | JOINT VENTURE WITH TEXAS HEALTH RESOURCES | 47-3426036<br>**Date business existed**<br>From 5/10/2016    To PRESENT |

26. **Books, records, and financial statements**
    26a. List all accountants and bookkeepers who maintained the debtor's books and records within 2 years before filing this case.
    ☐ None

| Name and address | Dates of service |
|---|---|
| CHRISTINA D SMITH<br>2941 LAKE VISTA DR.<br>LEWISVILLE, TX 75067-3801 | From 10/18/2016    To PRESENT |
| FRANK WILLIAMS<br>2941 LAKE VISTA DR.<br>LEWISVILLE, TX 75067-3801 | From 8/15/2016    To PRESENT |
| JEFF VINES<br>2941 LAKE VISTA DR.<br>LEWISVILLE, TX 75067-3801 | From 3/10/2014    To 9/9/2016 |
| KAREN COPE<br>2941 LAKE VISTA DR.<br>LEWISVILLE, TX 75067-3801 | From 10/9/2012    To PRESENT |
| TIM FIELDING<br>2941 LAKE VISTA DR.<br>LEWISVILLE, TX 75067-3801 | From 3/4/2013    To 12/2/2016 |

26b. List all firms or individuals who have audited, compiled, or reviewed debtor's books of account and records or prepared a financial statement within 2 years before filing this case.
☐ None

| Name and address | Dates of service |
|---|---|
| KPMG<br>PO BOX 120754<br>DALLAS, TX  75312-0754 | From 2014    To PRESENT |
| MONTGOMERY COSCIA GREILICH LLP<br>2500 DALLAS PARKWAY<br>SUITE 300<br>PLANO, TX  75093 | From 2015    To PRESENT |

26c. List all firms or individuals who were in possession of the debtor's books of account and records when this case is filed.
☐ None

| Name and address | If any books of account and records are unavailable, explain why |
|---|---|
| CHRISTINA D SMITH<br>2941 LAKE VISTA DR.<br>LEWISVILLE, TX 75067-3801 | |
| FRANK WILLIAMS<br>2941 LAKE VISTA DR.<br>LEWISVILLE, TX 75067-3801 | |

Official Form 207            **Statement of Financial Affairs for Non-Individuals Filing for Bankruptcy**            Page 4 of 6

| Name and address | If any books of account and records are unavailable, explain why |
|---|---|
| KAREN COPE<br>2941 LAKE VISTA DR.<br>LEWISVILLE, TX 75067-3801 | |

26d. List all financial institutions, creditors, and other parties, including mercantile and trade agencies, to whom the debtor issued a financial statement within 2 years before filing this case.

☐ None

| Name and address |
|---|
| SEE GLOBAL NOTES |

27. **Inventories**
Have any inventories of the debtor's property been taken within 2 years before filing this case?

☐ None

| Name of the person who supervised the taking of the inventory | Date of inventory | The dollar amount and basis (cost, market, or other basis) of each inventory |
|---|---|---|
| JENNIFER WAGNER | 12/29/2016 | $0.00 LOWER OF COST OR MARKET |
| **Name and address of the person who has possession of inventory records**<br>JENNIFER WAGNER<br>2941 LAKE VISTA DR.<br>LEWISVILLE, TX 75067-3801 | | |
| JENNIFER WAGNER | 3/30/2017 | $0.00 LOWER OF COST OR MARKET |
| **Name and address of the person who has possession of inventory records**<br>JENNIFER WAGNER<br>2941 LAKE VISTA DR.<br>LEWISVILLE, TX 75067-3801 | | |

28. **List the debtor's officers, directors, managing members, general partners, members in control, controlling shareholders, or other people in control of the debtor at the time of the filing of this case.**

☐ None

| Name | Address | Position and nature of any interest | % of interest, if any |
|---|---|---|---|
| ADEPTUS HEALTH VENTURES LLC | 2941 LAKE VISTA DR.<br>LEWISVILLE, TX 75067-3801 | MEMBER | 100% |

29. **Within 1 year before the filing of this case, did the debtor have officers, directors, managing members, general partners, members in control of the debtor, or shareholders in control of the debtor who no longer hold these positions?**

☒ None

30. **Payments, distributions, or withdrawals credited or given to insiders**
Within 1 year before filing this case, did the debtor provide an insider with value in any form, including salary, other compensation, draws, bonuses, loans, credits on loans, stock redemptions, and options exercised?

☒ None

31. **Within 6 years before filing this case, has the debtor been a member of any consolidated group for tax purposes?**

☐ None

| Name of the parent corporation | Employer identification number of the parent corporation. |
|---|---|
| ADEPTUS HEALTH LLC | 32-0432716 |

32. **Within 6 years before filing this case, has the debtor as an employer been responsible for contributing to a pension fund?**

☒ None

| Part 14: | Signature and Declaration |
|---|---|

**WARNING** -- Bankruptcy fraud is a serious crime. Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

I have examined the information in this *Statement of Financial Affairs* and any attachments and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on 5/23/2017

✗ /s/ Andrew Hinkelman                                         Andrew Hinkelman
Signature of individual signing on behalf of the debtor        Printed Name

Chief Restructuring Officer
Position or relationship to debtor

**Are additional pages to** *Statement of Financial Affairs for Non-Individuals Filing for Bankruptcy* **(Official Form 207) attached?**
☒ No
☐ Yes