# **EXHIBIT A**

**Proposed AHI Plan Term Sheet**

ADEPTUS HEALTH INC.
TERM SHEET FOR CHAPTER 11 PLAN OF REORGANIZATION

THIS TERM SHEET (THIS "TERM SHEET") CONTAINS THE MATERIAL TERMS AND CONDITIONS OF A POTENTIAL CHAPTER 11 PLAN OF REORGANIZATION FOR ADEPTUS HEALTH INC. ("AHI") CONTAINING THE TERMS AND CONDITIONS SET FORTH BELOW. THIS TERM SHEET IS NOT AN OFFER OR A SOLICITATION WITH RESPECT TO ANY SECURITIES OF AHI, NOR IS IT A SOLICITATION OF THE ACCEPTANCE OR REJECTION OF A CHAPTER 11 PLAN FOR PURPOSES OF SECTIONS 1125 AND 1126 OF THE BANKRUPTCY CODE. ANY SUCH OFFER OR SOLICITATION SHALL COMPLY WITH ALL APPLICABLE SECURITIES LAWS AND/OR PROVISIONS OF THE BANKRUPTCY CODE. THIS TERM SHEET IS NOT A BINDING COMMITMENT OF ANY KIND AND DOES NOT ADDRESS ALL MATERIAL TERMS THAT WOULD BE REQUIRED IN CONNECTION WITH ANY POTENTIAL RESTRUCTURING.

| **SUMMARY OF PLAN TREATMENT** | |
|---|---|
| DIP Facility Claims | Pursuant to the Plan, each holder of an allowed claim arising under the DIP Facility shall receive, in full satisfaction, settlement, discharge and release of, and in exchange for, such claim, repayment in full. The amount of the DIP Facility Claims shall not be the total amount drawn under the DIP Facility but shall only be that portion drawn under the DIP Facility that has resulted in a benefit to AHI's estate. |
| Administrative Claims | Pursuant to the Plan, each holder of an allowed administrative claim, including, without limitation, a claim of the type described in section 503(b)(9) of the Bankruptcy Code, to the extent such claim has not already been paid during the Chapter 11 Cases (each, an "Allowed Administrative Claim"), shall receive, in full satisfaction, settlement, discharge and release of, and in exchange for, such Allowed Administrative Claim, payment in full in cash of the due and unpaid portion of its Allowed Administrative Claim on the later of (x) the Effective Date (or as soon thereafter as reasonably practicable) or (y) the date (i) such claim becomes due and allowed or as otherwise allowed by the Bankruptcy Court, or (ii) the amount of the claim is otherwise agreed to by AHI post-Effective Date and the holder of such Allowed Administrative Claim. Such allowed administrative claims shall be determined based on the allocable share of such claims properly charged to the AHI estate. |
| Priority Tax Claims | Pursuant to the Plan, each holder of an allowed claim described in section 507(a)(8) of the Bankruptcy Code, to the extent such claim has not already been paid during the Chapter 11 Cases (each, an "Allowed Priority Tax Claim"), shall receive, in full and final satisfaction, compromise, settlement, release, and discharge of its claim, payments in cash in a manner consistent with section 1129(a)(9)(C) of the Bankruptcy Code. In the event an Allowed Priority Tax Claim is also a Secured Tax Claim, such Claim shall, to the extent it is Allowed, be treated as an Other Secured Claim if such Claim is not otherwise paid in full. |

