Louis R. Strubeck, Jr. (SBT 19425600)
John N. Schwartz (SBT 00797397)
Liz Boydston (SBT 24053684)
Timothy S. Springer (SBT 24088460)
Norton Rose Fulbright US LLP
2200 Ross Avenue, Suite 3600
Dallas, Texas 75201-7932
Telephone: (214) 855-8000
Facsimile: (214) 855-8200

ATTORNEYS FOR THE REORGANIZED DEBTORS

**Hearing Date: December 12, 2017 at 1:30 p.m. (CT)**
**Objection Date: December 8, 2017 at 11:59 p.m. (CT)**

# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | | |
|---|---|---|
| | § | |
| In re: | § | Chapter 11 |
| | § | |
| ADPT DFW HOLDINGS LLC, *et al.*,[1] | § | Case No. 17-31432 |
| | § | |
| Debtors. | § | Jointly Administered under Case No. 17-31432 |
| | § | |

## SUMMARY OF FIRST AND FINAL FEE APPLICATION OF NORTON ROSE FULBRIGHT US LLP AS ATTORNEYS FOR THE DEBTORS AND DEBTORS-IN-POSSESSION FOR ALLOWANCE OF COMPENSATION AND REIMBURSEMENT OF EXPENSES FOR THE PERIOD FROM APRIL 19, 2017 THROUGH OCTOBER 2, 2017

NO HEARING WILL BE CONDUCT HEREON UNLESS A WRITTEN RESPONSE IS FILED WITH THE CLERK OF THE UNITED STATES BANKRUPTCY COURT AT 1100 COMMERCE ST., RM. 1254, DALLAS, TEXAS 75242-1496 ON OR BEFORE **DECEMBER 8, 2017**, WHICH IS AT LEAST 24 DAYS FROM THE DATE OF SERVICE HEREOF

ANY RESPONSE SHALL BE IN WRITING AND FILED WITH THE CLERK, AND A COPY SHALL BE SERVED UPON COUNSEL FOR THE MOVING PARTY PRIOR TO THE DATE AND TIME SET FORTH HEREIN. IF A RESPONSE IS FILED A HEARING MAY BE HELD WITH NOTICE ONLY TO THE OBJECTING PARTY.

IF NO HEARING ON SUCH NOTICE OR MOTION IS TIMELY REQUESTED, THE RELIEF REQUESTED SHALL BE DEEMED TO BE UNOPPOSED, AND THE COURT MAY ENTER AN ORDER GRANTING THE RELIEF SOUGHT OR THE NOTICED ACTION MAY BE TAKEN.

---

[1]   The Debtors include all of the affiliated entities that are listed on the Appendix, attached hereto.

| | |
|---|---|
| Name of Applicant: | Norton Rose Fulbright US LLP |
| Name of Client: | ADPT DFW Holdings LLC and its above-captioned debtor affiliates, as debtors and debtors in possession |
| Petition Date: | April 19, 2017 |
| Retention Date: | *Nunc pro tunc* to April 19, 2017 [Docket No. 218] |
| Date of Order Approving Employment: | May 19, 2017 |
| Prior Interim Applications: | NA |
| Period for which Compensation and Reimbursement is Sought on a Final Basis: | April 19, 2017 through, and including, October 2, 2017 |

### Summary of Fees and Expenses Sought in This Application (for the Compensation Period)

| | |
|---|---|
| Amount of Compensation Sought as Actual, Reasonable, and Necessary for the Entire Compensation Period: | $6,054,683.00 |
| Amount of Expense Reimbursement Sought as Actual, Reasonable, and Necessary for the Entire Compensation Period: | $159,456.57 |
| Total Compensation and Expenses Requested for the Entire Compensation Period: | $6,214,139.57 |

### Summary of Fees and Expenses Sought in This Application (for Preparation of Fee Apps for the Debtors' Professionals)

| | |
|---|---|
| Amount of Compensation Sought as Actual, Reasonable, and Necessary for Preparation of Fee Apps for the Debtors' Professionals (NRFUS, FTI, Houlihan, Epiq, and Bonds Ellis) | $70,030.00 |
| Total Compensation and Expenses Requested: | $6,284,169.57 |

This is a **final application**.

I.    Attorney/Other Professional Summary for the Compensation Period (April 19, 2017 through, and including October 2, 2017):

| NAME OF PROFESSIONAL | POSITION | DEPT. | YEAR ADMITTED | HOURLY BILLING RATE | NUMBER OF RATE INCREASES SINCE THE RETENTION DATE | TOTAL BILLED HOURS | TOTAL COMPENSATION |
|---|---|---|---|---|---|---|---|
| Louis R. Strubeck | Partner | Bankruptcy | 1983 | 1,050.00 | N/A | 953.00 | 1,000,650.00 |
| Michael P. Flamenbaum | Partner | Tax | 1991 | 935.00 | N/A | 51.70 | 48,339.50 |
| H. Douglas Wabner | Partner | Litigation | 1985 | 895.00 | N/A | 26.80 | 23,986.00 |
| Theodore William Daniel | Partner | Litigation | 1981 | 885.00 | N/A | 66.70 | 59,029.50 |

| NAME OF PROFESSIONAL | POSITION | DEPT. | YEAR ADMITTED | HOURLY BILLING RATE | NUMBER OF RATE INCREASES SINCE THE RETENTION DATE | TOTAL BILLED HOURS | TOTAL COMPENSATION |
|---|---|---|---|---|---|---|---|
| Vincent Dunn | Partner | Corporate Finance | 1989 | 885.00 | N/A | 1.20 | 1,062.00 |
| Julie Hutchings Mayo | Partner | Corporate | 2005 | 840.00 | N/A | 12.30 | 10,332.00 |
| Scott Berson | Partner | Corporate Finance | 1995 | 835.00 | N/A | 66.10 | 55,193.50 |
| Tim C. Bruinsma | Of Counsel | Corporate | 1973 | 815.00 | N/A | 1.60 | 1,304.00 |
| Jason Lee Boland | Partner | Bankruptcy | 2003 | 795.00 | N/A | 10.10 | 8,029.50 |
| John Nicholas Schwartz | Sr Counsel | Bankruptcy | 1996 | 755.00 | N/A | 1,394.70 | 1,052,998.50 |
| Gregory M. Wilkes | Partner | Bankruptcy | 2004 | 750.00 | N/A | 400.50 | 300,375.00 |
| Joseph Paul Dirik | Sr Counsel | Litigation | 2002 | 745.00 | N/A | 0.90 | 670.50 |
| Kristian William Gluck | Partner | Bankruptcy | 2001 | 745.00 | N/A | 38.70 | 28,831.50 |
| Robert C. Barnes | Sr Counsel | Real Estate | 1983 | 725.00 | N/A | 13.80 | 10,005.00 |
| Scott Paul Drake | Partner | Litigation | 2000 | 700.00 | N/A | 562.20 | 393,540.00 |
| James Copeland | Associate | Bankruptcy | 2011 | 695.00 | N/A | 39.80 | 27,661.00 |
| Elizabeth Nicolle Boydston | Sr Associate | Bankruptcy | 2007 | 660.00 | N/A | 1,496.50 | 987,690.00 |
| Paul Scott Conneely | Partner | Corporate, Corporate Securities | 2007 | 660.00 | N/A | 0.60 | 396.00 |
| Robert Bernard Bruner | Sr Associate | Bankruptcy | 2007 | 660.00 | N/A | 11.90 | 7,854.00 |
| Scarlet Gymin McNellie | Partner | Corporate, Corporate Securities | 2003 | 650.00 | N/A | 137.70 | 89,505.00 |
| Andrea Laurie D'Ambra | Partner | E-Discovery | 2003 | 640.00 | N/A | 27.70 | 17,728.00 |
| Steve A. Peirce | Sr Counsel | Bankruptcy | 1987 | 640.00 | N/A | 14.40 | 9,216.00 |
| Rebecca J. Winthrop | Of Counsel | Bankruptcy | 1984 | 610.00 | N/A | 613.80 | 374,418.00 |
| Tim Walsh | Partner | Construction | 2002 | 600.00 | N/A | 1.00 | 600.00 |
| Geneva Evelyn Stephens | Counsel | SEC Investigation & Enforcement | 1998 | 595.00 | N/A | 23.70 | 14,101.50 |
| Benjamin John Ratliff | Sr Associate | Finance | 2009 | 585.00 | N/A | 55.00 | 32,175.00 |
| William Patrick Courtney | Associate | Litigation | 2013 | 515.00 | N/A | 6.80 | 3,502.00 |

| NAME OF PROFESSIONAL | POSITION | DEPT. | YEAR ADMITTED | HOURLY BILLING RATE | NUMBER OF RATE INCREASES SINCE THE RETENTION DATE | TOTAL BILLED HOURS | TOTAL COMPENSATION |
|---|---|---|---|---|---|---|---|
| Nathan Benjamin Baum | Sr Associate | Litigation | 2012 | 495.00 | N/A | 26.20 | 12,969.00 |
| Timothy Shane Springer | Associate | Bankruptcy | 2013 | 495.00 | N/A | 1,014.40 | 502,128.00 |
| Shivani Shah | Associate | Bankruptcy | 2015 | 475.00 | N/A | 319.00 | 151,525.00 |
| Jordan Christian Campbell | Associate | Litigation | 2013 | 465.00 | N/A | 31.60 | 14,694.00 |
| Nicholas Jay Hendrix | Associate | Litigation | 2013 | 465.00 | N/A | 8.70 | 4,045.50 |
| James Salwen | Associate | Bankruptcy | 2016 | 460.00 | N/A | 12.40 | 5,704.00 |
| Julie Goodrich Harrison | Associate | Bankruptcy | 2014 | 390.00 | N/A | 462.70 | 180,453.00 |
| Niki Ikahihifo-Bender | Associate | Litigation | 2016 | 390.00 | N/A | 0.90 | 351.00 |
| Aaron Eduardo Chibli | Associate | Litigation | 2015 | 375.00 | N/A | 211.90 | 79,462.50 |
| Barrett Thomas Robin | Associate | Litigation | 2015 | 375.00 | N/A | 114.40 | 42,900.00 |
| Hersh Mohun Verma | Associate | Tax | 2015 | 375.00 | N/A | 6.80 | 2,550.00 |
| Phillip Tarpley | Associate | Litigation | 2015 | 375.00 | N/A | 55.30 | 20,737.50 |
| Sean Michael Topping | Associate | E-Discovery | 2016 | 375.00 | N/A | 27.50 | 10,312.50 |
| Jessica Marie Morris Rodriguez | Associate | Corporate | 2015 | 365.00 | N/A | 4.10 | 1,496.50 |
| Michael Edward Rosenberg | Associate | Litigation | 2016 | 360.00 | N/A | 4.80 | 1,728.00 |
| Rachael Ashley Browndorf | Associate | Corporate, Bankruptcy | 2016 | 340.00 | N/A | 143.90 | 48,926.00 |
| Reginald Daniel Wilson | Associate | Corporate | 2015 | 340.00 | N/A | 181.20 | 61,608.00 |
| Caleb Brunner Segrest | Associate | Corporate | 2015 | 335.00 | N/A | 49.70 | 16,649.50 |
| Matthew Edward Heller | Associate | Litigation | 2016 | 320.00 | N/A | 86.20 | 27,584.00 |
| Robert Andrew Marcum | Associate | Litigation | 2016 | 320.00 | N/A | 45.80 | 14,656.00 |
| Ronald Lee Miller | Associate | Litigation | 2016 | 320.00 | N/A | 10.10 | 3,232.00 |
| Taylor Moore | Associate | Litigation | 2016 | 320.00 | N/A | 19.30 | 6,176.00 |
| | | | | | | | |

| NAME OF PROFESSIONAL | POSITION | DEPT. | YEAR ADMITTED | HOURLY BILLING RATE | NUMBER OF RATE INCREASES SINCE THE RETENTION DATE | TOTAL BILLED HOURS | TOTAL COMPENSATION |
|---|---|---|---|---|---|---|---|
| Veronica Rose Portillo | Associate | Litigation | 2016 | 320.00 | N/A | 25.90 | 8,288.00 |
| William Harvey Betts | Associate | Corporate, Corporate Securities | 2016 | 320.00 | N/A | 11.10 | 3,552.00 |
| **Total Attorney Hours and Fees** | | | | **$649.32** | | **8,903.10** | **$5,780,921.00** |

