

CLERK, U.S. BANKRUPTCY COURT
NORTHERN DISTRICT OF TEXAS

# ENTERED

THE DATE OF ENTRY IS ON
THE COURT'S DOCKET

**The following constitutes the ruling of the court and has the force and effect therein described.**

**Signed August 13, 2018**

_____
United States Bankruptcy Judge

_____

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| In re: | § § § | Chapter 11 |
| ADPT DFW Holdings LLC, | § § | Case No. 17-31432 |
| Reorganized Debtor. | § § § § | |

**STIPULATION AND AGREED ORDER BETWEEN THE
REORGANIZED DEBTORS AND HENRY SCHEIN, INC. CONTINUING
<u>HEARING ON AND RESERVING RIGHTS AS TO CURE AMOUNTS</u>**
[Related to Dkt. Nos. 627, 795, 865, 902, 975, 1033, 1101, 1184, 1274, 1355, and 1361]

This Stipulation and Agreed Order (the "<u>Stipulation and Agreed Order</u>") is entered into by and between the Reorganized Debtor in the above-referenced bankruptcy case (the "<u>Reorganized Debtor</u>," and prior to the Effective Date, the "<u>Debtors</u>") and Henry Schein, Inc. (the "<u>Creditor</u>," and together with the Reorganized Debtor, collectively, the "<u>Parties</u>").

73308971.1

# RECITALS

A. WHEREAS, on April 19, 2017 (the "Petition Date"), the Debtors filed voluntary petitions for relief under chapter 11 of title 11 of the U.S. Bankruptcy Code (the "Bankruptcy Code"), thereby commencing the bankruptcy cases that were jointly administered under the case styled as *In re ADPT DFW Holdings LLC*, Case No. 17-31432, which is pending in the U.S. Bankruptcy Court for the Northern District of Texas, Dallas Division (the "Bankruptcy Court");

B. WHEREAS, prior to the Petition Date, First Choice ER, LLC ("First Choice") entered into a Primary Supplier Agreement (as amended on June 1, 2016 to, among other things, assign the rights and obligations under the Primary Supplier Agreement from First Choice to Adeptus Health LLC and as may be further amended by the Parties, either before or after the Effective Date of the Plan) and a Confidentiality and Nondisclosure Agreement (cumulatively hereinafter the "Contracts") under which Creditor provides the Debtors with various medical, surgical and/or laboratory supplies and/or pharmaceutical products;

C. WHEREAS, on July 7, 2017, the Creditor filed 71 (seventy-one) claims, Claim Nos. 1738-1770, 1774-1811), each asserting an administrative claim in the amount of $185,175.49 and an unsecured claim in the amount of $106,424.55 (the "Claims").

D. WHEREAS, on August 1, 2017, the Debtors filed their *Second Amended Joint Plan of Reorganization Under Chapter 11 of the Bankruptcy Code* [Dkt. No. 513];

E. WHEREAS, on August 21, 2017, the Debtors filed their *Plan Supplement* [Dkt. No. 589], reflecting that the Debtors' intentions to assume the Contracts;

F. WHEREAS, on September 1, 2017, the Creditor filed its *Objection of Henry Schein, Inc. to Schedule of Cure Amounts* [Dkt. No. 627] (the "Cure Objection");

G. WHEREAS, on September 13, 2017, the Debtors filed their *Third Amended Joint Plan of Reorganization under Chapter 11 of the Bankruptcy Code* [Dkt. No. 719] (the "Plan");

73308971.1

H.      WHEREAS, in conjunction with the confirmation of the Plan, the Debtors further sought to assume the Contracts under 11 U.S.C. § 365;

I.      WHEREAS, the Debtors and the Creditor disputed the amount required to cure any monetary or nonmonetary defaults allegedly existing under the Contracts and related to the Claims (together, the "Cure Amounts") for the Debtors to assume the Contracts, but otherwise agreed to the assumption of the Contracts, to the satisfaction of any demand for adequate assurance of future performance, and to the confirmation of the Plan;

J.      WHEREAS, on September 25, 2017, the Parties filed the *Stipulation Between the Debtors and Henry Schein, Inc. Resolving Plan Objections and Reserving Rights as to Cure Amounts* [Dkt. No. 795] (the "Stipulation"), resolving any objection to the Plan and assumption of the Contracts and continuing the hearing on the Cure Objection to October 25, 2017, at 9:30 a.m. (prevailing Central time);

K.      WHEREAS, the Court confirmed the Plan on September 27, 2017, and entered the *Order Confirming Debtors' Third Amended Joint Plan of Reorganized Under Chapter 11 of the Bankruptcy Code* [Dkt. No. 821] (the "Confirmation Order") on September 29, 2017

L.      WHEREAS, the Confirmation Order approved the Stipulation;

M.      WHEREAS, on October 2, 2017 (the "Effective Date"), the Reorganized Debtors filed the *Notice of Entry of Confirmation Order and Occurrence of Effective Date with Respect to Debtors' Third Amended Joint Plan of Reorganized Under Chapter 11 of the Bankruptcy Code* [Dkt. No. 826];

