| | |
|---|---|
| William T. Reid, IV (TX Bar No. 00788817)<br>Eric D. Madden (TX Bar No. 24013079)<br>REID COLLINS & TSAI LLP<br>1601 Elm St., 42nd Floor<br>Dallas, Texas 75201<br>Telephone: (214) 420-8900<br>Facsimile:  (214) 420-8909<br>wreid@rctlegal.com<br>emadden@rctlegal.com<br><br>*Counsel for the Adeptus Litigation Trust* | Bradford J. Sandler (*admitted pro hac vice*)<br>Shirley S. Cho (*admitted pro hac vice*)<br>Steven W. Golden (TX Bar No. 24099681)<br>Pachulski Stang Ziehl & Jones LLP<br>919 North Market Street, 17th Floor<br>P.O. Box 8705<br>Wilmington, DE 19801<br>Telephone: (302) 652-4100<br>Facsimile:  (302) 652-4400<br>bsandler@pszjlaw.com<br>scho@pszjlaw.com<br>sgolden@pszjlaw.com |

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| In re:<br><br>ADPT DFW Holdings LLC, *et al.*,<br><br>Debtors. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | Chapter 11<br><br>Case No. 17-31432<br><br>Jointly Administered under<br>Case No. 17-31432 |

**LITIGATION TRUST'S EIGHTEENTH OMNIBUS
OBJECTION TO BOOKS AND RECORDS CLAIMS (MODIFY & REDUCE)**

THIS IS AN OBJECTION TO YOUR CLAIM.  THE LITIGATION TRUST IS OBJECTING TO YOUR CLAIM BECAUSE YOUR CLAIM ASSERTS AMOUNTS THAT ARE HIGHER THAN THE AMOUNTS RELFECTED IN THE DEBTORS' BOOKS AND RECORDS AND SHOULD BE REDUCED TO THE AMOUNT SET FORTH ON EXHIBIT 1 HERETO.

YOU SHOULD LOCATE YOUR CLAIM ON EXHIBIT 1 ATTACHED HERETO.  A COPY OF YOUR CLAIM MAY BE OBTAINED FREE OF CHARGE BY CONTACTING THE TRUST, PATRICIA JEFFRIES at PJEFFRIES@PSZJLAW.COM OR EPIQ BANKRUPTCY SOLUTIONS LLC at ADEPTUS@EPIQSYSTEMS.COM, OR BY VISTING HTTP://DM.EPIQ11.COM/ADPT.

NO HEARING WILL BE CONDUCTED ON THIS OBJECTION UNLESS A WRITTEN RESPONSE IS FILED WITH THE CLERK OF THE UNITED STATES BANKRUPTCY COURT AT 1100 COMMERCE STREET, ROOM 1254, DALLAS, TEXAS 75201 PRIOR TO THE CLOSE OF BUSINESS ON DECEMBER 12, 2018, WHICH IS NO LESS THAN 33 DAYS FROM THE DATE OF SERVICE HEREOF.

THE WRITTEN RESPONSE MUST ALSO BE SERVED UPON BRADFORD J. SANDLER AND SHIRLEY S. CHO, COUNSEL FOR THE TRUST, PRIOR TO THE DATE AND TIME SET FORTH HEREIN. IF A RESPONSE IS FILED, A HEARING WILL BE HELD WITH

NOTICE ONLY TO THE RESPONDING PARTY. IF NO RESPONSE IS FILED AND SERVED AS SET FORTH HEREIN, THE RELIEF REQUESTED HEREIN SHALL BE DEEMED TO BE UNOPPOSED, AND THE COURT MAY ENTER AN ORDER GRANTING THE RELIEF SOUGHT.

