

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| In re: | § | Chapter 11 |
| | § | |
| ADPT DFW Holdings LLC, *et al.*, | § | Case No. 17-31432 |
| | § | |
| Debtors. | § | Jointly Administered under |
| | § | Case No. 17-31432 |

**STIPULATION AND AGREED ORDER**
**RESOLVING CLAIMS OF HENRY SCHEIN, INC.**

This Stipulation ("Stipulation") and Agreed Order (this "Order") is entered into between the Adeptus Litigation Trust (the "Trust"), and claimant Henry Schein, Inc. ("HSI"). The Trust and HSI shall also be referred to herein as a "Party" and collectively, the "Parties."

## RECITALS

**WHEREAS**, on April 19, 2017, ADPT DFW Holdings LLC and its affiliated entities each filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code 11 U.S.C. §§ 101 et seq., as amended, thereby initiating this bankruptcy case.

**WHEREAS**, on June 30, 2017, HSI filed seventy-one (71) separate, identical proofs of claim identified as claim numbers 1738 through and including 1770, and 1774 through 1811 on the claims register (the "PSA Claims") on account of goods sold by HSI to the Debtors pursuant to that certain Primary Supplier Agreement between HSI and the Debtors.

**WHEREAS**, on June 30, 2017, HSI also filed six (6) separate, proofs of claim identified as claim numbers 1717 through and including 1719, and 1771 through and including 1773 on the claims register (the "Equipment Claims") on account of equipment sold to the Debtors. Claims 1771, 1772 and 1773 are duplicate claims of 1717, 1718 and 1719.

**WHEREAS**, on February 19, 2019, the Court entered a *Stipulation and Agreed Order Between the Reorganized Debtors and Henry Schein, Inc., Resolving the Cure Amounts* [Docket No. 1465] (the "Cure Order"), which relates to the PSA Claims.

## STIPULATION

**NOW, THEREFORE, IN CONSIDERATION OF THE FOREGOING, THE PARTIES HEREBY AGREE AND STIPULATE AS FOLLOWS:**

1.  The foregoing recitals are incorporated herein by reference as if set forth in full herein and are made an express part of this Stipulation;

2.  This Stipulation and Agreed Order is made expressly contingent upon approval of, and entry by, the Bankruptcy Court and, should the Stipulation and Agreed Order not be approved and entered, the Parties will be deemed to have returned to their respective positions immediately

prior to the execution of this Stipulation without prejudice and with all rights and privileges reserved;

3.     The Parties agree that proofs of claim numbers 1738 through and including 1770, and 1774 through 1811, which are asserted on account of contracts that were assumed under the Cure Order, are deemed satisfied and waived pursuant to the terms of the Cure Order;

4.     The Parties further agree that proof of claim numbers of 1717, 1718 and 1719 are duplicative of Claims 1771, 1772 and 1773 and shall be disallowed in their entirety and expunged;

5.     The Parties further agree that Claim number 1771 shall be allowed as a general unsecured claim in the amount of $1,576.95 ;

6.     The Parties further agree that Claim number 1772 shall be allowed as a general unsecured claim in the amount of $55,234.40 ;

7.     The Parties further agree that Claim number 1773 shall be allowed as a general unsecured claim in the amount of $73,178.11;

8.     This Stipulation and Agreed Order shall be binding upon, and shall inure to the benefit of each of, the Parties and each of their respective agents, employees, representatives, assigns, successors in interest, and attorneys, and shall be binding and effective despite any conversion of any of these bankruptcy cases to a case under any other chapter of the Bankruptcy Code;

9.     HSI represents that it has not transferred any claim (or any portion thereof) that is the subject of this Stipulation and Agreed Order;

10.     Each of the Parties shall be responsible for its respective costs and expenses (including, without limitation, attorneys' fees, and expenses) incurred by it in negotiating, drafting,

3

and executing this Stipulation and Agreed Order and shall not be responsible for the payment of any such fees or expenses incurred by any other party hereto;

11.     This Stipulation and Agreed Order constitutes the entire agreement between the Parties and may not be amended or modified in any manner except by a writing signed by both of the Parties or their counsel and approved by the Bankruptcy Court;

12.     Each Party and signatory to this Stipulation and Agreed Order represents and warrants to each other Party that such Party or signatory has full power, authority, and legal right and has obtained all approvals and consents necessary to execute, deliver, and perform all actions required under this Stipulation and Agreed Order and, where applicable, has obtained all authority, approvals, and consents necessary to act on behalf of another Party to execute, deliver, and perform all actions required under this Stipulation and Agreed Order;

13.     The terms and conditions of this Stipulation and Agreed Order are immediately effective and enforceable upon its entry notwithstanding any applicable stay provided by the Federal Rules of Bankruptcy Procedure; and

14.     The Bankruptcy Court shall retain exclusive jurisdiction to hear and finally determine all disputes arising from or related to this Stipulation and Agreed Order, including the performance of the Parties' obligations hereunder and the implementation, interpretation and enforcement of this Stipulation and Agreed Order.  The Parties each consent to the Bankruptcy Court hearing and finally determining all such disputes.  Further, the Parties each agree to waive trial by jury in an action, proceeding, or counterclaim brought by or on behalf of the Parties hereto with respect to any such dispute.

IT IS SO ORDERED.

AGREED:

MOSES & SINGER LLP

*/s/ Jessica K. Bonteque*
Alan E. Gamza, Esq.
Jessica K. Bonteque, Esq.
The Chrysler Building
405 Lexington Avenue
New York, NY 10174-1299
Telephone:  (212) 554-7800
Facsimile:  (212) 554-7700
Email:  agamza@mosessinger.com
         jbonteque@mosessinger.com

*Counsel for Henry Schein, Inc.*

PACHULSKI STANG ZIEHL & JONES LLP

*/s/ Steven W. Golden*
Bradford J. Sandler (*admitted pro hac vice*)
Shirley S. Cho (*admitted pro hac vice*)
Steven W. Golden (TX Bar No. 24099681)
Pachulski Stang Ziehl & Jones LLP
919 North Market Street, 17th Floor
Wilmington, DE 19801
Telephone: (302) 652-4100
Facsimile: (302) 652-4400
Email  bsandler@pszjlaw.com
        scho@pszjlaw.com
        sgolden@pszjlaw.com

*Counsel for the Adeptus Litigation Trust*

-and-

William T. Reid, IV (TX Bar No. 00788817)
Eric D. Madden (TX Bar No. 24013079)
Reid Collins & Tsai LLP
1601 Elm St., 42nd Floor
Dallas, Texas 75201
Tel.: (214) 420-8900 / Fax: (214)420-8909
Email:     wreid@rctlegal.com
           emadden@rctlegal.com

*Counsel for the Adeptus Litigation Trust*