1

| | |
|---|---|
| Other Secured Claims<br><br>Unimpaired – Deemed to Accept | Pursuant to the Plan, each holder of an allowed prepetition secured claim, to the extent such claim has not already been paid during the Chapter 11 Cases, (each, an "Other Secured Claim") shall receive, in full satisfaction, settlement, discharge and release of, and in exchange for, such Other Secured Claim (a) payment in full in cash of the due and unpaid portion of its Other Secured Claim on the later of (x) the Effective Date (or as soon thereafter as reasonably practicable) or (y) the date such claim becomes due and allowed or as otherwise allowed by the Bankruptcy Code or agreed to by AHI and the holder of such Other Secured Claim, (b) a return of the holder's collateral securing the Other Secured Claim, (c) such treatment required under section 1124(2) of the Bankruptcy Code for such Other Secured Claim to be rendered unimpaired or (d) such other treatment as agreed to by AHI and the holder of such Other Secured Claim. |
| Other Priority Claims<br><br>Unimpaired – Deemed to Accept | Pursuant to the Plan, each holder of an allowed claim described in section 507(a) of the Bankruptcy Code (other than a Priority Tax Claim), to the extent such claim has not already been paid during the Chapter 11 Cases (each, an "Allowed Other Priority Claim"), shall receive, as a agreed to by AHI in full satisfaction, settlement, discharge and release of, and in exchange for, such claim, payment in full in cash of the due and unpaid portion of its Allowed Other Priority Claim on the later of (x) the Effective Date (or as soon thereafter as reasonably practicable) or (y) the date such claim becomes due and allowed or as otherwise allowed by the Bankruptcy Code or agreed to by AHI and the holder of Allowed Other Priority Claims. |
| General Unsecured Claims<br><br>Impaired – [Deemed to Reject] | Pursuant to the Plan, each holder of an allowed General Unsecured Claim shall be discharged, cancelled, released, and extinguished as of the Effective Date, and shall be of no further force or effect, and holders of Allowed General Unsecured Claims shall receive its Pro Rata share of the proceeds of the Litigation Trust to be paid pursuant to the Litigation Trust Waterfall, except to the extent that a holder of an Allowed General Unsecured Claim has been paid prior to the Effective Date or agrees to a less favorable classification and treatment. |
| Subordinated 510(b) Claims<br><br>Impaired – Allowed to Vote | Pursuant to the Plan, all holders of Subordinated 510(b) Claims shall be provided relief from the stay imposed by Bankruptcy Code section 362 to pursue their Subordinated 510(b) Claims solely to seek proportionate recovery from the applicable insurance policies. To the extent that insurance is unavailable or insufficient to cover such Allowed Subordinated 510(b) Claims, holders of such Subordinated 510(b) Claims shall waive any right to receive a recovery from AHI or the Litigation Trust. |
| Subordinated Non-510(b) Claims<br><br>Impaired – Allowed to Vote | Pursuant to the Plan, each holder of an allowed Subordinated Non-510(b) Claim shall be discharged, cancelled, released, and extinguished as of the Effective Date, and shall be of no further force or effect, and holders of Allowed Subordinated Non-510(b) Claims shall receive its Pro Rata share of the proceeds of the Litigation Trust to be paid pursuant to the Litigation Trust Waterfall, except to the extent that a holder of an Allowed Subordinated Non-510(b) Claim has been paid prior to the Effective Date or agrees to a less favorable classification and treatment. |

| | |
|---|---|
| Existing Preferred Equity Interests<br><br>Impaired – Allowed to Vote | Pursuant to the Plan, on the Effective Date, all Existing Preferred Equity Interests in AHI shall be extinguished and cancelled without further action by or order of the Bankruptcy Court.  Each holder of an Allowed Existing Common Equity Interest shall receive its Pro Rata share of the proceeds of the Litigation Trust pursuant to the Litigation Trust Waterfall. |
| Existing Common Equity Interests<br><br>Impaired – Allowed to Vote | Pursuant to the Plan, on the Effective Date, all Existing Common Equity Interests in AHI shall be extinguished and cancelled without further action by or order of the Bankruptcy Court.  Each holder of an Allowed Existing Common Equity Interest shall receive its Pro Rata share of the proceeds of the Litigation Trust pursuant to the Litigation Trust Waterfall. |
| **MEANS OF IMPLEMENTATION** | |
| Exit Financing | Pursuant to the Plan, on the Effective Date, holders of claims and equity interests in AHI will be offered the opportunity to provide litigation financing to the Litigation Trust.  The Litigation Trustee will use such financing to fund the operations of the Litigation Trust, which would include (a) prosecution of the claims and causes of action transferred to the Trust and (b) to the extent not already cancelled or extinguished pursuant to any plan of Adeptus Health LLC, its interests in Adeptus Health LLC. |
| Liquidating Trust | On the Effective Date, the Liquidating Trust shall be created and shall be vested with the Liquidating Trust Assets.<br><br>The governance of the Liquidating Trust shall be determined by the Liquidating Trust Requisite Funders. |
| GUC Claims Purchase | If the Creditors' Committee consents to the Equity Committee's Exclusivity Termination Motion, then the Litigation Trust Funders shall offer to acquire Allowed Eligible Subsidiary General Unsecured Claims at 50% of the face amount of such Allowed Eligible Subsidiary General Unsecured Claims up to a maximum consideration amount of $25 million. Pursuant to the GUC Claims Purchase, the Litigation Trust Funders will also acquire any rights or interests that any holder of an Allowed Eligible Subsidiary General Unsecured Claim that accepts the GUC Claims Purchase may obtain on account of such Allowed Eligible Subsidiary General Unsecured Claims pursuant to any chapter 11 plan of reorganization confirmed and consummated by the obligor of such Allowed Eligible Subsidiary General Unsecured Claim, including any Litigation Trust interest.  The GUC Claims Purchase will be consummated upon the Effective Date of the Plan and satisfaction of the claims assignment procedures set forth in Bankruptcy Rule 3001.<br><br>The Litigation Trust Funders will have no obligation to acquire the Allowed Eligible Subsidiary General Unsecured Claims if the Bankruptcy Court denies confirmation of the Plan, the Effective Date does not occur with 120 days of confirmation of the Plan, the Plan is withdrawn or the order confirming the Plan is revoked.<br><br>The Litigation Trust Funders shall solicit the purchase of Allowed Eligible |