The paraprofessionals and other staff who rendered professional services in these chapter 11 cases during the Compensation Period are:

| NAME OF PROFESSIONAL OR OTHER STAFF MEMBER | POSITION | DEPARTMENT | HOURLY BILLING RATE | NUMBER OF RATE INCREASES SINCE THE RETENTION DATE | TOTAL BILLED HOURS | TOTAL COMPENSATION |
|---|---|---|---|---|---|---|
| Brian Patrick Evans | Practice Support | Practice Support | 380.00 | N/A | 20.90 | 7,942.00 |
| Patricia Curry | Senior Paralegal | Litigation | 370.00 | N/A | 9.80 | 3,626.00 |
| Susan Marie Costello | Senior Paralegal | Bankruptcy | 370.00 | N/A | 619.20 | 229,104.00 |
| Tom Morgan | Senior Paralegal | Litigation | 370.00 | N/A | 1.50 | 555.00 |
| Ann Marie Franklin | Senior Paralegal | Litigation | 325.00 | N/A | 0.80 | 260.00 |
| Aaron Hardin Lee | Practice Support | Practice Support | 290.00 | N/A | 89.50 | 25,955.00 |
| Christine Bernal Miramontes | Senior Paralegal | Corporate Finance | 290.00 | N/A | 6.00 | 1,740.00 |
| Paulette Gerhart | Paralegal | Corporate Finance | 285.00 | N/A | 6.90 | 1,966.50 |
| Ashley Cegielski Duncum | Paralegal | Litigation | 185.00 | N/A | 0.70 | 129.50 |
| Andrea M. Miller | Practice Support | Practice Support | 180.00 | N/A | 12.90 | 2,322.00 |
| Suzana Souza Jacintho | Practice Support | Practice Support | 180.00 | N/A | 0.90 | 162.00 |
| Bradford Dean Johnson | Summer Associate | Litigation | 0.00 | N/A | 22.40 | -- |
| Jacqueline Malinda Groves | Summer Associate | Litigation | 0.00 | N/A | 1.30 | -- |
| Leslie Anne Bacon | Summer Associate | Litigation | 0.00 | N/A | 12.70 | -- |
| **Total Hours and Fees for Paraprofessionals and Other Staff:** | | | **$339.87** | | **805.50** | **$273,762.00** |

II.    Total Fees for the Compensation Period (April 19, 2017 through, and including October 2, 2017) by Position are:

| PROFESSIONALS | BLENDED RATE | TOTAL BILLED HOURS | TOTAL COMPENSATION |
|---|---|---|---|
| **Partners and Counsel** | $792.07 | 4,419.20 | 3,500,311.00 |
| **Associates** | $508.62 | 4,483.90 | 2,280,610.00 |
| **Paraprofessionals and Other Staff** | $339.87 | 805.50 | 273,762.00 |
| **Blended Attorney Rate** | $649.32 | 8,903.10 | $5,780,921.00 |
| **Total Fees Incurred** | $623.64 | 9,708.60 | $6,054,683.00 |
| (Voluntary Reduction of Certain Transitory Timekeepers)[2] | | | 0.00 |
| **Total Fee Incurred (Post-Voluntary Reduction)** | $623.64 | 9,708.60 | $6,054,683.00 |

III.    Compensation by Project Category for the Compensation Period (April 19, 2017 through, and including  October 2, 2017):

| TASK CODE | PROJECT CATEGORY | TOTAL BILLED HOURS | AVERAGE HOURLY RATE | TOTAL COMPENSATION |
|---|---|---|---|---|
| B110 | Case Administration | 1,156.40 | $535.75 | $619,544.00 |
| B120 | Asset Analysis and Recovery | 139.40 | $748.63 | $104,359.00 |
| B130 | Asset Disposition | 9.00 | $755.00 | $6,795.00 |
| B140 | Relief from Stay | 14.20 | $737.39 | $10,471.00 |
| B150 | Meetings of and Communications with Creditors | 281.50 | $713.25 | $200,778.50 |
| B160 | Fee/Employment Applications | 247.10 | $661.13 | $163,365.50 |
| B170 | Fee/Employment Objections | 37.20 | $666.49 | $24,793.50 |
| B180 | Avoidance Action Analysis | 2.90 | $741.90 | $2,151.50 |
| B185 | Assumption/Rejection of Leases and Contracts | 1,277.80 | $642.30 | $820,730.50 |
| B190 | Other Contested Matters, including Preparation of Motions | 483.50 | $649.42 | $313,993.50 |
| B210 | Business Operations | 26.20 | $754.98 | $19,780.50 |
| B220 | Employee Issues | 0.20 | $660.00 | $132.00 |
| B230 | DIP Financing, Financing, and Cash Collections | 228.70 | $680.25 | $155,573.00 |
| B240 | Tax Issues | 169.40 | $766.46 | $129,838.50 |

---

[2]    Three summer associates worked on projects related to Chapter 11 Cases, but these timekeepers were billed at $0 rates to the estate.  Accordingly, no voluntary reduction for transitory workers is appropriate.

| TASK CODE | PROJECT CATEGORY | TOTAL BILLED HOURS | AVERAGE HOURLY RATE | TOTAL COMPENSATION |
|---|---|---|---|---|
| B250 | Real Estate | 23.10 | $729.74 | $16,857.00 |
| B255 | Valuation/Appraisal of Assets | 295.50 | $750.40 | $221,744.00 |
| B260 | Board of Directors Matters | 24.40 | $887.25 | $21,649.00 |
| B265 | Corporate Finance | 55.00 | $585.00 | $32,175.00 |
| B310 | Claims Administration and Objections | 104.00 | $648.74 | $67,469.00 |
| B320 | Plan and Disclosure Statement, including Business Plan | 899.10 | $705.38 | $634,206.50 |
| B325 | Disclosure Statement and Plan Objections and Negotiations | 537.70 | $682.48 | $366,968.00 |
| C300 | Legal E-Discovery Analysis and Advice, including Preservation | 171.40 | $380.86 | $65,279.00 |
| L110 | Non-Bankruptcy Fact Investigation & Development | 11.10 | $675.68 | $7,500.00 |
| L120 | Analysis/Strategy | 52.90 | $779.70 | $41,246.00 |
| L130 | Consultants/Expert Witness | 4.90 | $613.47 | $3,006.00 |
| L160 | Settlement & Mediation, Including Preparation, Negotiations, and Drafting | 192.60 | $768.24 | $147,963.50 |
| L260 | Class Actions | 171.40 | $576.46 | $98,804.50 |
| L310 | Written Discovery | 124.60 | $605.12 | $75,398.00 |
| L320 | Document Production | 35.70 | $552.79 | $19,734.50 |
| L330 | Depositions | 236.40 | $667.35 | $157,762.50 |
| L390 | Other Discovery | 1,039.20 | $420.39 | $436,873.50 |
| L410 | Fact Witnesses, Including Preparation and Proffers | 114.80 | $721.06 | $82,777.50 |
| L440 | Hearing Preparation and Support | 350.90 | $728.13 | $255,502.00 |
| L450 | Hearing Attendance | 363.80 | $686.13 | $249,614.50 |
| P200 | Corporate Finance Paralegal Work | 11.70 | $474.62 | $5,553.00 |
| P210 | Corporate Review (Non-Bankruptcy) | 198.90 | $561.10 | $111,602.00 |
| P270 | Regulatory Matters and Reviews | 286.30 | $460.89 | $131,953.50 |
| P280 | Equity Committee Discovery and Negotiations | 322.40 | $708.44 | $228,402.50 |
| P400 | Corporate Document Preparation and Filing | 7.30 | $320.00 | $2,336.00 |
| TOTAL | | 9,708.60 | $623.64 | $6,054,683.00 |

IV.  Expense Summary for the Compensation Period (April 19, 2017 through, and including October 2, 2017):

| EXPENSE CATEGORY | AMOUNT |
|---|---|
| Copies (Black & White) | $25,952.50 |
| Copies (Color) | $1,192.85 |
| Conferencing | $627.66 |
| Corporate Filing & Searches | $10,904.40 |
| Courier/Delivery Service | $1,394.50 |
| E-Discovery Costs | $27,813.99 |
| Courtcall | $2,555.00 |
| Filing Fees | $2,686.00 |
| Legal Research | $12,708.04 |
| Pacer | $370.60 |
| Parking | $878.65 |
| Transcripts | $6,961.75 |
| Travel | $47,014.33 |
| Travel Meals | $1,826.88 |
| Working Meals | $7,718.42 |
| **Total** | **$150,605.57** |

V.  Attorney/Other Professional Summary for the Preparing Fee Applications for the Debtors' Professionals

| NAME OF PROFESSIONAL | POSITION | DEPARTMENT | YEAR ADMITTED | HOURLY BILLING RATE | NUMBER OF RATE INCREASES SINCE THE RETENTION DATE | TOTAL BILLED HOURS | TOTAL COMPENSATION |
|---|---|---|---|---|---|---|---|
| Louis R. Strubeck | Partner | Bankruptcy | 1983 | $1,050.00 | N/A | 1.00 | $1,050.00 |
| Elizabeth Nicolle Boydston | Sr Associate | Bankruptcy | 2007 | $660.00 | N/A | 52.40 | $34,584.00 |
| Rebecca J. Winthrop | Of Counsel | Bankruptcy | 1984 | $610.00 | N/A | 0.30 | $183.00 |
| Timothy Shane Springer | Associate | Bankruptcy | 2013 | $495.00 | N/A | 20.00 | $9,900.00 |
| Shivani Shah | Associate | Bankruptcy | 2015 | $475.00 | N/A | 46.20 | $21,945.00 |
| Susan Marie Costello | Senior Paralegal | Bankruptcy | N/A | $370.00 | N/A | 6.40 | $2,368.00 |
| **Total Attorney Hours and Fees** | | | | | | **126.30** | **$70,030.00** |

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| | § | |
| In re: | § | Chapter 11 |
| | § | |
| ADPT DFW HOLDINGS LLC, *et al.*,[1] | § | Case No. 17-31432 |
| | § | |
| Debtors. | § | Jointly Administered under Case No. 17-31432 |
| | § | |

**COMBINED FIRST AND FINAL FEE APPLICATION OF NORTON ROSE FULBRIGHT US LLP AS ATTORNEYS FOR THE DEBTORS AND DEBTORS-IN-POSSESSION FOR ALLOWANCE OF COMPENSATION AND REIMBURSEMENT OF EXPENSES FOR THE PERIOD FROM APRIL 19, 2017 THROUGH OCTOBER 2, 2017**

Pursuant to sections 105(a), 330, and 331 of title 11 of the United States Code (the "Bankruptcy Code"), Rule 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), Rule 2016-1 of the Local Bankruptcy Rules of the United States Bankruptcy Court for the Northern District of Texas and the Guidelines for Compensation and Expense Reimbursement of Professionals in Chapter 11 Cases located in Appendix F thereto (the "Local Rules"), and the Court's *Order Establishing Procedures for Interim Compensation and Reimbursement of Expenses of Professionals* [Dkt. No. 219] (the "Interim Compensation Procedures Order"), Norton Rose Fulbright US LLP ("NRFUS"), counsel for ADPT DFW Holdings LLC and its above-captioned debtor affiliates, as debtors and debtors in possession (collectively, the "Debtors"), hereby files this combined first and final fee application (the "Fee Application") for (i) allowance of compensation for professional services performed by NRFUS during this chapter 11 case for the period commencing April 19, 2017 through and including October 2, 2017 (the "Compensation Period"); (ii) reimbursement of actual and necessary

---

[1] The Debtors include all of the affiliated entities that are listed on the Appendix, attached hereto.

expenses incurred in connection therewith during the Compensation Period; and (iii) allowance

of compensation for professional services performed by NRFUS for preparing fee applications

for the Debtors' professionals. In support of the Fee Application, NRFUS respectfully represents

as follows:

## I.      JURISDICTION AND VENUE

1.      This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157

and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper before this

Court pursuant to 28 U.S.C. §§ 1408 and 1409.