N.      WHEREAS, pursuant to the Confirmation Order, the Contracts were assumed as of the Effective Date, subject to the Parties rights in the approved Stipulation regarding the determination of the Cure Amount;

O. WHEREAS, the Parties have subsequently continued the hearing regarding determination of the Cure Amount multiple times such that the hearing is currently set on August 14, 2018, at 10:30 a.m. (prevailing Central time), Dkt. Nos. 865, 902, 975; 1033, 1101, 1184, 1274, 1355, and 1361; and

P. WHEREAS, the Reorganized Debtors and the Creditor hereby agree that it is in their mutual interests to continue negotiations regarding the Cure Amount;

## STIPULATION

**NOW, THEREFORE, IN CONSIDERATION OF THE FOREGOING, THE PARTIES HEREBY AGREE AND STIPULATE, AND IT IS ORDERED, AS FOLLOWS:**

1. The foregoing recitals are incorporated herein by reference as if set forth in full herein and are made an express part of this Stipulation and Agreed Order.

2. The Reorganized Debtors and Creditor hereby agree to continue the hearing on the Cure Objection solely to determine the Cure Amounts, if any, that may be required to be paid pursuant to 11 U.S.C. § 365(b)(1)(A), to the omnibus hearings set on September 11, 2018, at 10:30 a.m. (prevailing Central time), and the Reorganized Debtors and Creditor each reserve all rights regarding the Cure Amounts.

3. This Stipulation and Agreed Order will be binding upon, and shall inure to the benefit of each of the Debtors and the Creditor, and their respective agents, employees, representatives, assigns, successors in interest, and attorneys, and shall be binding and effective despite any conversion of any of these bankruptcy cases to a case under any other chapter of the Bankruptcy Code. The Parties consent to the waiving of any stay of effectiveness provided by the Federal Rules of Bankruptcy Procedure.

4. The provisions of this Stipulation and Agreed Order shall be liberally construed to effectuate the treatment of the matters addressed herein. For purposes of determining the

73308971.1

meaning of, or resolving any ambiguity with respect to, any word, phrase, term, or provision of this Stipulation and Agreed Order, the Parties shall be deemed to have had equal bargaining strength in the negotiation of this Stipulation and Agreed Order and equal control over the preparation of this document, such that neither the Stipulation and Agreed Order nor any uncertainty or ambiguity herein shall be arbitrarily construed or resolved against any party under any rule of construction. This Stipulation and Agreed Order shall be construed under the laws of the state of Texas.

5. This Stipulation and Agreed Order may be signed in counterparts and by facsimile, image or by affixing "/s/." When each party has signed and delivered at least one such counterpart, or otherwise indicated in writing that it has approved the Stipulation and Agreed Order and authorize its "/s/", each counterpart shall be deemed an original, and when taken together with the other signed counterpart, shall constitute one Stipulation and Agreed Order.

6. The Parties agreed that each of the Parties to the Stipulation and Agreed Order shall bear its own attorneys' fees and costs in connection with the matters resolved by this Stipulation and Agreed Order.

7. This Stipulation and Agreed Order constitutes the entire agreement between the Parties and may not be amended or modified in any manner except by a writing signed by each of the Parties or their counsel and approved by the Court.

IT IS SO ORDERED.

73308971.1

AGREED:

| **NORTON ROSE FULBRIGHT US LLP** | **MOSES & SINGER LLP** |
|---|---|
| By: */s/ Shivani P. Shah*<br>Louis R. Strubeck, Jr. (SBT 19425600)<br>louis.strubeck@nortonrosefulbright.com<br>John N. Schwartz (SBT 00797397)<br>john.schwartz@nortonrosefulbright.com<br>Liz Boydston (SBT 24053684)<br>liz.boydston@nortonrosefulbright.com<br>Shivani P. Shah (SBT 24102710)<br>shivani.shah@nortonrosefulbright.com<br>Norton Rose Fulbright US LLP<br>2200 Ross Avenue, Suite 3600<br>Dallas, Texas 75201-7932<br>Telephone: (214) 855-8000<br>Facsimile: (214) 855-8200<br><br>*Attorneys for the Reorganized Debtors* | By: */s/ Alan E. Gamza (with permission)*<br>Alan E. Gamza (admitted *pro hac vice*)<br>Jessica K. Bonteque (admitted *pro hac vice*)<br>State Bar. No. 05309900<br>Moses & Singer LLP<br>405 Lexington Avenue, 12th Floor<br>New York, New York 10174-1299<br>Telephone: (212) 554-7800<br>Facsimile: (212) 377-6056<br>Email:agamza@mosessinger.com<br>Email:jbonteque@mosessinger.com<br><br>*Attorney for Henry Schein, Inc.* |