The Adeptus Litigation Trust (the "Trust") files this omnibus objection (the "Objection") pursuant to section 502 and 105(a) of title 11 of the United States Code, 11 U.S.C. §§ 101–1532 (the "Bankruptcy Code"), Rule 3007 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and the Claims Objection Procedures (defined below), to proofs of claim that assert amounts that contradict the Debtors' books and records in that they are higher than the amounts that the Trust believes is a valid claim. Through this Objection, the Trust seeks the entry of an order modifying and reducing the proofs of claim identified on **Exhibit 1** annexed hereto, as reflected in the column titled "Modified Claim Amount" (collectively, the "Claims"). In support of this Objection, the Trust submits the declaration of David J. Mack, of Drivetrain LLC (the "Declaration"), a copy of which is attached hereto and respectfully states as follows:

### I.  JURISDICTION, VENUE, AND AUTHORITY

1. This Court has jurisdiction over this Objection pursuant to 28 U.S.C. §§ 157(a) and 1334(a), and Article 12.1 of the Plan. Consideration of this Objection is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(B). Venue is proper in this District and in this Court pursuant to 28 U.S.C. §§ 1408 and 1409. This Court has authority to enter a final order in this matter.

### II.  RELEVANT BACKGROUND

2. On April 19, 2017, ADPT DFW Holdings LLC and its affiliated entities (collectively, the "Debtors") each filed a voluntary petition with this Court under chapter 11 of the Bankruptcy Code. The Debtors retained Epic Bankruptcy Solutions, LLC as their claims and

1

administrative agent who, among other things, maintained the official claims register in the Debtors' cases (the "Claims Register").

3. On September 13, 2017, the Debtors filed their *Third Amended Joint Plan of Reorganization under Chapter 11 of the Bankruptcy Code* (the "Plan") [Dkt. No. 719]. On September 27, 2017, the Court confirmed the Plan and on September 29, 2017, entered the *Order Confirming Debtors' Third Amended Joint Plan of Reorganized Under Chapter 11 of the Bankruptcy Code* (the "Confirmation Order") [Dkt. No. 821]. The Plan became effective on October 2, 2017 (the "Effective Date"). *See* Dkt. No. 826.

4. Pursuant to the Plan, Alan J. Carr of Drivetrain Advisors and Drivetrain LLC was appointed as the initial Trustee of the Trust to administer the Trust in accordance with the terms of the Trust and Plan for the benefit of the Trust beneficiaries. Consistent with the procedures established in the Trust and Plan, Drivetrain LLC has replaced Alan J. Carr as the Trustee of the Trust. Pursuant to Article 6.5 of the Plan and Article 4 of the Trust, the Trustee is vested with the authority to prosecute objections to a wide variety of pre-petition claims, including those identified in this Objection, from and after the Effective Date of the Plan.

5. On June 15, 2018, the Court entered an *Order Granting Litigation Trust's Motion to Establish Claim Objection Procedures* [Dkt. No. 1338] ("Claims Procedures Order"). The Claims Procedure Order allows the Trust to file objections to claims using the negative notice provisions under Local Rule 9007 and to file omnibus objections on various additional grounds other than those set forth in Bankruptcy Rule 3007(d).

6. The Claims. The Trust has identified the claims on **Exhibit 1** hereto that assert amounts that are higher than the amount set forth on the Debtors' books and records. Accordingly, to prevent an unwarranted recovery by the claimants asserting the Claims to the

detriment of other creditors, the Trust requests that the Court modify and reduce the Claims, as set forth on **Exhibit 1** hereto, on the Claims Register.

### III.    BASIS FOR RELIEF REQUESTED

A.    **The Trust Has Met The Burden of Proof on the Objection.**

7.    Pursuant to Section 502(a) of the Bankruptcy Code, a filed proof of claim is deemed allowed, unless a party in interest objects. 11 U.S.C. § 502(a). A properly executed and filed proof of claim constitutes prima facie evidence of the validity and the amount of the claim under section 502(a) of the Bankruptcy Code. Fed. R. Bankr. P. 3001(f). To receive the benefit of prima facie validity, however, a proof of claim must assert factual allegations which would entitle the claimant to a recovery. *In re Heritage Org., LLC*, 04-35574 (BJH), 206 WL 6508477, at *8 (Bankr. N.D. Tex. Jan. 27, 2006). Additionally, a claimant's proof of claim is entitled to the presumption of prima facie validity under Bankruptcy Rule 3001(f) only until an objecting party refutes at least one of the allegations that is essential to the claim's legal sufficiency. *In re Starnes*, 231 B.R. 903, 912 (N.D. Tex. 1998). Once an allegation is refuted, "the burden shifts to the claimant to prove by a preponderance of the evidence*.*" *In re Congress, LLC*, 529 B.R. 213, 219 (Bankr. W.D. Tex. 2015); s*ee also Cavu/Rock Props. Project I, LLC v. Gold Star Constr., Inc.* (*In re Cavu/Rock Props. Project I, LLC*), 516 B.R. 414, 422 (Bankr. W.D. Tex. 2014). "The ultimate burden of proof always lies with the claimant." *In re Armstrong*, 347 B.R. 581, 583 (Bankr. N.D. Tex. 2006).