3

| | |
|---|---|
| | Subsidiary General Unsecured Claims during the period between confirmation and the Effective Date of the Plan. |
| Executory Contracts | The Plan will provide for either the termination or rejection of the TRA.<br><br>The Plan will provide for either the termination or rejection of the MPT Leases in their entirety or, to the extent permissible under applicable law or agreement of the Equity Committee and MPT, partial assumption and rejection of the MPT Leases. |
| Substantive Consolidation | The Plan will not provide for the substantive consolidation of AHI's estate with the estate of any of its subsidiary debtors. |
| **OTHER TERMS OF THE RESTRUCTURING TRANSACTION** | |
| Litigation Trust Causes of Action | Pursuant to the Plan, all Litigation Trust Causes of Action, including claims or causes of action of AHI, including without limitation all claims and causes of action pursuant to or arising under chapter 5 of the Bankruptcy Code, shall vest with the Litigation Trust upon the Effective Date. |
| TRA Counterparties Claims and Interests | The Plan will be deemed an objection to the claims and interests held by the TRA Counterparties, including but not limited to any claims arising under the TRA and the Existing Preferred Equity Interests. Distributions will not be made to any TRA Counterparty on account of its claims against and interests in AHI until entry of a Final Order authorizing the Litigation Trustee to make such a Plan distribution to such party. Until entry of such an order, distributions on account of claims or interests held by TRA Counterparties will be held by the Litigation Trustee in a disputed claims reserve to be established pursuant to the Plan. |
| Adeptus Health LLC Interests | Pursuant to the Plan, AHI's interests in Adeptus Health LLC shall be Litigation Trust Assets which vest with the Litigation Trust upon the Effective Date. As of the Effective Date, the Litigation Trust shall be deemed the managing member of Adeptus Health LLC to the extent that AHI was the managing member of Adeptus Health LLC as of the Effective Date and shall have all the rights and powers as the managing member of Adeptus Health LLC. |
| Releases & Exculpation | The Plan shall not contain any releases by holders of claims or interests of AHI.<br><br>The Equity Committee and its members and professionals shall be exculpated from any and all claims and causes of action relating to the administration of AHI's chapter 11 cases. |
| Injunction / Discharge | The Plan and all other Plan Documents shall contain injunction provisions and discharge provisions that are satisfactory to the Equity Committee. |
| Cancellation of Instruments, | On the Effective Date, except to the extent otherwise provided herein or in the Plan, all instruments, certificates, and other documents evidencing debt |

4

| | |
|---|---|
| Certificates, and Other Documents | or equity interests in AHI shall be cancelled, and the obligations of AHI thereunder, or in any way related thereto, shall be discharged. |
| Conditions Precedent to the Occurrence of the Effective Date | The Plan shall contain customary conditions precedent to confirmation of the Plan and the Effective Date, as well as such other conditions precedent satisfactory to the EC, including, without limitation, the following:<br><br>(i) the Plan, the other Plan Documents and the Plan Supplement shall each be acceptable to the Equity Committee and the Litigation Trust Requisite Funders, and shall be in full force and effect;<br>(ii) the DIP Facility Claims against AHI shall be allowed against AHI in an amount acceptable to the Litigation Trust Requisite Funders following AHI's relief from the Final DIP Order pursuant to Rule 9024 of the Federal Rules of Bankruptcy Procedure or an order of the Bankruptcy Court directing the holders of the DIP Facility Claims to marshal their recovery on the DIP Facility Claims exclusively from the assets of AHI's subsidiaries;<br>(iii) claims allowable against AHI under Bankruptcy Code section 503(b)(1)(A) shall not exceed an amount acceptable to the Litigation Trust Requisite Funders;<br>(iv) the Bankruptcy Court shall have entered an order, following the commencement of an adversary proceeding pursuant to Bankruptcy Rule 7001(2) determining that the AHI estate has the exclusive interest in (a) the claims and causes of action against the TRA Counterparties for avoidance and recovery of the transfers made by (or on behalf of) AHI to such parties of the IPO and secondary offering proceeds; and (b) the claims and causes of action against AHI's current and former officers, directors and insiders for damages suffered by AHI's estate resulting from such individual's wrongful acts both prior to and following the Petition Date (including, but not limited to, the use of the IPO and secondary offering proceeds to acquire the AHLLC membership interests from the TRA Counterparties);<br>(v) the Bankruptcy Court shall have entered the Confirmation Order in form and substance acceptable to the Equity Committee and the Litigation Trust Requisite Funders, and such order shall not have been stayed or modified or vacated on appeal; and<br>(vi) all governmental approvals and consents, including Bankruptcy Court approval, that are legally required for the consummation of the Plan, as applicable, shall have been obtained, not be subject to unfulfilled conditions and be in full force and effect.<br><br>The conditions to effectiveness of the Plan may be waived in writing by the Equity Committee. |
| Other Terms and Conditions | The Plan and the Plan Supplement shall contain such other terms and conditions satisfactory to the Equity Committee and the Litigation Trust Requisite Funders. |