## II.      BACKGROUND

2.      On April 19, 2017 (the "Petition Date"), each of the Debtors commenced a

voluntary case under chapter 11 of the Bankruptcy Code in this Court. The Debtors were

authorized to operate their businesses and manage their properties as debtors in possession

pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

3.      The Debtors' chapter 11 cases are jointly administered pursuant to Bankruptcy

Rule 1015(b) and Local Rule 1015-1.

4.      The Court authorized the Debtors to retain NRFUS as their attorneys in these

chapter 11 cases pursuant to an order entered on May 19, 2017 [Dkt. No. 218] (the "Retention

Order").

5.      The Court entered the Interim Compensation Procedures Order on May 19, 2017

[Dkt. No. 219]. The Interim Compensation Procedures Order sets forth the procedures for

interim compensation and reimbursement of expenses for all professionals in these cases.

6.      In particular, the Interim Compensation Procedures Order authorized NRFUS to

submit monthly statements which includes the detailed daily time entries and summaries of time

normally submitted with an interim fee application as well as a detailed summary of all disbursements and expenses for which NRFUS is seeking reimbursement. NRFUS has prepared this Fee Application in accordance with the procedures set forth in the Interim Compensation Procedures Order.

7.      Additionally, pursuant to the Court's *Order Confirming Debtors' Third Amended Joint Plan of Reorganization under Chapter 11 of the Bankruptcy Code* [Dkt. No. 821] (the "Confirmation Order"), all professionals seeking payment of fees are required to file, no later than forty-five (45) days after the Effective Date,[2] their respective applications for final allowance of compensation for services rendered and reimbursement of expenses incurred.

8.      On October 2, 2017, the Reorganized Debtors filed *Notice of Entry of Confirmation Order and Occurrence of Effective Date with Respect to Debtors' Third Amended Joint Plan of Reorganization under Chapter 11 of the Bankruptcy Code* [Dkt. No. 826].

### III.      SUMMARY OF FEE APPLICATION

**A.      Summary of Professional Compensation and Reimbursement of Expenses Requested.**

9.      During this Compensation Period, NRFUS provided important advice and services that furthered the Debtors' overall restructuring efforts, which promoted, and ultimately led, to the successful confirmation of the Debtors' chapter 11 Plan (the "Plan") on September 27, 2017. By this Fee Application, NRFUS requests final allowance of $6,054,983.00 as compensation for professional services rendered during the Compensation Period; allowance of $159,456.57 as reimbursement for actual and necessary expenses incurred by NRFUS during the

---

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the Confirmation Order.

Compensation Period; as well as allowance of $70,030.00 as compensation for professional services rendered in preparing fee applications for the Debtors' professionals.

10.    NRFUS attorneys and paraprofessionals expended a total of 9,708.60 hours during the Compensation Period and a total of 126.30 preparing and finalizing applications for compensation for each of the Debtors' retained professionals between October 3, 2017 and the date this Fee Application is filed. All services for which compensation is requested by NRFUS were performed for or on the behalf of the Debtors.

11.    NRFUS has received no payment and no promises of payment from any source other than the Debtors for services rendered or to be rendered in any capacity whatsoever in connection with the matters covered by this Fee Application. There is no agreement or understanding between NRFUS and any other person, other than members of the firm, for the sharing of compensation to be received for services rendered in these cases.

12.    The fees charged by NRFUS in these cases are billed in accordance with NRFUS's normal hourly rates and procedures in effect during the Compensation Period, and in accordance with the Retention Order. NRFUS did not agree to any variations from, or alternatives to, its standard or customary billing arrangements in connection with the services rendered during the Compensation Period. NRFUS's fees are reasonable based on the customary compensation charged by comparably skilled practitioners in comparable non-bankruptcy cases in a competitive national legal market.

**B.    Summary of Services and Compensation by Project Category During the Compensation Period.**

13.    NRFUS maintains computerized records of the time spent by all NRFUS attorneys and paraprofessionals in connection with its representation of the Debtors and non-debtor affiliates. Pursuant to, and in compliance with, the Local Rules and the *Department of*

*Justice Appendix B Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under United States Code by Attorneys in Larger Chapter 11 Cases* (the "Guidelines"), attached hereto are (i) Exhibit A, the customary and comparable compensation disclosures required pursuant to section C.3 of the Guidelines, (ii) Exhibit B, a summary setting forth all NRFUS professionals and paraprofessionals who have performed services in these chapter 11 cases during the Compensation Period, the capacity in which each such individual is employed by NRFUS, the hourly billing rate charged by NRFUS for the services performed by such individual, the aggregate number of hours expended in these cases during the Compensation Period and fees billed therefor, and the year in which each professional was first licensed to practice law, (iii) Exhibits C, the DIP budget, a table setting forth the hours for each task code, and the percent variance, (iv) Exhibit D, a summary setting forth the actual and necessary disbursements that NRFUS incurred during the Compensation Period in connection with performance of professional service for the Debtors and for which NRFUS seeks reimbursement by category, and (v) Exhibit E, a summary cover sheet of this Fee Application.

14.     NRFUS's itemized time records for professionals and paraprofessionals performing services for the Debtors during the Compensation Period and NRFUS's itemized records detailing expenses incurred on behalf of the Debtors during the Compensation Period are set forth in Exhibit F and Exhibit G, respectively. Exhibit H is an itemized time record detailing services performed by NRFUS attorneys in preparing fee applications for each of the Debtors' professionals between October 3, 2017 and the date this Fee Application is filed. All itemized expenses comply with the requirements of the Local Rules and the Guidelines.

15.     The professional services performed by NRFUS during the Compensation Period were necessary and appropriate to the administration of the Debtors' chapter 11 cases. These services were in the best interests of the Debtors and other parties in interest. The compensation requested is commensurate with the complexity and nature of the issues and tasks involved.

16.     The following is a summary of the significant professional services rendered by NRFUS during the Compensation Period. This summary is organized in accordance with the internal system of task codes set up by NRFUS at the outset of these chapter 11 cases. If a task code does not appear below, then NRFUS did not bill significant time for that work code during the Compensation Period.

17.     **Case Administration**
         **Task Code B110: Fees: $619,544.00; Total Hours: 1,156.40**

This category includes, without limitation, time spent communicating and meeting with Debtors' management, bankruptcy team, and employees; communicating and meeting with FTI, Houlihan, and other professionals acting on behalf of the Debtors; communicating with the Court and the Court's staff; strategy meetings with the NRF working group; drafting, updating, reviewing, and filing various case documents and pleadings, including the master service lists, notices, agendas, exhibit and witness lists, preparing exhibits; the maintenance of the case works-in-process list and case calendar; communications and matters concerning the Patient Care Ombudsman; as well as administrative matters and any other matters for which there is not a specific task code.

18.     **Asset Analysis and Recovery**
         **Task Code B120: Fees: $104,359; Total Hours: 139.40**

This category includes, without limitation, time spent analyzing and working on matters related to encumbered and unencumbered assets of the Debtors, analysis and discussions

regarding investment of funds, review and analysis of potential additional assets belonging to the Debtors' estates, including potential recovery actions, potential causes of action and other litigation, as well as non-litigation means of recovering assets.

19. **Meetings of and Communications with Creditors**
**Task Code B150: Fees: $500,778.50; Total Hours: 281.50**

This category includes, without limitation, time spent communicating and meeting with creditors, the Committees, and their professionals; advising and assisting the Debtors in responding to numerous information requests by the Debtors' various creditors, including requests related to amounts and filing of proofs of claim; communicating with patients regarding the cases, refunds, and other inquiries regarding the status and progress of the bankruptcy cases and related matters.

20. **Fee/Employment Applications**
**Task Code B160: Fees: $163,365.50; Total Hours: 247.10**

This category includes, without limitation, time spent preparing, reviewing, and communicating with parties in interest regarding employment applications and fee applications for any and all professionals, including ordinary course professionals. This category also includes preparing for hearings related to employment applications and fee applications.

21. **Fee/Employment Objections**
**Task Code B170: Fees: $24,793.50; Total Hours: 37.20**

This category includes, without limitation, time spent preparing, reviewing, and communicating with parties in interest regarding objections to or negotiations regarding employment applications and fee applications for any and all professionals, including ordinary course professionals. This category also includes preparing for hearings related to objections to employment applications and fee applications.

22.     **Assumption/Rejection of Leases and Contracts**
        **Task Code B185: Fees: $820,730.50; Total Hours: 1,277.80**

This category includes, without limitation, time spent reviewing and evaluating the Debtors' rights and obligations under unexpired leases and executory contracts by engaging in discussions with numerous counterparties to the Debtors' contracts and leases, obtaining Court approval of the Debtors' assumption and rejection of certain executory contracts and unexpired leases, negotiating assumption of agreements, and conducting detailed analyses and resolutions of cure amounts under assumed contracts and leases. This category also includes matters relating to the Joint Ventures, unless such matters relate to valuation issues.

23.     **Other Contested Matters, including Preparation of Motions**
        **Task Code B190: Fees: $313,993.50; Total Hours: 483.50**

This category includes, without limitation, time spent drafting substantive pleadings not specifically covered by other task codes, preparing argument on substantive issues not specifically covered by other task codes, negotiating with counterparties regarding contested matters not specifically covered by other task codes, and analysis and strategy meetings related to contested matters not specifically covered by other task codes, e.g. Motion to Appoint an Equity Committee.

24.     **Business Operations**
        **Task Code B210: Fees: $19,780.50; Total Hours: 26.20**

This category includes, without limitation, time spent maintaining the Debtors' operations by addressing the Debtors' insurance, cash, compensation, finance, and any other issues relating to the ordinary-course operations of the Debtors not specifically covered by other task codes.