8.    If the Claims are not modified and reduced, the potential exists for the claimants to receive an unwarranted recovery against the Debtors, to the detriment of other similarly-situated creditors. As set forth in the Declaration, the Claims are asserted in an amount

3

higher than reflected in the Debtors' books and records, and accordingly, the Trust seeks the entry of the Proposed Order attached hereto as **Exhibit A**.

B. **The Omnibus Procedures Have Been Properly Followed.**

9. An omnibus objection is appropriate in this case because the Claims Objection Procedure permits claims filed against the Debtors to which the amount claimed contradicts the Debtors' books and records, including the Debtors' schedules, to be objected to on an omnibus basis. Bankruptcy Rule 3007(f) provides that "[t]he finality of any order regarding a claim objection included in an omnibus objection shall be determined as though the claim had been subject to an individual objection." FED. R. BANKR. P. 3007(f).

10. In compliance with Bankruptcy Rule 3007 and Local Bankruptcy Rule 3007-1, as modified by the Claims Procedures Order, a copy of the Objection was served on: (1) the holders of the Claims by first class mail to the addresses listed on the Claims, as well as on the person identified on the signature block of the Claims; (2) the United States Trustee; and (3) counsel to the Reorganized Debtors. The notice of the Objection has also been served on those who have requested notice pursuant to Bankruptcy Rule 2002. The holders of the Claims have also been provided at least thirty-three (33) days from service of the Objection to file a written response to the Objection and the Claims have been listed in alphabetical order on **Exhibit 1** attached hereto.

IV. **RESPONSE BY CLAIMANT**

11. If any claimant believes that any of the Claims should not be disallowed, it must present affirmative evidence demonstrating the validity of its Claim(s) by way of a written response that contains the following:

> (a) A concise statement setting forth the reasons why the Claim(s) should not be disallowed for the reasons set forth in the Objection,

4

      including, but not limited to, the specific factual and legal bases upon which the claimant will rely in opposing the Objection;

      (b)  A copy of all documentation or other evidence of the Claim(s), to the extent not included with the proof of claim, upon which the claimant will rely in opposing the Objection at the hearing; and

      (c)  A list of witnesses who may testify on behalf of the claimant at the hearing.

As noted on the first page of this Objection, written responses must be filed with the Clerk of the United States Bankruptcy Court and served on Bradford J. Sandler and Shirley S. Cho, counsel for the Trust, no later than December 12, 2018.

## V.     RESERVATION OF RIGHTS

12.     This Objection is limited to the grounds stated herein. Accordingly, it is without prejudice to the rights of the Trust or any other party in interest to object to any of the Claims (to the extent not disallowed and expunged pursuant to this Objection) on any other grounds whatsoever, and the Trust expressly reserves all further substantive or procedural objections it may have should the Objection be overruled. The Trust reserves its right to object on other stated grounds or on any other grounds that it discovers during the pendency of these bankruptcy cases. In addition, the Trust reserves the right to file counterclaims against the holders of any such claims.

## VI.     NOTICE

13.     The Trust has provided notice of this Objection to: (a) all claimants holding the Claims and counsel, if any, listed on **Exhibit 1**; (b) the Office of the United States Trustee; (c) counsel for the Reorganized Debtors; and (d) all parties that have filed a request to receive service of court filings pursuant to Bankruptcy Rule 2002. Additionally, the Trust has prepared a form "Notice of Objection to Your Claim" attached hereto as **Exhibit A** to accompany

5

service of the Objection. Pursuant to the Claims Procedure Order, the Trust respectfully submits that no further notice is required.