5

## ANNEX A
## CERTAIN DEFINED TERMS

As used in this Term Sheet, the terms set forth below shall have the meanings ascribed as follows:

| | |
|---|---|
| "Confirmation Order" | An Order of the Bankruptcy Court confirming the Plan pursuant to Section 1129 of Bankruptcy Code, which order (and any exhibits, appendices and related documents) shall be in form and substance acceptable to the Equity Committee. |
| "Deerfield" | Means Deerfield Private Design Fund IV, L.P., Deerfield Partners, L.P., and Deerfield International Master Fund, L.P, as lenders under the Prepetition Credit Agreement and any of their successors and assigns. |
| "Effective Date" | The date upon which all conditions precedent to the effectiveness of the Plan are satisfied or waived in accordance with the terms of the Plan, as the case may be. |
| "Eligible Subsidiary General Unsecured Claims" | Means the general unsecured claims held by creditors against the subsidiary debtors of AHI, other than claims held by Deerfield, MPT, Sterling, McKesson, any current or former insider of AHI or any subsidiary debtor, any current or former patient asserting a consumer fraud claim, any TRA Counterparty, or any counterparty to an unexpired lease or executory contract asserting a rejection damage claim. |
| "Equity Interests" | All equity interests, including common stock, limited liability company interests, limited partnership interests and any other equity, ownership or profits interests, and options, warrants or other agreements to acquire common stock, limited liability company interests, limited partnership interests or other equity, ownership or profits interests (whether or not arising under or in connection with any employment agreement). |
| "Exclusivity Termination Motion" | Means the motion of the Equity Committee to terminate AHI's exclusive right to propose and solicit acceptances for a chapter 11 plan of reorganization pursuant to Bankruptcy Code section 1121 as a debtor-in-possession. |
| "Final Order" | An order or judgment of the Bankruptcy Court (or any other court of competent jurisdiction) entered by the Clerk of the Bankruptcy Court (or such other court) on the docket in the Chapter 11 Cases (or the docket of such other court), which has not been modified, amended, reversed, vacated or stayed and as to which (a) the time to appeal, petition for certiorari, or move for a new trial, stay, reargument or rehearing has expired and as to which no appeal, petition for certiorari or motion for new trial, stay, reargument or rehearing shall then be pending or (b) if an appeal, writ of certiorari, new trial, stay, reargument or rehearing thereof has been sought, such order or judgment of the Bankruptcy Court (or other court of competent jurisdiction) shall have been affirmed by the highest court to which such order was appealed, or certiorari shall have been denied, or a new trial, stay, reargument or rehearing shall have been denied or resulted in no modification of such order, and the time to take any |