25. **DIP Financing, Financing, and Cash Collections**
**Task Code B230: Fees: $155,573.00; Total Hours: 228.70**

This category includes, without limitation, time spent negotiating the DIP, drafting all manner of pleadings related to the DIP, communications with any and all parties in interest and the Court regarding the DIP, preparing arguments for DIP-related hearings, and attending DIP-related hearings.

26. **Tax Issues**
**Task Code B240: Fees: $129,838.50; Total Hours: 169.40**

This category includes, without limitation, time spent researching and analyzing tax implications of various proposed restructuring transactions in consultation with the Debtors' various advisors and advising the Debtors accordingly. It includes meetings and communications with PWC, the Debtors' tax advisors. It includes any and all analysis, meetings, and work related to the TRA. And it includes preparing certain restructuring agreements and related ancillary documents in connection with the Debtors' tax strategy and as part of their Plan.

27. **Real Estate**
**Task Code B250: Fees: $16,857.00; Total Hours: 23.10**

This category includes, without limitation, time spent reviewing and analyzing Debtors' real estate-related matters not related to rejection/assumption, including reviewing lease provisions and other related agreements with regard to new and existing obligations or potential transactions, and engaging in communications and analysis of potential sales of real estate.

28. **Valuation**
**Task Code B255: Fees: $221,744.00; Total Hours: 295.50**

This category includes, without limitation, time spent relating to the Debtors' valuations, including working with Houlihan and the Debtors' management and bankruptcy team; preparing, reviewing, and discussions and meetings with various parties regarding the

valuation reports; and preparing pleadings and arguments related to the valuations. This category also includes limited matters relating to valuation issues regarding the Joint Ventures.

29. **Board of Directors Matters**
   **Task Code B260: Fees: $21,649.00; Total Hours: 24.40**

   This category includes, without limitation, time spent preparing materials for and attendance at Board of Directors meetings to discuss, among other things, the progress and strategies relating to the Bankruptcy Cases, advising on corporate governance issues, and communications and meetings with the Board's counsel.

30. **Corporate Finance**
   **Task Code B265: Fees: $32,175.00; Total Hours: 55.00**

   This category includes, without limitation, time spent preparing relevant documentation for DIP financing agreements, title searches, UCC searches, review of liens, claims, interests, and other encumbrances, and preparation of necessary corporate entity resolutions.

31. **Claims Administration and Objections**
   **Task Code 104.00: Fees: $67,469.00; Total Hours: 104.00**

   This category includes, without limitation, time spent reviewing proofs of claims filed by various claimants, identifying claims that are subject to disallowance, expungement, reduction, reclassification, and allowance, and preparing objections to certain proofs of claims. This category also includes meetings and communications with FTI and the Committees related to claims analysis and preparing for hearings related to various claim issues.

32. **Plan and Disclosure Statement, including Business Plan**
   **Task Code B320: Fees: $634,206.50; Total Hours: 899.10**

   This category includes, without limitation, time spent meeting with the Debtors' management and bankruptcy team regarding each version of the Plan and Disclosure Statement;

negotiating, preparing, revising, and drafting each version of the Plan and Disclosure Statement; preparing, revising, and filing pleadings related to each version of the Plan and Disclosure Statement; preparing for and attending hearings on each version of the Plan and Disclosure Statement; and preparing, revising, updating, and filing each version of the Plan Supplement.

33. **Disclosure Statement and Plan Objections and Negotiations**
**Task Code B325: Fees: $366,968.00; Total Hours: 537.70**

This category includes, without limitation, time spent reviewing objections to each version of the Plan and Disclosure Statement; meetings and communications with the Debtors' management and bankruptcy team, the Committees, and other objecting parties regarding the objections filed to each version of the Plan and Disclosure Statement; negotiating with objecting parties; preparing, revising, and filing pleadings responding to objections related to each version of the Plan and Disclosure Statement; preparing for and attending hearings on objections to the Plan and Disclosure Statement.

34. **Legal E-Discovery Analysis and Advice, including Preservation**
**Task Code C300: Fees: $65,279.00; Total Hours: 171.40**

This category includes, without limitation, time spent by the E-Discovery team processing and analyzing data for discovery review platforms; preparing the platform metrics for review; overseeing document review; preparing preservation notices; meetings and communications regarding preservation, custodians, and data collection; and preparing for document production.

35. **Litigation Analysis/Strategy**
**Task Code L120: Fees: $41,246.00; Total Hours: 52.90**

This category includes, without limitation, time spent by and with the Litigation team analyzing litigation issues and strategy.

36. **Settlement & Mediation, Including Preparation, Negotiations, and Drafting**
   **Task Code L160: Fees: $147,963.50; Total Hours: 192.60**

This category includes, without limitation, time spent preparing for mediation, preparing for and attending settlement meetings, preparing for and attending court-ordered negotiations, preparing and reviewing settlement proposals, communications regarding settlement, negotiations, analysis of options, meetings with various parties regarding settlement and negotiations, and preparing documents and pleadings related to settlement.

37. **Class Actions**
   **Task Code L260: Fees: $98,164.50; Total Hours: 171.40**

This category includes, without limitation, time spent reviewing motions filed by various class action claimants; analysis regarding same; meetings, discussions, and communications regarding strategy to respond to pleadings filed by class action claimants; preparing, revising, filing, and prosecuting objections and responsive pleadings related to class actions; communications with counsel to the class action claimants and various other parties regarding the class actions.

38. **Written Discovery**
   **Task Code L310: Fees: $75,398.00; Total Hours: 124.60**

This category includes, without limitation, time spent reviewing, responding to, discussing, preparing, revising, analyzing, and serving written discovery, including meet and confers.

39. **Document Production**
   **Task Code L320: Fees: $19,734.50; Total Hours: 35.70**

This category includes, without limitation, time spent reviewing and finalizing document productions for final production and service of same.

40. **Depositions**
    **Task Code L330: Fees: $157,762.50; Total Hours: 236.40**

This category includes, without limitation, time spent preparing for and attending

depositions.

41. **Other Discovery**
    **Task Code L390: Fees: $436,873.50; Total Hours: 1,039.20**

This category includes, without limitation, time spent on document review.

42. **Fact Witnesses, Including Preparation and Proffers**
    **Task Code L410: Fees: $82,777.50; Total Hours: 114.80**

This category includes, without limitation, time spent preparing for meetings with

fact witnesses, preparing the witnesses, and preparing proffers for fact witnesses.

43. **Hearing Preparation and Support**
    **Task Code L440: Fees: $255,502.00; Total Hours: 350.90**

This category includes, without limitation, time spent preparing for hearings.

44. **Hearing Attendance**
    **Task Code L450: Fees: $249,614.50; Total Hours: 363.80**

This category includes, without limitation, time spent attending hearings.

45. **Corporate Work**
    **Task Code P210: Fees: $111,602.00; Total Hours: 198.90**

This category includes, without limitation, time spent on corporate business

matters not related to bankruptcy and time spent by the NRF corporate group preparing corporate

documents to ensure a successful emergence from bankruptcy upon the Effective Date.

46. **Regulatory Matters and Reviews**
    **Task Code P270: Fees: $131,953.50; Total Hours: 286.30**

This category includes, without limitation, time spent communicating with

various regulatory agencies, analyzing regulatory issues, responding to regulatory requests, and

reviewing documents related to regulatory matters.

29132386.8

47.    **Equity Committee Matters**
       **Task Code P280: Fees: $228,402.50; Total Hours: 322.40**

This category includes, without limitation, time spent on issues and matters unique to the Equity Committee in this case that were outside of a normal bankruptcy case, including but not limited to reviewing, analyzing, discussing, meetings, preparing documents and pleadings, preparing arguments, and attending hearings related to:

- *Emergency Motion of the Official Committee of Equity Security Holders of Adeptus Health Inc. for an Order (I) Appointing a Trustee for the Chapter 11 Estate of Adeptus Health Inc. Pursuant to Bankruptcy Code Section 1104(a); Or, Alternatively, (II) Appointing an Examiner Pursuant to Bankruptcy Code Section 1104(C) and Terminating The Debtors' Exclusivity Period Pursuant to Bankruptcy Code Section 1121(D)* [Dkt. No. 484];

- *Motion to (A) Confirm Second Amended Plan as Modified Pursuant to the Settlement Agreement or, in the Alternative, (B) Confirm Second Amended Plan as Filed* [Dkt. No. 649]

48.    All of the foregoing professional services performed by NRFUS were necessary and appropriate to the administration of the Debtors' chapter 11 cases. Compensation for the foregoing services as requested is commensurate with the complexity, importance, and nature of the problems, issues, or tasks involved. The professional services were performed with expedition and in an efficient manner, and without duplication of work performed by the Debtors' other advisors.

C.    **Prior Monthly Fee Applications.**

49.    Pursuant to the Interim Compensation Procedures Order, NRFUS submitted the following prior monthly fee statements (collectively, the "Monthly Statements") to the Debtors for each month within the Compensation Period, each of which is incorporated herein by reference in its entirety:

| Date Submitted | Period Covered | Fees and Expenses Requested | | Amount Paid | | | | Amount Outstanding |
|---|---|---|---|---|---|---|---|---|
| | | Fees (@ 100%) | Fees (@ 80%) | Expenses (@ 100%) | Fees | Expenses | Total | |
| May | April 19 – May 31, 2017 | $1,059,520.00 | $847,616.00 | $22,144.39 | $847,616.00 | $22,144.39 | $869,760.39 | $211,904.00 |
| June | June 1 – June 30, 2017 | $851,740.50 | $681,392.40 | $27,715.68 | $681,392.40 | $27,715.68 | $709,108.08 | $170,348.10 |
| July | July 1 – July 31, 2017 | $1,116,216.00 | $892,972.80 | $44,919.92 | $892,972.80 | $44,919.92 | $937,892.72 | $223,243.20 |
| August | August 1 – August 31, 2017 | $1,326,024.50 | $1,060,819.60 | $25,879.59 | $1,060,819.60 | $25,879.59 | $1,086,699.19 | $265,204.90 |
| September | September 1 – October 2, 2017 | $1,551,775.50 | $1,241,420.40 | $23,962.04 | $1,241,420.40 | $23,962.04 | $1,265,382.44 | $310,355.10 |
| Total Interim Fees and Expenses | | $5,905,276.50 | $4,724,221.20 | $144,621.62 | $4,724,221.20 | $144,621.62 | $4,868,842.82 | $1,181,055.30 |
| (Voluntary Reduction of Certain Transitory Timekeepers) | | 0 | 0 | 0 | 0 | 0 | 0 | 0 |
| Total Fee Outstanding (Post-Voluntary Reduction) | | $5,905,276.50 | $4,724,221.20 | $144,621.62 | $4,724,221.20 | $144,621.62 | $4,868,842.82 | $1,181,055.30 |

50.    In total, NRFUS submitted Monthly Statements for professional fees in the aggregate amount of $5,905,276.50 and expenses in the aggregate amount of $144,621.62 during the Monthly Fee Period. As of the date of hereof, no party has objected to any of NRFUS's Monthly Statements.