### VII. CONCLUSION

**WHEREFORE**, for the reasons stated in the Objection, the Trust respectfully requests entry of an order in substantially the same form as the proposed order attached hereto as **Exhibit B** (a) sustaining this Objection; (b) disallowing and expunging the Claims; (c) reserving all rights to object on any other ground, and (d) granting such other and further relief as the Court deems just and proper.

Dated: November 9, 2018

PACHULSKI STANG ZIEHL & JONES LLP

*/s/ Steven W. Golden*
Bradford J. Sandler (*admitted pro hac vice*)
Shirley S. Cho (*admitted pro hac vice*)
Steven W. Golden (TX Bar No. 24099681)
919 North Market Street, 17th Floor
P.O. Box 8705
Wilmington, Delaware 19801
Tel.: (302) 652-4100 / Fax: (302) 652-4400
bsandler@pszjlaw.com
scho@pszjlaw.com
sgolden@pszjlaw.com

-and-

William T. Reid, IV (TX Bar No. 00788817)
Eric D. Madden (TX Bar No. 24013079)
REID COLLINS & TSAI LLP
1601 Elm St., 42nd Floor
Dallas, Texas 75201
Tel.: (214) 420-8900 / Fax: (214)420-8909
wreid@rctlegal.com
emadden@rctlegal.com

*Counsel for the Adeptus Litigation Trust*

William T. Reid, IV (TX Bar No. 00788817)
Eric D. Madden (TX Bar No. 24013079)
REID COLLINS & TSAI LLP
1601 Elm St., 42nd Floor
Dallas, Texas 75201
Telephone: (214) 420-8900
Facsimile:  (214) 420-8909
wreid@rctlegal.com
emadden@rctlegal.com

*Counsel for the Adeptus Litigation Trust*

Bradford J. Sandler (*admitted pro hac vice*)
Shirley S. Cho (*admitted pro hac vice*)
Steven W. Golden (TX Bar No. 24099681)
Pachulski Stang Ziehl & Jones LLP
919 North Market Street, 17th Floor
P.O. Box 8705
Wilmington, DE 19801
Telephone: (302) 652-4100
Facsimile:  (302) 652-4400
bsandler@pszjlaw.com
scho@pszjlaw.com
sgolden@pszjlaw.com

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | |
|---|---|
| In re:<br><br>ADPT DFW Holdings LLC, *et al.*,<br><br>Debtors. | § Chapter 11<br>§<br>§ Case No. 17-31432<br>§<br>§ Jointly Administered under<br>§ Case No. 17-31432 |

**DECLARATION OF DAVID J. MACK IN SUPPORT OF THE
LITIGATION TRUST'S EIGHTEENTH OMNIBUS OBJECTION
TO BOOKS AND RECORDS CLAIMS (MODIFY & REDUCE)**

I, David J. Mack, hereby declare under penalty of perjury that the following is true and correct:

1.  I am over the age of 18 years of age. I am retained by Drivetrain LLC ("Drivetrain"). Drivetrain is the Trustee of the Adeptus Litigation Trust. I am authorized to submit this declaration (the "Declaration") in support of the *Litigation Trust's Eighteenth Omnibus Objection to Books and Records Claims(Modify & Reduce)* (the "Objection"),[1] and I am familiar with the information contained therein, either from personal knowledge, information

---

[1] Unless otherwise defined herein, capitalized terms shall have the meanings ascribed to them in the Objection.

supplied by the Reorganized Debtors, my review of the relevant documents regarding the Debtors' bankruptcy cases, finances and/or business affairs, the Debtors' books and records, and the Trust documents. I make this Declaration on the basis of my review of the claims referenced in the Objection and the Debtors' books and records regarding the Claims.

2. I have familiarity with the claims review process. In that capacity, I have reviewed the Trust's files pertaining to the Claims, and am directly familiar with the Claims. Additionally, I have read the Objection and the proposed order with respect to the Objection. The Claims were reviewed and analyzed in good faith and by utilizing due diligence by appropriate personnel.

3. Based upon these efforts and to the best of my knowledge, I have determined that the Claims are asserted in an amount higher than reflected in the Debtors' books and records. Further, absent the relief requested in the Objection, I believe the Trust's timely reconciliation and administration of claims will be unduly delayed.