| | |
|---|---|
| | further appeal, petition for certiorari or move for a new trial, stay, reargument or rehearing shall have expired, as a result of which such order shall have become final in accordance with Rule 8002 of the Federal Rules of Bankruptcy Procedure; provided, that the possibility that a motion under Rule 60 of the Federal Rules of Civil Procedure, or any analogous rule under the Federal Rules of Bankruptcy Procedure, may be filed relating to such order, shall not cause an order not to be a Final Order. |
| "General Unsecured Claim" | Any claim against AHI that is not any of the following claims: (i) an Other Secured Claim and/or a claim that is otherwise secured pursuant to section 506(a) of the Bankruptcy Code, (ii) a claim that is subordinated pursuant to section 510 of the Bankruptcy Code, (iii) an Administrative Claim, Priority Tax Claim, Other Priority Claim and/or a claim that is otherwise entitled to priority under section 503(b) or section 507(a) of the Bankruptcy Code, or (iv) a DIP Loan Claim that is secured. |
| "GUC Claims Purchase" | Means the offer of the Litigation Trust Funders to acquire the Eligible Subsidiary General Unsecured Claims. |
| "Litigation Trust" | Means the Litigation Trust established pursuant to the Plan and the Litigation Trust Agreement. |
| "Litigation Trust Agreement" | Means the Litigation Trust Agreement, as may be amended, supplemented, restated or otherwise modified from time to time pursuant to the terms thereof, the form of which shall be subject to approval of the Litigation Trust Requisite Funders. |
| "Litigation Trust Assets" | Means the Litigation Trust Initial Funding, subject to deduction thereof from time to time in accordance with the terms of the Plan, the Litigation Trust Causes of Action that have not already been settled as of the Effective Data and AHI's interests in Adeptus Health LLC. |
| "Litigation Trust Beneficiaries" | Means the holders of Allowed General Unsecured Claims and Existing Equity Interests, as holders of Litigation Trust Interests. |
| "Litigation Trust Causes of Action" | Means all claims and causes of action of AHI against third parties and its affiliates, and the proceeds thereof, in any case to the extent such claims and causes of action are not released pursuant to the Plan. |
| "Litigation Trust Funders" | Means the holders of Allowed General Unsecured Claims and Existing Equity Interests that agreed to fund the Litigation Trust pursuant to the Litigation Trust Agreement. |
| "Litigation Trust Interests" | Means the beneficial interests in the Litigation Trust. |
| "Litigation Trust Repayment Distributions" | Means the repayment of the Litigation Trust Initial Funding, plus an appropriate return thereon to be agreed upon, from the proceeds of the Litigation Trust in accordance with the Plan and the Litigation Trust Agreement. The Litigation Trust Repayment Distributions shall be made from proceeds of the Litigation Trust after fees and expenses of the Litigation Trust are paid in accordance with the Plan and the Litigation Trust Agreement. |

| "Litigation Trust Requisite Funders" | Means holders of 50% of the claims against the Litigation Trust for repayment of the Litigation Trust Repayment Distributions. |
|---|---|
| "Litigation Trust Waterfall" | Means the distributions from the Litigation Trust to the Litigation Trust Beneficiaries as follows: *first*, to pay the fees and expenses of the Litigation Trust in full, *second*, to pay the Litigation Trust Repayment Distributions, in full, *third*, to pay, Pro Rata, the holders of Allowed General Unsecured Claims until such Claims are paid in full, plus interest; *fourth*, to pay, Pro Rata, the holders of Allowed Subordinated Non-510(b) Claims until such Claims are paid in full, plus interest; and *fifth*, Existing Equity Interests.<br><br>The priority of payment *vis a vis* the Existing Preferred Equity Interests and Existing Common Equity Interests will be determined in accordance with the applicable organizational documents of AHI and the certificate of designation applicable to the Existing Preferred Equity Interests. |
| "McKesson" | Means PST Services, Inc., McKesson Corporation, and each of their respective subsidiaries and affiliates. |
| "Plan Supplement" | The compilation of documents and forms of documents, schedules, and exhibits to be filed on the date that is ten (10) days prior to the confirmation hearing, pursuant to and as contemplated in the Plan, as amended, modified or supplemented from time to time in accordance with the terms hereof an in accordance with the Bankruptcy Code and the Bankruptcy Rules, which shall be in form and substance acceptable to the Equity Committee. |
| "Professional" | Any professional employed in AHI's Chapter 11 Case pursuant to sections 327, 328, 363 or 1103 of the Bankruptcy Code and any professionals seeking compensation or reimbursement of expenses in connection. |
| "Sterling" | Means Sterling Partners and its subsidiaries and affiliates (other than AHI and its subsidiary debtors), current officers and directors, principals, shareholders, members, partners, managers, employees and agents. |
| "Subordinated 510(b) Claim" | Means a claim against AHI this is subordinated pursuant to Bankruptcy Code section 510(b). |
| "Subordinated Non-510(b) Claim" | Means a claim against AHI that is subordinated pursuant to paragraphs (a) or (c) of Bankruptcy Code section 510 but is not also subject to subordination pursuant to Bankruptcy Code section 510(b). |
| "TRA" | Means that certain Tax Receivable Agreement, dated as of June 25, 2014, among AHI and certain parties named therein. |
| "TRA Counterparty" | Means the non-AHI counterparties to the TRA. |

62831389

3