**D.    Unbilled Fees and Costs During the Compensation Period.**

51.    On or about September 20, 2017, NRFUS initiated a firm-wide migration to a new accounting, timekeeping, and expense management system. Unfortunately from September 20, 2017 through October 9, 2017, NRFUS's financial system and timekeeping system was offline while the migration and integration processes occurred. Since October 9, 2017, the new

and old accounting and timekeeping systems have had connectivity issues, and some time entries and expenses were inaccessible to the accounting and billing departments. When NRFUS served its Fifth Monthly Fee Statement on October 31, 2017, it accounted for all time entries and expenses that had processed through the two systems and were visible to its accounting and billing department. As of November 10, 2017, the migration is complete, and NRFUS is now able to account for all time and expenses that had not been processed during the migration. The total unbilled time performed during the Compensation Period is $96,637.50. The total unbilled expenses incurred during the Compensation Period is $14,834.95. Exhibit I sets forth the time detail for all unbilled time performed during the Compensation Period, and Exhibit J sets forth all unbilled expenses during the Compensation Period.

### E.    Actual and Necessary Disbursements.

52.    Section 330 of the Bankruptcy Code authorizes "reimbursement for actual, necessary expenses" incurred by professionals employed in a chapter 11 case. Accordingly, NRFUS requests allowance of actual and necessary expenses incurred during the Compensation Period in the amount of $159,456.57. NRFUS's itemized record detailing expenses incurred on behalf of the Debtors during the Compensation Period are set forth in Exhibit G. A summary chart of all expenses incurred during the Compensation Period is attached as Exhibit D.

53.    NRFUS's disbursement policies pass through all out-of-pocket expenses at actual cost or an estimated actual cost when the actual cost is difficult to determine. For example, with respect to black and white duplication charges, NRFUS will charge $0.05 per page because the actual cost is difficult to determine. Similarly, as it relates to computerized research, NRFUS believes that it does not make a profit on that service as a whole, although the cost of any particular search is difficult to ascertain. Other reimbursable expenses (whether the service is performed by NRFUS in house or through a third-party vendor) include, but are not limited to,

facsimiles, toll calls, overtime, deliveries, court costs, cost of food at meetings,[3] transcript fees, travel, and clerk fees.

54.     Each month during the Compensation Period the Debtors and NRFUS agreed upon a monthly budget (in the DIP budget) for the upcoming month based on current and projected work streams. The budget was calculated and agreed upon by the Debtors and NRFUS. The proposed budget is attached as Exhibit C. A summary of the monthly fees and actual billings is provided below:

55.     Sixty-six professionals are included in the disclosures for the Compensation Period. Of those sixty-six professionals, twenty-nine billed fewer than fifteen (15) hours during the Compensation Period; those professionals were: (i) paraprofessionals (paralegals, litigation support staff, library staff) that were called upon to perform discrete tasks depending on availability; (ii) attorneys with specialized experience—such as tax law, litigation, local securities law compliance, trade and regulatory issues—who may not be considered part of the "core" NRFUS team on this matter but were brought in to perform tasks that required special expertise; (iii) attorneys and paraprofessionals who have been longstanding members of the NRFUS team on this matter, but whose services were required on a more limited basis during the Compensation Period. These services were necessary and appropriate to address the specific needs of the Debtors in the administration of their chapter 11 cases.

**F.     Statement of NRFUS.**

56.     Pursuant to section C.5 of the Guidelines, NRFUS makes the following statements:

---

[3] Due to a large number of expedited contested motions and hearings, counsel spent many lunches and late nights ordering food for the NRF team, FTI team, and Adeptus Management and burning the midnight oil.

**A.** **Did you agree to any variations from, or alternatives to, your standard customary billing rates, fees or terms for services pertaining to this engagement that were provided during the application period? If so, please explain.**

No, NRFUS did not agree to any variations from, or alternatives to, our standard customary billing rates, fees or terms for services pertaining to this engagement that were provided during the Compensation Period.

**B.** **If the fees sought in this interim fee application as compared to the fees budgeted for the time period covered by this fee application are higher by 10% or more, did you discuss the reasons for the variation with the client?**

The fees and expenses sought in this Fee Application through the Effective Date are $160,339.57 higher than the budget for fees and expenses. This variance is 2.65%, which is within the 10% variance allowed. The additional fees sought in this Fee Application pertaining to preparation of fee applications for NRFUS, FTI, Houlihan, Epiq, and Bond Ellis (the Debtors' professionals), totaling $70,030.00, were incurred between October 3, 2017 and the date this Fee Application was filed and represent less than 1% of the total fees requested by these professionals.

**C.** **Have any of the professionals included in this Fee Application varied their hourly rate based on the geographic location of the bankruptcy case?**

No, none of the professionals included in this Fee Application varied their hourly rate based on the geographic location of the bankruptcy cases.

**D.** **Does this fee application include time or fees related to reviewing, or revising invoices? (This is limited to work involved in preparing and editing billing records that would not be compensable outside of bankruptcy and does not include reasonable fees for preparing a fee application.) If so, please quantify hours and fees.**

No, this Fee Application does not include time and fees related to reviewing or revising time records or preparing, reviewing, or revising invoices that would not be compensable outside of bankruptcy. Only reasonable fees related to the preparation of NRFUS's budget and staffing plan, and NRFUS's Monthly

Statements have been included in this Fee Application. The only reviewing of invoices and time records included in this Fee Application is that time spent reviewing and redacting for privilege.

E.    **Does this fee application include time or fees for reviewing time records to redact any privileged or other confidential information? If so, please quantify by hours and fees.**

Yes, this Fee Application includes 6.7 hours and $4,422 in fees for reviewing time records to remove any privilege or other confidential information.

F.    **If the fee application includes any rate increases since retention: (i) Did your client review and approve those rate increases in advance? (ii) Did your client agree when retaining the law firm to accept all future rate increases? If not, did you inform your client that they need not agree to modified rates or terms in order to have you continue the representation, consistent with ABA Formal Ethics Opinion 11–458?**

No, this Fee Application does not include a rate increase since NRFUS's retention.

G.    **If the fees sought in this interim fee application as compared to the fees budgeted for the time period covered by this fee application are higher by 10% or more, did you discuss the reasons for the variation with the client?**

Yes, the client was informed and agreed to the variance. Additionally, this variance is 2.65%, which is within the 10% variance allowed. The fees and expenses sought in this Fee Application through the Effective Date are $160,339.57 higher than the budget for fees and expenses.

## IV.    ARGUMENTS AND AUTHORITIES

### A.  The Compensation and Out-of-Pocket Expenses Sought by NRFUS Are Actual, Necessary, and Reasonable Under the Standards Established in the Bankruptcy Code and in the Fifth Circuit and Should Be Allowed as Requested.

57.    Under section 330(a) of the Bankruptcy Code, the Court may award a retained professional "reasonable compensation for actual, necessary services" and "reimbursement for actual, necessary expenses." 11 U.S.C. § 330(a). Factors to be considered in determining whether

attorney's fee awards in bankruptcy cases are reasonable, under section 330(a) of the Bankruptcy

Code, include:

> [T]he nature, the extent, and the value of such services taking into account
> all relevant factors, including—(a) the time spent; (b) the rates charged;
> (c) whether the services were necessary to the administration of, or
> beneficial at the time at which the service was rendered toward the
> completion of, the case; (d) whether the services were performed within a
> reasonable time, given the complexity, importance, and nature of the
> problem, issue, or task; (e) whether the professional person is board
> certified or otherwise has demonstrated skill and experience in the
> bankruptcy field; and (f) whether the compensation is reasonable based on
> the customary compensation charged by comparably skilled practitioners
> in cases other than cases under this title.

11 U.S.C. § 330(a)(3).

58.    The Fifth Circuit evaluates whether an award for attorneys' fees is reasonable

pursuant to a "lodestar" analysis under factors provided in *Johnson v. Ga. Highway Express,*

*Inc.*, 488 F.2d 714 (5th Cir. 1974) (establishing what is commonly known as the "*Johnson*

factors" for the determination of the reasonableness of an award for attorneys' fees in civil rights

cases); *see also Am. Benefit Life Ins. Co. v. Baddock (In re Am. Benefit Life Ins. Co.)*, 544 F.2d

1291, 1298-99 (5th Cir.), *cert. denied*, 431 U.S. 904 (1977) (extending the *Johnson* factor

analysis into the bankruptcy context under the Bankruptcy Act). The *Johnson* factors are: (1) the

time and labor required; (2) the novelty and difficulty of the questions; (3) the skill requisite to

perform the legal service properly; (4) the preclusion of other employment by the attorney due to

acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time

limitations imposed by the client or the circumstances; (8) the amount involved and the results

obtained; (9) the experience, reputation, and ability of the attorneys; (10) the "undesirability" of

the case; (11) the nature and length of the professional relationship with the client; and (12)

awards in similar cases. *Id*. at 717-18.

59.    The lodestar fee is equal to the number of hours reasonably expended multiplied by a reasonable hourly rate. *Rutherford v. Harris County, Tex.*, 197 F.3d 173, 192 (5th Cir. 1999). The lodestar is then adjusted to reflect the special circumstances of the case and the *Johnson* factors. *McClain v. Lufkin Indus.*, 519 F.3d 264, 268 (5th Cir. 2008) (citing *Johnson*, 488 F.2d at 714); *In re Cahill*, 428 F.3d 536, 539-40 (5th Cir. 2005) (applying the *Johnson* factors in the bankruptcy context under the Code); *Transamerican Natural Gas Corp. v. Zapata P'ship, Ltd. (In re Fender)*, 12 F.3d 480, 487 (5th Cir. 1994); *In re First Colonial*, 544 F.2d at 1298-99; *Johnson*, 488 F.2d at 714; *In re Mirant Corp.*, 354 B.R. 113, 126, n. 28 (Bankr. N.D. Tex. 2006), *aff'd sub nom. Smith v. Mirant Corp. (In re Mirant Corp.)*, 308 F. App'x 824 (5th Cir. 2009).

60.    In determining if fees are reasonable and necessary, courts must look at the application in light of the work the representation required. *In re Buffets, LLC, et al.*, No. 16-50557 (Bankr. W.D. Tex. filed Sept. 18, 2017) ECF No. 2826. For example, it is reasonable that more than one professional may bill for reviewing the same complicated pleading especially where fees are reactionary: counsel is forced to rework original proposals, continuously negotiating with multiple sets of attorneys, and responding to expedited motions at the drop of a hat. *Id*.

61.    The sum of $6,054,683.00 in professional fees for the Compensation Period is reasonable compensation for the professional services rendered by NRFUS based on a lodestar analysis and the standard first set forth in *Johnson*, 488 F.2d at 717-19, made applicable to bankruptcy cases in *First Colonial*, and as further explained in *In re Cahill* and *In re Fender*.

62.     As described below, NRFUS's fees and expenses incurred during the Compensation Period satisfy applicable Fifth Circuit precedent, including the *Johnson* factors, and section 330 of the Bankruptcy Code, and therefore should be allowed in their entirety.

### B. NRFUS's Application Satisfies the *Johnson* Factors.

### 1)     Time and Labor Required

63.     NRFUS billed a total of 9,708.60 hours from April 19, 2017 through October 2, 2017 in connection with its engagement as counsel to the Debtors in these chapter 11 cases. A summary of the hours worked and the total fees incurred by each NRFUS professional and paraprofessional during the Compensation Period is attached hereto as Exhibit B.

64.     All of the time expended was necessary and appropriate to the representation of the Debtors in these complex, multi-national, and time-sensitive chapter 11 cases.