4. Accordingly, based upon my review of the Claims subject to the Objection, I believe that the relief sought in the Objection is in the best interests of the Trust, the Debtors' estates, and creditors.

[*Remainder of page intentionally left blank*]

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge, information and belief.

Dated:  November 9, 2018

_____
David J. Mack

# **EXHIBIT 1**

## **Books and Records Claims**

## Books and Records Claims

| CLAIMANT | CLAIM NO. | DEBTOR NAME | FILED UNSECURED AMOUNT | MODIFIED AMOUNT |
|---|---|---|---|---|
| ASAP-360 HEALTH, LLC | 126 | ADPT DFW Holdings LLC | $1,810,392.56 | $1,010,392.56 |
| JOHNSON & JOHNSON HEALTHCARE SYSTEMS INC | 599 | First Choice ER, LLC | $165,087.36 | $96,814.10 |
| NATIONAL ULTRASOUND LLC | 1715 | DPT DFW Holdings LLC | $213,245.00 | $79,879.00 |
| SCG CAPITAL CORP, ASSIGNEE OF GE HFS,LLC | 2461 | First Choice ER, LLC | $813,327.13 | $452,720.15 |
| SCG CAPITAL CORP, ASSIGNEE OF GE HFS,LLC | 2438 | First Choice ER, LLC | $871,650.57 | $832,780.16 |
| SCG CAPITAL CORP, ASSIGNEE OF GE HFS,LLC | 2450 | First Choice ER, LLC | $4,003,711.92 | $2,845,076.63 |
| WORKPLACE SOLUTIONS, INC | 2350 | First choice ER, LLC | $1,304,906.75 | $917,311.41 |

## **EXHIBIT A**

**Notice of Objection to Your Claim**

DOCS_SF:98119.3 13046/001

| | |
|---|---|
| William T. Reid, IV (TX Bar No. 00788817) | Bradford J. Sandler (*admitted pro hac vice*) |
| Eric D. Madden (TX Bar No. 24013079) | Shirley S. Cho (*admitted pro hac vice*) |
| REID COLLINS & TSAI LLP | Steven W. Golden (TX Bar No. 24099681) |
| 1601 Elm St., 42nd Floor | Pachulski Stang Ziehl & Jones LLP |
| Dallas, Texas 75201 | 919 North Market Street, 17th Floor |
| Telephone: (214) 420-8900 | P.O. Box 8705 |
| Facsimile:   (214) 420-8909 | Wilmington, DE 19801 |
| wreid@rctlegal.com | Telephone: (302) 652-4100 |
| emadden@rctlegal.com | Facsimile:  (302) 652-4400 |
| | bsandler@pszjlaw.com |
| | scho@pszjlaw.com |
| *Counsel for the Adeptus Litigation Trust* | sgolden@pszjlaw.com |

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| In re: | § § § | Chapter 11 |
| ADPT DFW Holdings LLC, *et al.*, | § § § | Case No. 17-31432 |
| Debtors. | § § § | Jointly Administered under Case No. 17-31432 |

**NOTICE OF OBJECTION TO YOUR CLAIM**

**TO:** **THE CLAIMANTS IDENTIFIED IN EXHIBIT 1 TO THE LITIGATION TRUST'S EIGHTEENTH OMNIBUS OBJECTION TO BOOKS AND RECORDS CLAIMS (MODIFY & REDUCE)**

**PLEASE TAKE NOTICE** that the Adeptus Litigation Trust ("Trust") has filed an objection ("Objection") to disallow certain proofs of claim that assert amounts that contradict the Debtors' books and records.  You should locate your name on "Exhibit 1" to the Objection. Because the Trust seeks to modify and reduce your claim ("Claim"), you should read this notice and the attached Objection carefully.

**PLEASE TAKE FURTHER NOTICE** that no hearing will be conducted on the Objection unless a written response is filed with the clerk of the United States Bankruptcy Court at 1100 Commerce Street, Room 1254, Dallas, Texas 75201 prior to the close of business on December 12, 2018, which is no less than 33 days from the date of service hereof.  A copy of the response must be served upon Bradford J. Sandler and Shirley S. Cho, counsel for the Trust, on or before December 12, 2018.  If a response is timely filed, a hearing will be held with notice only to the responding party.  If no response is filed and served as set forth herein, the relief requested herein shall be deemed to be unopposed, and the Court may enter an order granting the relief sought.