### 2)     Novelty and Difficulty of Questions Involved

65.     NRFUS additionally submits that the time it spent in connection with the matters and issues addressed in each category was commensurate with the novelty and difficulty of the issues presented. Some of these issues included: (i) class action claims, appointment of Official Committee of Equity Security Holders, 140 different debtor entities and related solicitation and plan voting, substantive consolidation, the Motion to Appoint a Ch. 11 Trustee, the Motion to Enforce the Settlement, and the filing a Plan (and several amended versions of the Plan), which, followed by several objections and a contested confirmation hearing – including filing of a confirmation brief, which addressed the various objections, culminated in the Court's confirmation of the Debtors' Plan.

66.     Moreover, the prosecution of these chapter 11 cases has not only required substantial legal research and analysis but has also required substantial coordination and transparency efforts amongst the Debtors, their advisors, and the various creditor and equity

constituencies and other parties in interest in these cases. As the Court noted on the record in the Confirmation Hearing held September 26-27, 2017, all parties have coordinated extremely well in these cases to reach consensus on m nay otherwise contentious and complicated legal issues.

**3)      Skill Requisite to Perform Services Properly**

67.      These chapter 11 cases required the services of skilled professionals with expertise in large, complex chapter 11 cases, as well as in litigation, corporate, and securities law, tax, and banking and finance. NRFUS utilized professionals with the level of seniority and experience appropriate in relation to the complexity and requirements of the task performed, without unnecessary duplication of efforts.

**4)      Preclusion of Other Employment**

68.      Given the size and depth of NRFUS's restructuring practice, NRFUS's representation of the Debtors has not precluded it from accepting other engagements.

**5)      Fee Customarily Charged**

69.      NRFUS seeks allowance of professional fees based on hourly rates that are consistent with rates charged by NRFUS to its other clients. The hourly rates charged by NRFUS are within the range of those customarily charged by professionals having comparable skills and expertise in similar matters.

**6)      Whether the Fee is Fixed or Contingent**

70.      NRFUS's fees are fixed according to the time spent on behalf of the Debtors and NRFUS's prevailing hourly rates. NRFUS's compensation is contingent on the availability of sufficient assets and funds in the estate to pay such fees, and on allowance of such fees by the Court.

**7)      Time Limitation Imposed by Client or Circumstances**

29132386.8

71.    Due to the Debtors' liquidity position, NRFUS, as well as the other estate professionals and parties in interest, worked diligently to advance these cases as expeditiously and effectively as possible, to ensure that the Debtors would emerge from chapter 11 in the fourth quarter of 2017 with as much liquidity as possible.

**8)    Results Obtained**

72.    NRFUS submits that the amount of compensation and out-of-pocket expenses requested in this Fee Application is both reasonable and consistent with the results obtained thus far, including: (i) the Debtors' smooth administration of these chapter 11 cases, including no adverse impact on the Debtors' assets; (ii) the consensual resolution of several contentious issues and limited extent of litigation in these chapter 11 cases, despite the extensive opportunities for protracted disputes; (iii) the successful confirmation of the Debtors' chapter 11 plan; and (iv) the Debtors' emergence from chapter 11 as reorganized entities with a stronger balance sheet, reorganized operations, and a stronger position to continue operating as a going concern.

**9)    Experience, Reputation, and Ability of Professional**

73.    NRFUS has a national reputation, has been recently involved in major chapter 11 cases, and has large clients. As a consequence, NRFUS brought to these chapter 11 cases a high level of expertise and experience in the areas of bankruptcy, corporate reorganization, corporate, banking and finance, tax, and bankruptcy litigation that inured to the benefit of the Debtors and all parties in interest. NRFUS's experience in reorganization matters substantially contributed to the efficient and effective representation of the Debtors in these chapter 11 cases.

**10)    Undesirability of Case**

74.    NRFUS's representation of the Debtors is not, and has not been, undesirable.

**11)    Nature and Length of Professional Relationship with Client**

75.    NRFUS has rendered, among other services, refinancing and restructuring related legal services to the Debtors since February 2017. Since that time, NRFUS has advised the Debtors concerning their affairs, debt obligations, restructuring alternatives, litigation and corporate governance matters, and these chapter 11 cases. NRFUS performed services necessary to enable the Debtors to file for protection under chapter 11 and was primarily responsible of the chapter 11 petitions, initial motions, and applications relating to these chapter 11 cases and their commencement.

**12)    Awards in Similar Cases**

76.    NRFUS believes that the amounts requested for approval and allowance are consistent with fees charged by comparably skilled professionals for similar services in other large and complicated chapter 11 cases. *See, In re CHC Group, Ltd*., No. 16-31854, (Bankr. N.D. Tex. filed July 27, 2017) ECF No. 2127.

**C. Fee Advance Applied to Fee Application Request.**

77.    As of the Petition Date, NRFUS had a remaining credit balance in favor of the Debtors for future professional services to be performed, and expenses to be incurred, in connection with these chapter 11 cases of approximately $505,661.07 (the "Fee Advance"). The Fee Advance was held by NRFUS, in accordance with Local Rule 2016-1(b), in a trust account for application to and payment of post-petition fees and expenses that are allowed by the Court upon motion of NRFUS.

78.    Pursuant to Local Rule 2016-1(b), NRFUS requests that the Court allow withdrawal of the Fee Advance upon entry of the Court's order approving this Fee Application.

**D. Required Certification Included with Fee Application.**

79.     Pursuant to Local Rules attached hereto as Exhibit K, and incorporated herein by reference, is the Declaration of Louis R. Strubeck, Jr., certifying that this Fee Application complies with the Local Rules.

**E. NRFUS is a "Disinterested Person" and Holds No Adverse Interest.**

80.     All professional services for which allowance of compensation is requested were performed by NRFUS on behalf of the Debtors and not on behalf of any other entity or person. NRFUS owns neither a claim against, nor an interest in any of the Debtors, and no beneficial interest in the Debtors, directly or indirectly, has been acquired or transferred by NRFUS or for NRFUS's benefit since the commencement of these cases. NRFUS does not hold or represent an interest adverse to the Debtors' estates in the matters upon which NRFUS is employed, and NRFUS is "disinterested" as such term is defined in section 101(14) of the Bankruptcy Code, as modified by section 1107(b) of the Bankruptcy Code.

## V.     NOTICE

81.     Notice of this Fee Application shall be given to all parties required under Bankruptcy Rule 2002(a)(6), and hard copies of this Fee Application and all exhibits will be delivered to the United States Trustee, 1100 Commerce St., Room 976, Dallas, Texas 75242 (Attn: Meredyth Kippes, Esq.). The Debtors respectfully submit that no further notice of this Fee Application is required.

WHEREFORE, NRFUS respectfully requests that the Court grant this Fee Application and enter an order, substantially in the same form as Exhibit L attached to this Fee Application, (i) approving final allowance of compensation for professional services rendered to the Debtors during the Compensation Period in the amount of $6,054,683.00 and for expenses incurred by NRFUS during the Compensation Period in the amount of $159,456.57; (ii) granting final

allowance of compensation for preparation of the Fee Applications for the Debtors' professionals outside the Compensation Period in the amount of $70,030.00; (ii) ordering that, in accordance with the Interim Compensation Procedures Order, the Reorganized Debtors shall pay to NRFUS a total of $856,896.68, which amount represents the sum total of (a) the 20% of the total amount of fees subject to the monthly holdback, (b) the unbilled time and expenses during the compensation period, and (c) the allowed compensation for preparation of the Debtors' professionals' fee applications, less the Fee Advance; and (iv) granting NRFUS such other and further relief as is just and proper, at law or in equity.

Dated: November 14, 2017
Dallas, Texas

Respectfully submitted,

NORTON ROSE FULBRIGHT US LLP

By:      /s/ Louis R. Strubeck, Jr.
Louis R. Strubeck, Jr. (SBT 16425600)
louis.strubeck@nortonrosefulbright.com
John N. Schwartz (SBT 00797397)
john.schwartz@nortonrosefulbright.com
Liz Boydston (SBT 24053684)
liz.boydston@nortonrosefulbright.com
Timothy S. Springer
tim.springer@nortonrosefulbright.com
2200 Ross Avenue, Suite 3600
Dallas, Texas 75201-7932
Telephone: (214) 855-8000
Facsimile:  (214) 855-8200

ATTORNEYS FOR THE
REORGANIZED DEBTORS

29132386.8

## Appendix
(Sorted Alphabetically)

| # | Debtor Name | Case No. | EIN |
|---|---|---|---|
| 1. | Adeptus Health Colorado Holdings LLC | 17-31448 | 30-0857912 |
| 2. | Adeptus Health Inc. | 17-31434 | 46-5037387 |
| 3. | Adeptus Health LLC | 17-31435 | 32-0432716 |
| 4. | Adeptus Health Management LLC | 17-31455 | 32-0448472 |
| 5. | Adeptus Health Phoenix Holdings LLC | 17-31461 | 35-2487075 |
| 6. | Adeptus Health Ventures LLC | 17-31466 | 36-4802997 |
| 7. | ADPT Columbus Holdings LLC | 17-31471 | 36-4835265 |
| 8. | ADPT DFW Holdings LLC | 17-31432 | 30-0857947 |
| 9. | ADPT Houston Holdings LLC | 17-31479 | 30-0857977 |
| 10. | ADPT New Orleans Holdings LLC | 17-31486 | 32-0479313 |
| 11. | ADPT New Orleans Management LLC | 17-31493 | Pending |
| 12. | ADPT-AZ MPT Holdings LLC | 17-31497 | 61-1772047 |
| 13. | ADPT-AZ RE Holdings LLC | 17-31502 | 47-5241979 |
| 14. | ADPT-CO MPT Holdings LLC | 17-31508 | 47-3512571 |
| 15. | ADPT-CO RE Holdings LLC | 17-31512 | 47-3565144 |
| 16. | ADPT-Columbus MPT Holdings LLC | 17-31519 | Pending |
| 17. | ADPT-Columbus RE Holdings LLC | 17-31523 | Pending |
| 18. | ADPT-DFW MPT Holdings LLC | 17-31527 | 81-0772445 |
| 19. | ADPT-DFW RE Holdings LLC | 17-31532 | 81-0785981 |
| 20. | ADPT-Houston MPT Holdings LLC | 17-31533 | 30-0914017 |
| 21. | ADPT-Houston RE Holdings LLC | 17-31536 | 61-1781468 |
| 22. | ADPT-LA MPT Holdings LLC | 17-31542 | 81-0752643 |
| 23. | ADPT-LA RE Holdings LLC | 17-31545 | 81-0758384 |
| 24. | AJNH Medical Center LLC | 17-31548 | 36-4729524 |
| 25. | Alamo Heights SA Medical Center LLC | 17-31553 | 35-2547715 |
| 26. | Algiers Medical Center LLC | 17-31556 | 32-0455775 |
| 27. | Alvin Medical Center LLC | 17-31561 | 90-1008817 |
| 28. | Anthem Medical Center LLC | 17-31564 | 37-1740119 |
| 29. | Antoine Medical Center LLC | 17-31440 | 35-2537322 |
| 30. | Arizona General ER LLC | 17-31444 | 90-1025598 |
| 31. | Atascocita 1960 Medical Center LLC | 17-31449 | 36-4780687 |
| 32. | Austin Brodie Medical Center LLC | 17-31454 | 61-1713294 |
| 33. | Baytown Medical Center LLC | 17-31456 | 30-0840445 |
| 34. | Bella Terra Medical Center LLC | 17-31459 | 80-0957867 |
| 35. | Bender's Landing Medical Center LLC | 17-31468 | 37-1752156 |
| 36. | Blacklick Woods Medical Center LLC | 17-31475 | 30-0805532 |
| 37. | Briar Forest-Eldridge Medical Center LLC | 17-31482 | 35-2481862 |
| 38. | Broad Wagoner Medical Center LLC | 17-31488 | 35-2492252 |
| 39. | Brushy Creek Medical Center LLC | 17-31494 | 38-3923792 |
| 40. | Camelback 83rd Medical Center LLC | 17-31498 | 38-3945993 |
| 41. | Cedar Park Lakeline Medical Center LLC | 17-31505 | 35-2493773 |
| 42. | Centennial Medical Center LLC | 17-31509 | 32-0436930 |
| 43. | Center Street DP Medical Center LLC | 17-31516 | 35-2453223 |
| 44. | Chandler Germann Medical Center LLC | 17-31521 | 80-0938469 |
| 45. | Chandler Heights Medical Center LLC | 17-31525 | 32-0456525 |