**PLEASE TAKE FURTHER NOTICE** that, pursuant to the *Order Regarding Telephonic Appearances* (Dkt. No. 62), prior court approval is not required for telephonic appearances by non-attorney parties who desire to participate in "listen-in only" mode. If counsel is presenting evidence, questioning witnesses, or intending to make extensive legal argument, then counsel must obtain prior approval for a telephonic appearance by email requested to sgj_settings@txnb.uscourts.gov at least 24 hours prior to the hearing. Counsel and non-attorney parties must set up each telephonic appearance with CourtCall the day before the hearing, if not sooner. The contact number for CourtCall is (866) 582-6878.

**PLEASE TAKE FURTHER NOTICE** that nothing in this Notice or the accompanying Objection constitutes a waiver of the right of the Trust to assert any claims, counterclaims, rights of offset or recoupment, preference actions, fraudulent-transfer actions, or any other bankruptcy or non-bankruptcy claims or objections against you or the Claim(s), including any additional objections regarding the allowance of the Claim(s).

Dated:  November 9, 2018    PACHULSKI STANG ZIEHL & JONES LLP

*/s/ Steven W. Golden*
Bradford J. Sandler (*admitted pro hac vice*)
Shirley S. Cho (*admitted pro hac vice*)
Steven W. Golden (TX Bar No. 24099681)
919 North Market Street, 17th Floor
P.O. Box 8705
Wilmington, Delaware 19801
Tel.: (302) 652-4100 / Fax: (302) 652-4400
bsandler@pszjlaw.com
scho@pszjlaw.com
sgolden@pszjlaw.com

-and-

William T. Reid, IV (TX Bar No. 00788817)
Eric D. Madden (TX Bar No. 24013079)
REID COLLINS & TSAI LLP
1601 Elm St., 42nd Floor
Dallas, Texas 75201
Tel.: (214) 420-8900 / Fax: (214)420-8909
wreid@rctlegal.com
emadden@rctlegal.com

*Counsel for the Adeptus Litigation Trust*

2

## **EXHIBIT B**

**Proposed Order**

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | |
|---|---|
| In re:<br><br>ADPT DFW Holdings LLC, *et al.*,<br><br>Debtors. | § Chapter 11<br>§<br>§ Case No. 17-31432<br>§<br>§ Jointly Administered under<br>§ Case No. 17-31432 |

**ORDER GRANTING LITIGATION TRUST'S EIGHTEENTH OMNIBUS
OBJECTION TO BOOKS AND RECORDS CLAIMS (MODIFY & REDUCE)**

The Court considered the *Litigation Trust's Eighteenth Omnibus Objection to Books and Records Claims (Modify & Reduce)* (the "Objection") filed by the Adeptus Litigation Trust (the "Trust") pursuant to which the Trust seeks to modify and reduce the Claims; the Court having reviewed the Objection and finding that (a) the Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334, (b) this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2), (c) notice of the Objection and of the hearing on the Objection was sufficient under the circumstances and in full compliance with the requirements of the Bankruptcy Code, the Bankruptcy Rules and the Local Rules, and (d) that good cause appears for the relief requested, it is therefore **HEREBY ORDERED THAT**:

1. The Objection is SUSTAINED.

2. Each of the Claims identified on **Exhibit 1** attached hereto is hereby modified and reduced as reflected in the column titled "Modified Claim Amount."

3. The Trust, or the claims agent, Epiq Bankruptcy Solutions, LLC, as applicable, is authorized to update the Claims Register in these cases to reflect the relief granted in this Order.

2

    4.       The Order shall be immediately effective and enforceable upon its entry.

    5.       This Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Order.

    6.       Each of the Claims and the objections by the Trust to such Claims, constitutes a separate contested matter as contemplated by Bankruptcy Rule 9014.  This Order shall be deemed a separate Order with respect to each of the Claims.

### END OF ORDER ###