| #   | Debtor Name                                    | Case No.  | EIN        |
|-----|------------------------------------------------|-----------|------------|
| 46. | Cinco Ranch Medical Center LLC                 | 17-31529  | 61-1744313 |
| 47. | Colonial Lakes Medical Center LLC              | 17-31535  | 90-1004044 |
| 48. | Colorado General Hospital LLC                  | 17-31539  | 35-2506314 |
| 49. | Conroe Medical Center LLC                      | 17-31544  | 37-1743660 |
| 50. | Converse Medical Center LLC                    | 17-31551  | 30-0820305 |
| 51. | Copperwood Medical Center LLC                  | 17-31554  | 84-1697403 |
| 52. | Creekside Forest Medical Center LLC            | 17-31557  | 36-4781064 |
| 53. | Culebra-Tezel Medical Center LLC               | 17-31559  | 90-1020838 |
| 54. | De Zavala Medical Center LLC                   | 17-31560  | 30-0879734 |
| 55. | Dublin Medical Center LLC                      | 17-31563  | 80-0965351 |
| 56. | Eagles Nest Medical Center LLC                 | 17-31565  | 04-3847518 |
| 57. | East Mesa Medical Center LLC                   | 17-31437  | 90-1033851 |
| 58. | East Pflugerville Medical Center LLC           | 17-31439  | 90-1023315 |
| 59. | East Riverside Medical Center LLC              | 17-31442  | 38-3973259 |
| 60. | ECC Management, LLC                            | 17-31443  | 16-1711879 |
| 61. | FCER Management, LLC                            | 17-31447  | 11-3798239 |
| 62. | First Choice ER, LLC                           | 17-31436  | 27-5348156 |
| 63. | First Texas Hospital Cy-Fair LLC               | 17-31451  | 47-3480091 |
| 64. | Four Points Medical Center LLC                 | 17-31464  | 38-3938637 |
| 65. | Friendswood Medical Center LLC                 | 17-31469  | 38-3916132 |
| 66. | FTH Houston Partners LLC                       | 17-31474  | 47-3466871 |
| 67. | Garland Centerville Medical Center LLC         | 17-31477  | 35-2537960 |
| 68. | Gilbert Medical Center LLC                     | 17-31481  | 80-0940827 |
| 69. | Gleannloch Farms Medical Center LLC            | 17-31485  | 35-2481256 |
| 70. | Glendale Medical Center LLC                    | 17-31489  | 90-1012820 |
| 71. | Goodyear Medical Center LLC                    | 17-31490  | 90-1007336 |
| 72. | Greenville Stacy Medical Center LLC            | 17-31492  | 38-3926926 |
| 73. | Guadalupe River Medical Center LLC             | 17-31496  | 35-2514826 |
| 74. | Hampden Tower Medical Center LLC               | 17-31499  | 38-3928757 |
| 75. | Helotes Medical Center LLC                     | 17-31501  | 36-4782313 |
| 76. | Hilliard Medical Center LLC                    | 17-31504  | 35-2491198 |
| 77. | Houston 9520 Jones Medical Center LLC          | 17-31507  | 32-0432459 |
| 78. | Houston FM 1960 Medical Center LLC             | 17-31511  | 37-1783329 |
| 79. | Katy ER Center LLC                             | 17-31514  | 45-2583773 |
| 80. | Keller Medical Center LLC                      | 17-31517  | 61-1736669 |
| 81. | Kingwood Medical Center LLC                    | 17-31520  | 80-0684495 |
| 82. | Kuykendahl Medical Center LLC                  | 17-31524  | 34-2028269 |
| 83. | La Porte Medical Center LLC                    | 17-31526  | 80-0927953 |
| 84. | Lakewood Forest Medical Center LLC             | 17-31530  | 90-1013791 |
| 85. | League City Medical Center LLC                 | 17-31438  | 36-4766358 |
| 86. | Legacy Trails Medical Center LLC               | 17-31441  | 61-1744649 |
| 87. | Lewis Center Medical Center LLC                | 17-31445  | 32-0431791 |
| 88. | Litchfield Park Medical Center LLC             | 17-31446  | 36-4801379 |
| 89. | Louetta Medical Center LLC                     | 17-31450  | 74-3178584 |
| 90. | Marrero Medical Center LLC                     | 17-31453  | 61-1753468 |
| 91. | Meadowbrook Heights Medical Center LLC         | 17-31457  | 32-0448039 |
| 92. | Medical Center of Crosby Lynchburg LLC         | 17-31458  | 38-3922039 |
| 93. | Medical Center of Spring Rayford Richards LLC  | 17-31462  | 37-1747613 |

| # | Debtor Name | Case No. | EIN |
|---|---|---|---|
| 94. | Mesa Tierra Medical Center LLC | 17-31465 | 35-2523890 |
| 95. | Midlothian Medical Center LLC | 17-31470 | 30-0802928 |
| 96. | Mountain Park Ranch Medical Center LLC | 17-31473 | 38-3939092 |
| 97. | National Medical Professionals of Arizona LLC | 17-31478 | 37-1757007 |
| 98. | National Medical Professionals of Ohio LLC | 17-31483 | 30-0829176 |
| 99. | New Orleans East Medical Center LLC | 17-31510 | 61-1753435 |
| 100. | Northwest Harris County Medical Center LLC | 17-31538 | 36-4781722 |
| 101. | Ohio General ER LLC | 17-31540 | 38-3918055 |
| 102. | Ohio General Hospital LLC | 17-31547 | 80-0956267 |
| 103. | OpFree Licensing LP | 17-31549 | 01-0831027 |
| 104. | OpFree RE Investments, Ltd. | 17-31558 | 06-1740727 |
| 105. | OpFree, LLC | 17-31562 | 34-2028263 |
| 106. | Pearland 518 Medical Center LLC | 17-31566 | 90-1025398 |
| 107. | Pearland Parkway Medical Center LLC | 17-31567 | 51-0576704 |
| 108. | Pearland Sunrise Medical Center LLC | 17-31568 | 90-1001726 |
| 109. | Pflugerville Medical Center LLC | 17-31569 | 45-2552050 |
| 110. | Potranco Medical Center LLC | 17-31570 | 80-0966887 |
| 111. | Provinces Medical Center LLC | 17-31571 | 80-0967881 |
| 112. | Queen Creek Medical Center LLC | 17-31572 | 32-0457346 |
| 113. | Rosenberg Medical Center LLC | 17-31452 | 80-0964882 |
| 114. | Roy Richard Medical Center LLC | 17-31460 | 35-2491802 |
| 115. | San Antonio Nacogdoches Medical Center LLC | 17-31463 | 80-0937326 |
| 116. | San Tan Valley Medical Center LLC | 17-31467 | 36-4801184 |
| 117. | Seguin Foster Medical Center LLC | 17-31472 | 35-2532650 |
| 118. | Sienna Plantation Medical Center LLC | 17-31476 | 90-1009094 |
| 119. | South Bend Medical Center LLC | 17-31480 | 61-1770288 |
| 120. | South Carrier Medical Center LLC | 17-31484 | 32-0429602 |
| 121. | South Green Oaks Medical Center LLC | 17-31487 | 90-1012518 |
| 122. | Spanish Oaks Medical Center LLC | 17-31491 | 90-1012951 |
| 123. | Spring 2920 Medical Center LLC | 17-31495 | 36-4776092 |
| 124. | Spring Green Medical Center LLC | 17-31500 | Pending |
| 125. | SSH Medical Center LLC | 17-31503 | 77-0666943 |
| 126. | Sterling Ridge Medical Center II LLC | 17-31506 | 32-0439505 |
| 127. | Sterling Ridge Medical Center LLC | 17-31513 | 16-1711883 |
| 128. | Summerwood Medical Center LLC | 17-31515 | 30-0802964 |
| 129. | Surprise Medical Center LLC | 17-31518 | 90-1012038 |
| 130. | SW Chandler Medical Center LLC | 17-31522 | 90-1032288 |
| 131. | Sycamore School Medical Center LLC | 17-31528 | 35-2494277 |
| 132. | Tempe McClintock Baseline Medical Center LLC | 17-31531 | 38-3923748 |
| 133. | Tempe Rural-Baseline Medical Center LLC | 17-31534 | 30-0852296 |
| 134. | Texas Regional Hospital LLC | 17-31537 | 37-1753820 |
| 135. | Victory Lakes Medical Center LLC | 17-31541 | 37-1751372 |
| 136. | Wadsworth-Belleview Medical Center LLC | 17-31543 | 35-2486458 |
| 137. | Waterside Medical Center LLC | 17-31546 | 36-4767886 |
| 138. | White Settlement Medical Center LLC | 17-31550 | 38-3970573 |
| 139. | Wilderness-Hardy Oak Medical Center LLC | 17-31552 | 80-0954867 |
| 140. | William Cannon Medical Center LLC | 17-31555 | 35-2493839 |

(Sorted Numerically By Case Number)

| # | Debtor Name | Case No. | EIN |
|---|---|---|---|
| 1. | ADPT DFW Holdings LLC | 17-31432 | 30-0857947 |
| 2. | Adeptus Health Inc. | 17-31434 | 46-5037387 |
| 3. | Adeptus Health LLC | 17-31435 | 32-0432716 |
| 4. | First Choice ER, LLC | 17-31436 | 27-5348156 |
| 5. | East Mesa Medical Center LLC | 17-31437 | 90-1033851 |
| 6. | League City Medical Center LLC | 17-31438 | 36-4766358 |
| 7. | East Pflugerville Medical Center LLC | 17-31439 | 90-1023315 |
| 8. | Antoine Medical Center LLC | 17-31440 | 35-2537322 |
| 9. | Legacy Trails Medical Center LLC | 17-31441 | 61-1744649 |
| 10. | East Riverside Medical Center LLC | 17-31442 | 38-3973259 |
| 11. | ECC Management, LLC | 17-31443 | 16-1711879 |
| 12. | Arizona General ER LLC | 17-31444 | 90-1025598 |
| 13. | Lewis Center Medical Center LLC | 17-31445 | 32-0431791 |
| 14. | Litchfield Park Medical Center LLC | 17-31446 | 36-4801379 |
| 15. | FCER Management, LLC | 17-31447 | 11-3798239 |
| 16. | Adeptus Health Colorado Holdings LLC | 17-31448 | 30-0857912 |
| 17. | Atascocita 1960 Medical Center LLC | 17-31449 | 36-4780687 |
| 18. | Louetta Medical Center LLC | 17-31450 | 74-3178584 |
| 19. | First Texas Hospital Cy-Fair LLC | 17-31451 | 47-3480091 |
| 20. | Rosenberg Medical Center LLC | 17-31452 | 80-0964882 |
| 21. | Marrero Medical Center LLC | 17-31453 | 61-1753468 |
| 22. | Austin Brodie Medical Center LLC | 17-31454 | 61-1713294 |
| 23. | Adeptus Health Management LLC | 17-31455 | 32-0448472 |
| 24. | Baytown Medical Center LLC | 17-31456 | 30-0840445 |
| 25. | Meadowbrook Heights Medical Center LLC | 17-31457 | 32-0448039 |
| 26. | Medical Center of Crosby Lynchburg LLC | 17-31458 | 38-3922039 |
| 27. | Bella Terra Medical Center LLC | 17-31459 | 80-0957867 |
| 28. | Roy Richard Medical Center LLC | 17-31460 | 35-2491802 |
| 29. | Adeptus Health Phoenix Holdings LLC | 17-31461 | 35-2487075 |
| 30. | Medical Center of Spring Rayford Richards LLC | 17-31462 | 37-1747613 |
| 31. | San Antonio Nacogdoches Medical Center LLC | 17-31463 | 80-0937326 |
| 32. | Four Points Medical Center LLC | 17-31464 | 38-3938637 |
| 33. | Mesa Tierra Medical Center LLC | 17-31465 | 35-2523890 |
| 34. | Adeptus Health Ventures LLC | 17-31466 | 36-4802997 |
| 35. | San Tan Valley Medical Center LLC | 17-31467 | 36-4801184 |
| 36. | Bender's Landing Medical Center LLC | 17-31468 | 37-1752156 |
| 37. | Friendswood Medical Center LLC | 17-31469 | 38-3916132 |
| 38. | Midlothian Medical Center LLC | 17-31470 | 30-0802928 |
| 39. | ADPT Columbus Holdings LLC | 17-31471 | 36-4835265 |
| 40. | Seguin Foster Medical Center LLC | 17-31472 | 35-2532650 |
| 41. | Mountain Park Ranch Medical Center LLC | 17-31473 | 38-3939092 |
| 42. | FTH Houston Partners LLC | 17-31474 | 47-3466871 |
| 43. | Blacklick Woods Medical Center LLC | 17-31475 | 30-0805532 |
| 44. | Sienna Plantation Medical Center LLC | 17-31476 | 90-1009094 |
| 45. | Garland Centerville Medical Center LLC | 17-31477 | 35-2537960 |
| 46. | National Medical Professionals of Arizona LLC | 17-31478 | 37-1757007 |

| #   | Debtor Name                               | Case No. | EIN        |
|-----|-------------------------------------------|----------|------------|
| 47. | ADPT Houston  Holdings  LLC               | 17-31479 | 30-0857977 |
| 48. | South Bend Medical Center  LLC            | 17-31480 | 61-1770288 |
| 49. | Gilbert  Medical Center LLC               | 17-31481 | 80-0940827 |
| 50. | Briar Forest-Eldridge  Medical Center  LLC | 17-31482 | 35-2481862 |
| 51. | National  Medical Professionals of Ohio LLC | 17-31483 | 30-0829176 |
| 52. | South Carrier Medical Center  LLC         | 17-31484 | 32-0429602 |
| 53. | Gleannloch Farms Medical Center  LLC      | 17-31485 | 35-2481256 |
| 54. | ADPT New Orleans Holdings LLC             | 17-31486 | 32-0479313 |
| 55. | South Green Oaks Medical Center  LLC      | 17-31487 | 90-1012518 |
| 56. | Broad Wagoner Medical  Center  LLC        | 17-31488 | 35-2492252 |
| 57. | Glendale Medical Center LLC               | 17-31489 | 90-1012820 |
| 58. | Goodyear Medical Center LLC               | 17-31490 | 90-1007336 |
| 59. | Spanish Oaks Medical Center LLC           | 17-31491 | 90-1012951 |
| 60. | Greenville Stacy Medical Center LLC       | 17-31492 | 38-3926926 |
| 61. | ADPT New Orleans Management  LLC          | 17-31493 | Pending    |
| 62. | Brushy  Creek Medical  Center  LLC        | 17-31494 | 38-3923792 |
| 63. | Spring 2920 Medical Center LLC            | 17-31495 | 36-4776092 |
| 64. | Guadalupe River Medical Center LLC        | 17-31496 | 35-2514826 |
| 65. | ADPT-AZ  MPT Holdings LLC                 | 17-31497 | 61-1772047 |
| 66. | Camelback 83rd Medical Center LLC         | 17-31498 | 38-3945993 |
| 67. | Hampden Tower Medical Center LLC          | 17-31499 | 38-3928757 |
| 68. | Spring Green Medical Center LLC           | 17-31500 | Pending    |
| 69. | Helotes  Medical Center LLC               | 17-31501 | 36-4782313 |
| 70. | ADPT-AZ  RE Holdings  LLC                 | 17-31502 | 47-5241979 |
| 71. | SSH Medical Center LLC                    | 17-31503 | 77-0666943 |
| 72. | Hilliard  Medical Center LLC              | 17-31504 | 35-2491198 |
| 73. | Cedar Park Lakeline  Medical Center  LLC  | 17-31505 | 35-2493773 |
| 74. | Sterling Ridge Medical Center II LLC      | 17-31506 | 32-0439505 |
| 75. | Houston 9520 Jones Medical Center LLC     | 17-31507 | 32-0432459 |
| 76. | ADPT-CO  MPT Holdings LLC                 | 17-31508 | 47-3512571 |
| 77. | Centennial  Medical Center LLC            | 17-31509 | 32-0436930 |
| 78. | New Orleans East Medical Center LLC       | 17-31510 | 61-1753435 |
| 79. | Houston  FM 1960 Medical Center LLC       | 17-31511 | 37-1783329 |
| 80. | ADPT-CO  RE Holdings LLC                  | 17-31512 | 47-3565144 |
| 81. | Sterling Ridge Medical Center LLC         | 17-31513 | 16-1711883 |
| 82. | Katy ER Center LLC                        | 17-31514 | 45-2583773 |
| 83. | Summerwood Medical Center LLC             | 17-31515 | 30-0802964 |
| 84. | Center Street DP Medical Center  LLC      | 17-31516 | 35-2453223 |
| 85. | Keller Medical Center LLC                 | 17-31517 | 61-1736669 |
| 86. | Surprise Medical Center LLC               | 17-31518 | 90-1012038 |
| 87. | ADPT-Columbus  MPT Holdings LLC           | 17-31519 | Pending    |
| 88. | Kingwood Medical Center LLC               | 17-31520 | 80-0684495 |
| 89. | Chandler  Germann Medical Center LLC      | 17-31521 | 80-0938469 |
| 90. | SW Chandler  Medical Center LLC           | 17-31522 | 90-1032288 |
| 91. | ADPT-Columbus  RE Holdings  LLC           | 17-31523 | Pending    |
| 92. | Kuykendahl Medical Center LLC             | 17-31524 | 34-2028269 |
| 93. | Chandler Heights Medical  Center LLC      | 17-31525 | 32-0456525 |
| 94. | La Porte Medical Center LLC               | 17-31526 | 80-0927953 |

| # | Debtor Name | Case No. | EIN |
|---|---|---|---|
| 95. | ADPT-DFW MPT Holdings LLC | 17-31527 | 81-0772445 |
| 96. | Sycamore School Medical Center LLC | 17-31528 | 35-2494277 |
| 97. | Cinco Ranch Medical Center LLC | 17-31529 | 61-1744313 |
| 98. | Lakewood Forest Medical Center LLC | 17-31530 | 90-1013791 |
| 99. | Tempe McClintock Baseline Medical Center LLC | 17-31531 | 38-3923748 |
| 100. | ADPT-DFW RE Holdings LLC | 17-31532 | 81-0785981 |
| 101. | ADPT-Houston MPT Holdings LLC | 17-31533 | 30-0914017 |
| 102. | Tempe Rural-Baseline Medical Center LLC | 17-31534 | 30-0852296 |
| 103. | Colonial Lakes Medical Center LLC | 17-31535 | 90-1004044 |
| 104. | ADPT-Houston RE Holdings LLC | 17-31536 | 61-1781468 |
| 105. | Texas Regional Hospital LLC | 17-31537 | 37-1753820 |
| 106. | Northwest Harris County Medical Center LLC | 17-31538 | 36-4781722 |
| 107. | Colorado General Hospital LLC | 17-31539 | 35-2506314 |
| 108. | Ohio General ER LLC | 17-31540 | 38-3918055 |
| 109. | Victory Lakes Medical Center LLC | 17-31541 | 37-1751372 |
| 110. | ADPT-LA MPT Holdings LLC | 17-31542 | 81-0752643 |
| 111. | Wadsworth-Belleview Medical Center LLC | 17-31543 | 35-2486458 |
| 112. | Conroe Medical Center LLC | 17-31544 | 37-1743660 |
| 113. | ADPT-LA RE Holdings LLC | 17-31545 | 81-0758384 |
| 114. | Waterside Medical Center LLC | 17-31546 | 36-4767886 |
| 115. | Ohio General Hospital LLC | 17-31547 | 80-0956267 |
| 116. | AJNH Medical Center LLC | 17-31548 | 36-4729524 |
| 117. | OpFree Licensing LP | 17-31549 | 01-0831027 |
| 118. | White Settlement Medical Center LLC | 17-31550 | 38-3970573 |
| 119. | Converse Medical Center LLC | 17-31551 | 30-0820305 |
| 120. | Wilderness-Hardy Oak Medical Center LLC | 17-31552 | 80-0954867 |
| 121. | Alamo Heights SA Medical Center LLC | 17-31553 | 35-2547715 |
| 122. | Copperwood Medical Center LLC | 17-31554 | 84-1697403 |
| 123. | William Cannon Medical Center LLC | 17-31555 | 35-2493839 |
| 124. | Algiers Medical Center LLC | 17-31556 | 32-0455775 |
| 125. | Creekside Forest Medical Center LLC | 17-31557 | 36-4781064 |
| 126. | OpFree RE Investments, Ltd. | 17-31558 | 06-1740727 |
| 127. | Culebra-Tezel Medical Center LLC | 17-31559 | 90-1020838 |
| 128. | De Zavala Medical Center LLC | 17-31560 | 30-0879734 |
| 129. | Alvin Medical Center LLC | 17-31561 | 90-1008817 |
| 130. | OpFree, LLC | 17-31562 | 34-2028263 |
| 131. | Dublin Medical Center LLC | 17-31563 | 80-0965351 |
| 132. | Anthem Medical Center LLC | 17-31564 | 37-1740119 |
| 133. | Eagles Nest Medical Center LLC | 17-31565 | 04-3847518 |
| 134. | Pearland 518 Medical Center LLC | 17-31566 | 90-1025398 |
| 135. | Pearland Parkway Medical Center LLC | 17-31567 | 51-0576704 |
| 136. | Pearland Sunrise Medical Center LLC | 17-31568 | 90-1001726 |
| 137. | Pflugerville Medical Center LLC | 17-31569 | 45-2552050 |
| 138. | Potranco Medical Center LLC | 17-31570 | 80-0966887 |
| 139. | Provinces Medical Center LLC | 17-31571 | 80-0967881 |
| 140. | Queen Creek Medical Center LLC | 17-31572 | 32-0457346 |

29132386.8