| | |
|---|---|
| William T. Reid, IV (TX Bar No. 00788817) | Bradford J. Sandler (*admitted pro hac vice*) |
| Eric D. Madden (TX Bar No. 24013079) | Shirley S. Cho (*admitted pro hac vice*) |
| REID COLLINS & TSAI LLP | Steven W. Golden (TX Bar No. 24099681) |
| 1601 Elm St., 42nd Floor | Pachulski Stang Ziehl & Jones LLP |
| Dallas, Texas 75201 | 919 North Market Street, 17th Floor |
| Telephone: (214) 420-8900 | P.O. Box 8705 |
| Facsimile:  (214) 420-8909 | Wilmington, DE 19801 |
| wreid@rctlegal.com | Telephone: (302) 652-4100 |
| emadden@rctlegal.com | Facsimile:  (302) 652-4400 |
| | bsandler@pszjlaw.com |
| | scho@pszjlaw.com |
| *Counsel for the Adeptus Litigation Trust* | sgolden@pszjlaw.com |

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| In re: | § § § | Chapter 11 |
| ADPT DFW Holdings LLC, *et al.*, | § § § | Case No. 17-31432 |
| Debtors. | § § § § | Jointly Administered under Case No. 17-31432 |

**LITIGATION TRUST'S NINETEENTH OMNIBUS
OBJECTION TO CLAIMS (EMPLOYEE CLAIMS)**

THIS IS AN OBJECTION TO YOUR CLAIM.  THE LITIGATION TRUST IS OBJECTING TO YOUR CLAIM UNDER SECTIONS 502(b)(1) OF THE BANKRUPTCY CODE.

YOU SHOULD LOCATE YOUR CLAIM ON EXHIBIT 1 ATTACHED HERETO.  A COPY OF YOUR CLAIM MAY BE OBTAINED FREE OF CHARGE BY CONTACTING THE TRUST, PATRICIA JEFFRIES at PJEFFRIES@PSZJLAW.COM OR EPIQ BANKRUPTCY SOLUTIONS LLC at ADEPTUS@EPIQSYSTEMS.COM, OR BY VISTING HTTP://DM.EPIQ11.COM/ADPT.

NO HEARING WILL BE CONDUCTED ON THIS OBJECTION UNLESS A WRITTEN RESPONSE IS FILED WITH THE CLERK OF THE UNITED STATES BANKRUPTCY COURT AT 1100 COMMERCE STREET, ROOM 1254, DALLAS, TEXAS 75201 PRIOR TO THE CLOSE OF BUSINESS ON JULY 8, 2019, WHICH IS NO LESS THAN 33 DAYS FROM THE DATE OF SERVICE HEREOF.

THE WRITTEN RESPONSE MUST ALSO BE SERVED UPON BRADFORD J. SANDLER AND SHIRLEY S. CHO, COUNSEL FOR THE TRUST, PRIOR TO THE DATE AND TIME SET FORTH HEREIN. IF A RESPONSE IS FILED, A HEARING WILL BE HELD WITH NOTICE ONLY TO THE RESPONDING PARTY.  IF NO RESPONSE IS FILED AND SERVED AS SET FORTH HEREIN, THE RELIEF REQUESTED HEREIN SHALL BE

DEEMED TO BE UNOPPOSED, AND THE COURT MAY ENTER AN ORDER GRANTING THE RELIEF SOUGHT.

The Adeptus Litigation Trust (the "Trust"), files this omnibus objection (the "Objection") pursuant to section 502 and 105(a) of title 11 of the United States Code, 11 U.S.C. §§ 101–1532 (the "Bankruptcy Code"), Rule 3007 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and the Claims Objection Procedures (defined below), for (i) entry of an order disallowing and expunging the proofs of claim identified on **Exhibit 1** annexed hereto (collectively, the "Employee Claims"), or (ii) in the alternative, to estimate the claims at $0.00 pursuant to section 502(c)(1) for purposes of allowance and distribution under the Plan. In support of this Objection, the Trust respectfully states as follows:

## I. JURISDICTION, VENUE, AND AUTHORITY

1. This Court has jurisdiction over this Objection pursuant to 28 U.S.C. §§ 157(a) and 1334(a), and Article 12.1 of the Plan. Consideration of this Objection is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(B). Venue is proper in this District and in this Court pursuant to 28 U.S.C. §§ 1408 and 1409. This Court has authority to enter a final order in this matter.

## II. RELEVANT BACKGROUND

2. On April 19, 2017, ADPT DFW Holdings LLC and its affiliated entities (collectively, the "Debtors") each filed a voluntary petition with this Court under chapter 11 of the Bankruptcy Code. The Debtors retained Epic Bankruptcy Solutions, LLC as their claims and administrative agent who, among other things, maintained the official claims register in the Debtors' cases (the "Claims Register").

3. On September 13, 2017, the Debtors filed their *Third Amended Joint Plan of Reorganization under Chapter 11 of the Bankruptcy Code* (the "Plan") [Dkt. No. 719]. On

1

2

September 27, 2017, the Court confirmed the Plan and on September 29, 2017, entered the *Order Confirming Debtors' Third Amended Joint Plan of Reorganized Under Chapter 11 of the Bankruptcy Code* (the "Confirmation Order") [Dkt.. No. 821]. The Plan became effective on October 2, 2017 (the "Effective Date"). *See* Dkt. No. 826.

4. Pursuant to the Plan, Alan J. Carr of Drivetrain Advisors and Drivetrain LLC was appointed as the initial Trustee of the Trust to administer the Trust in accordance with the terms of the Trust and Plan for the benefit of the Trust beneficiaries. Consistent with the procedures established in the Trust and Plan, Drivetrain LLC has replaced Alan J. Carr as the Trustee of the Trust. Pursuant to Article 6.5 of the Plan and Article 4 of the Trust, the Trustee is vested with the authority to prosecute objections to a wide variety of pre-petition claims, including those identified in this Objection, from and after the Effective Date of the Plan.

5. On June 15, 2018, the Court entered an *Order Granting Litigation Trust's Motion to Establish Claim Objection Procedures* [Dkt. No. 1338] ("Claims Procedures Order"). The Claims Procedure Order allows the Trust to file objections to claims using the negative notice provisions under Local Rule 9007 and to file omnibus objections on various additional grounds other than those set forth in Bankruptcy Rule 3007(d).

6. The Employee Claims. The Trust has identified the claims set forth on **Exhibit 1**, which are all asserted against the Debtors in unliquidated amounts by former employees (the "Claimants") of the Debtors. All of the Claims are face sheet filings that do not state the basis for the claim, the amount asserted, or attach any documentation.

### III. RELIEF REQUESTED

7. Pursuant to Section 502(a) of the Bankruptcy Code, a filed proof of claim is deemed allowed, unless a party in interest objects. 11 U.S.C. § 502(a). A properly executed

and filed proof of claim constitutes prima facie evidence of the validity and the amount of the claim under section 502(a) of the Bankruptcy Code. Fed. R. Bankr. P. 3001(f). To receive the benefit of *prima facie* validity, however, a proof of claim must assert factual allegations which would entitle the claimant to a recovery. *In re Heritage Org.*, LLC, 04-35574 (BJH), 206 WL 6508477, at *8 (Bankr. N.D. Tex. Jan. 27, 2006). Additionally, a claimant's proof of claim is entitled to the presumption of prima facie validity under Bankruptcy Rule 3001(f) only until an objecting party refutes at least one of the allegations that is essential to the claim's legal sufficiency. *In re Starnes*, 231 B.R. 903, 912 (N.D. Tex. 1998). Once an allegation is refuted, "the burden shifts to the claimant to prove by a preponderance of the evidence." *In re Congress, LLC*, 529 B.R. 213, 219 (Bankr. W.D. Tex. 2015); *see also Cavu/Rock Props. Project I, LLC v. Gold Star Constr., Inc. (In re Cavu/Rock Props. Project I, LLC)*, 516 B.R. 414, 422 (Bankr. W.D. Tex. 2014). "The ultimate burden of proof always lies with the claimant." *In re Armstrong*, 347 B.R. 581, 583 (Bankr. N.D. Tex. 2006).

8. Also, to the extent that the certain of the claimants can be considered insiders due to their status as former directors and officers of the Debtors, the creditor's burden is heightened. In the Fifth Circuit, an insider's dealings with a bankrupt corporation are subject to "rigorous" or "strict" scrutiny. *In re Fabricators, Inc.*, 926 F.2d 1458, 1465 (5th Cir. 1991) ("A claim arising from the dealings between a debtor and an insider is to be rigorously scrutinized by the courts."); *In re Mobile Steel Co.*, 563 F.2d 692, 701 (5th Cir. 1977) (same); *see also In re Mid-Am. Waste Sys., Inc.*, 284 B.R. 53, 69 (Bankr. D. Del. 2002) ("Although there is an initial presumption of validity that attaches to all claims, claims asserted by insiders or fiduciaries demand closer scrutiny.").

**A.      The Employee Claims Should be Disallowed.**

9.      Section 502(b)(1) of the Bankruptcy Code provides, in relevant part, that a claim may not be allowed to the extent that "such claim is unenforceable against the debtor and property of the debtor, under any agreement or applicable law." 11 U.S.C. § 502(b)(1). A creditor holds a claim against a bankruptcy estate only to the extent that it has a "right to payment" for the asserted liability. *See* 11 U.S.C. §§ 101(5), 101(10). By contrast, there is no right to payment — and therefore no claim — to the extent that the asserted liability is not due and owing by a debtor. The Employee Claims lack any documentation that would support the validity of such claims. Further, the Debtors' books and records do not reflect any amount owing to claimants on account of the Employee Claims.

**B.      The Omnibus Procedures Have Been Properly Followed.**

10.     An omnibus objection is appropriate in this case because the Claims Objection Procedure permits claims filed against the Debtors to which the claims are objectionable under section 502(e)(1) of the Bankruptcy Code, and/or the amount claimed contradicts the Debtors' books and records under section 502(b)(1), including the Debtors' schedules, to be objected to on an omnibus basis. Bankruptcy Rule 3007(f) provides that "[t]he finality of any order regarding a claim objection included in an omnibus objection shall be determined as though the claim had been subject to an individual objection." FED. R. BANKR. P. 3007(f).

11.     In compliance with Bankruptcy Rule 3007 and Local Bankruptcy Rule 3007-1, as modified by the Claims Procedures Order, a copy of the Objection was served on: (1) the holders of the Employee Claims and their counsel by first class mail to the addresses listed on the Employee Claims, as well on the person identified on the signature block of the

Employee Claims; (2) the United States Trustee; and (3) counsel to the Reorganized Debtors. The notice of the Objection has also been served on those who have requested notice pursuant to Bankruptcy Rule 2002. The holders of the Employee Claims have also been provided at least thirty-three (33) days from service of the Objection to file a written response to the Objection and the Employee Claims have been listed in alphabetical order on **Exhibit 1** attached hereto.

### IV. RESPONSE BY CLAIMANT

12. If any claimant believes that any of the Employee Claims should not be disallowed, it must present affirmative evidence demonstrating the validity of its Employee Claim(s) by way of a written response that contains the following:

> (a) A concise statement setting forth the reasons why the Employee Claim(s) should not be disallowed for the reasons set forth in the Objection, including, but not limited to, the specific factual and legal bases upon which the claimant will rely in opposing the Objection;
>
> (b) A copy of all documentation or other evidence of the Employee Claim(s), to the extent not included with the proof of claim, upon which the claimant will rely in opposing the Objection at the hearing; and
>
> (c) A list of witnesses who may testify on behalf of the claimant at the hearing.

As noted on the first page of this Objection, written responses must be filed with the Clerk of the United States Bankruptcy Court and served on Bradford J. Sandler and Shirley S. Cho, counsel for the Trust, no later than July 8, 2019.

### V. RESERVATION OF RIGHTS

13. This Objection is limited to the grounds stated herein. Accordingly, it is without prejudice to the rights of the Trust or any other party in interest to object to any of the Employee Claims (to the extent not disallowed and expunged pursuant to this Objection) on any

5

grounds whatsoever, and the Trust expressly reserves all further substantive or procedural objections it may have should the Objection be overruled. The Trust reserves its right to object on other stated grounds or on any other grounds that it discovers during the pendency of these bankruptcy cases. In addition, the Trust reserves the right to file counterclaims against the holders of any such claims.

## VI. NOTICE

14. The Trust has provided notice of this Objection to: (a) all claimants holding the Employee Claims and counsel, if any, listed on **Exhibit 1**; (b) the Office of the United States Trustee; (c) counsel for the Reorganized Debtors; and (d) all parties that have filed a request to receive service of court filings pursuant to Bankruptcy Rule 2002. Additionally, the Trust has prepared a form "Notice of Objection to Your Claim" attached hereto as **Exhibit A** to accompany service of the Objection. Pursuant to the Claims Procedure Order, the Trust respectfully submits that no further notice is required.

## VII. CONCLUSION

**WHEREFORE**, for the reasons stated in the Objection, the Trust respectfully requests entry of an order in substantially the same form as the proposed order attached hereto as **Exhibit B** (a) sustaining this Objection; (b) disallowing and expunging the Employee Claims; (c) reserving all rights to object on any other ground, and (d) granting such other and further relief as the Court deems just and proper.

Dated: June 4, 2019                                  PACHULSKI STANG ZIEHL & JONES LLP

*/s/ Steven W. Golden*
Bradford J. Sandler (*admitted pro hac vice*)
Shirley S. Cho (*admitted pro hac vice*)
Steven W. Golden (TX Bar No. 24099681)
919 North Market Street, 17th Floor
P.O. Box 8705

6

Wilmington, Delaware 19801
Tel.: (302) 652-4100 / Fax: (302) 652-4400
bsandler@pszjlaw.com
scho@pszjlaw.com
sgolden@pszjlaw.com

-and-

William T. Reid, IV (TX Bar No. 00788817)
Eric D. Madden (TX Bar No. 24013079)
REID COLLINS & TSAI LLP
1601 Elm St., 42nd Floor
Dallas, Texas 75201
Tel.: (214) 420-8900 / Fax: (214)420-8909
wreid@rctlegal.com
emadden@rctlegal.com

*Counsel for the Adeptus Litigation Trust*

William T. Reid, IV (TX Bar No. 00788817)
Eric D. Madden (TX Bar No. 24013079)
REID COLLINS & TSAI LLP
1601 Elm St., 42nd Floor
Dallas, Texas 75201
Telephone: (214) 420-8900
Facsimile:  (214) 420-8909
wreid@rctlegal.com
emadden@rctlegal.com

*Counsel for the Adeptus Litigation Trust*

Bradford J. Sandler (*admitted pro hac vice*)
Shirley S. Cho (*admitted pro hac vice*)
Steven W. Golden (TX Bar No. 24099681)
Pachulski Stang Ziehl & Jones LLP
919 North Market Street, 17th Floor
P.O. Box 8705
Wilmington, DE 19801
Telephone: (302) 652-4100
Facsimile:  (302) 652-4400
bsandler@pszjlaw.com
scho@pszjlaw.com
sgolden@pszjlaw.com

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | |
|---|---|
| In re:<br><br>ADPT DFW Holdings LLC, *et al.*,<br><br>Debtors. | § Chapter 11<br>§<br>§ Case No. 17-31432<br>§<br>§ Jointly Administered under<br>§ Case No. 17-31432 |

**DECLARATION OF DAVID J. MACK IN SUPPORT OF THE
LITIGATION TRUST'S NINETEENTH OMNIBUS
<u>OBJECTION TO EMPLOYEE CLAIMS</u>**

I, David J. Mack, hereby declare under penalty of perjury that the following is true and correct:

1. I am over the age of 18 years of age. I am retained by Drivetrain LLC ("<u>Drivetrain</u>"). Drivetrain is the Trustee of the Adeptus Litigation Trust. I am authorized to submit this declaration (the "<u>Declaration</u>") in support of the *Litigation Trust's Nineteenth Omnibus Objection to Employee Claims* (the "<u>Objection</u>"),[1] and I am familiar with the information contained therein, either from personal knowledge, information supplied by the

---

[1] Unless otherwise defined herein, capitalized terms shall have the meanings ascribed to them in the Objection.

DOCS_SF:98102.8 13046/001

Reorganized Debtors, my review of the relevant documents regarding the Debtors' bankruptcy cases, finances and/or business affairs, the Debtors' books and records, and the Trust documents. I make this Declaration on the basis of my review of the claims referenced in the Objection and the Debtors' books and records regarding the claimants.

2. I have familiarity with the claims review process. In that capacity, I have reviewed the Employee Claims, and am directly familiar with the information contained therein. Additionally, I have read the Objection and the proposed order with respect to the Objection. The Employee Claims were reviewed and analyzed in good faith and by utilizing due diligence by appropriate personnel.

3. Based upon these efforts and to the best of my knowledge, I have determined that the Debtors' books and records do not show any amount owing on account of the Employee Claims. Further, absent the relief requested in the Objection, I believe the Trust's timely reconciliation and administration of claims will be unduly delayed.

4. Accordingly, based upon my review of the Employee Claims subject to the Objection, I believe that the relief sought in the Objection is in the best interests of the Trust, the Debtors' estates, and creditors.

[*Remainder of page intentionally left blank*]

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge, information and belief.

Dated: June 4, 2019

_____
David J. Mack

# **EXHIBIT 1**

**Employee Claims**

## Employee Claims

| CLAIMANT | DEBTOR NAME | CLAIM NO | FILED UNSECURED AMOUNT | TOTAL FILED CLAIM AMOUNT |
|---|---|---|---|---|
| ADAM, DONALD | Adeptus Health Inc. | 832 | Unliquidated | Unliquidated |
| BOWEN, TRACI | Adeptus Health Inc. | 826 | Unliquidated | Unliquidated |
| CIROCCO, ANTHONY | Adeptus Health Inc. | 820 | Unliquidated | Unliquidated |
| COBLE, MARY LEE | Adeptus Health Inc. | 827 | Unliquidated | Unliquidated |
| CUSACK, KRISTEN | Adeptus Health Inc. | 831 | Unliquidated | Unliquidated |
| JORDAN, ANDREW | Adeptus Health Inc. | 819 | Unliquidated | Unliquidated |
| MUELLER, TIMOTHY | Adeptus Health Inc. | 834 | Unliquidated | Unliquidated |
| MUZZARELLI, JAMES | Adeptus Health Inc. | 823 | Unliquidated | Unliquidated |
| MUZZARELLI, JAMES | First Choice ER, LLC | 830 | Unliquidated | Unliquidated |
| PYLE, DAVID | Adeptus Health Inc. | 833 | Unliquidated | Unliquidated |
| STEPHENS, MICHAEL | Adeptus Health Inc. | 1716 | Unliquidated | Unliquidated |
| WEIMER, HEATHER | Adeptus Health Inc. | 825 | Unliquidated | Unliquidated |
| WORLEY, LAWRENCE JASON | Adeptus Health Inc. | 828 | Unliquidated | Unliquidated |

# **EXHIBIT A**

**Notice of Objection to Your Claim**

| | |
|---|---|
| William T. Reid, IV (TX Bar No. 00788817) | Bradford J. Sandler (*admitted pro hac vice*) |
| Eric D. Madden (TX Bar No. 24013079) | Shirley S. Cho (*admitted pro hac vice*) |
| REID COLLINS & TSAI LLP | Steven W. Golden (TX Bar No. 24099681) |
| 1601 Elm St., 42nd Floor | Pachulski Stang Ziehl & Jones LLP |
| Dallas, Texas 75201 | 919 North Market Street, 17th Floor |
| Telephone: (214) 420-8900 | P.O. Box 8705 |
| Facsimile:   (214) 420-8909 | Wilmington, DE 19801 |
| wreid@rctlegal.com | Telephone: (302) 652-4100 |
| emadden@rctlegal.com | Facsimile:  (302) 652-4400 |
| | bsandler@pszjlaw.com |
| | scho@pszjlaw.com |
| *Counsel for the Adeptus Litigation Trust* | sgolden@pszjlaw.com |

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| In re: | § § § | Chapter 11 |
| ADPT DFW Holdings LLC, *et al.,* | § § § | Case No. 17-31432 |
| Debtors. | § § § | Jointly Administered under Case No. 17-31432 |

**NOTICE OF OBJECTION TO YOUR CLAIM**

**TO:   THE CLAIMANTS IDENTIFIED IN EXHIBIT 1 TO THE LITIGATION TRUST'S NINETEENTH OMNIBUS OBJECTION TO EMPLOYEE CLAIMS**

   **PLEASE TAKE NOTICE** that the Adeptus Litigation Trust ("Trust") has filed an objection ("Objection") to disallow certain proofs of claim that are for reimbursement or contribution and are contingent or under section 502(b)(1) and 502(e)(1)(B) of the Bankruptcy Code, or (ii) in the alternative, to estimate the claims at $0.00 pursuant to section 502(c)(1) for purposes of allowance and distribution under the Plan.  You should locate your name on Exhibit 1 to the Objection.  Because the Trust seeks to disallow and expunge your claim ("Employee Claim"), you should read this notice and the attached Objection carefully.

   **PLEASE TAKE FURTHER NOTICE** that no hearing will be conducted on the Objection unless a written response is filed with the clerk of the United States Bankruptcy Court at 1100 Commerce Street, Room 1254, Dallas, Texas 75201 prior to the close of business on July 8, 2019, which is no less than 33 days from the date of service hereof.  A copy of the response must be served upon Bradford J. Sandler and Shirley S. Cho, counsel for the Trust, on or before July 8, 2019.  If a response is timely filed, a hearing will be held with notice only to the responding party.  If no response is filed and served as set forth herein, the relief requested herein shall be deemed to be unopposed, and the Court may enter an order granting the relief sought.

**PLEASE TAKE FURTHER NOTICE** that, pursuant to the *Order Regarding Telephonic Appearances* (Dkt. No. 62), prior court approval is not required for telephonic appearances by non-attorney parties who desire to participate in "listen-in only" mode. If counsel is presenting evidence, questioning witnesses, or intending to make extensive legal argument, then counsel must obtain prior approval for a telephonic appearance by email requested to sgj_settings@txnb.uscourts.gov at least 24 hours prior to the hearing. Counsel and non-attorney parties must set up each telephonic appearance with CourtCall the day before the hearing, if not sooner. The contact number for CourtCall is (866) 582-6878.

**PLEASE TAKE FURTHER NOTICE** that nothing in this Notice or the accompanying Objection constitutes a waiver of the right of the Trust to assert any claims, counterclaims, rights of offset or recoupment, preference actions, fraudulent-transfer actions, or any other bankruptcy or non-bankruptcy claims or objections against you or the Employee Claims, including any additional objections regarding the allowance of the Employee Claims.

Dated: June 4, 2019                              PACHULSKI STANG ZIEHL & JONES LLP

*/s/ Steven W. Golden*
Bradford J. Sandler (*admitted pro hac vice*)
Shirley S. Cho (*admitted pro hac vice*)
Steven W. Golden (TX Bar No. 24099681)
919 North Market Street, 17th Floor
P.O. Box 8705
Wilmington, Delaware 19801
Tel.: (302) 652-4100 / Fax: (302) 652-4400
bsandler@pszjlaw.com
scho@pszjlaw.com
sgolden@pszjlaw.com

-and-

William T. Reid, IV (TX Bar No. 00788817)
Eric D. Madden (TX Bar No. 24013079)
REID COLLINS & TSAI LLP
1601 Elm St., 42nd Floor
Dallas, Texas 75201
Tel.: (214) 420-8900 / Fax: (214)420-8909
wreid@rctlegal.com
emadden@rctlegal.com

*Counsel for the Adeptus Litigation Trust*

2

## **EXHIBIT B**

**Proposed Order**

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| In re:<br><br>ADPT DFW Holdings LLC, *et al.,*<br><br>Debtors. | § § § § § § § § § | Chapter 11<br><br>Case No. 17-31432<br><br>Jointly Administered under<br>Case No. 17-31432 |

**ORDER GRANTING LITIGATION TRUST'S NINETEENTH
<u>OMNIBUS OBJECTION TO EMPLOYEE CLAIMS</u>**

The Court considered the *Litigation Trust's Nineteenth Omnibus Objection to Employee Claims* (the "<u>Objection</u>") filed by the Adeptus Litigation Trust (the "<u>Trust</u>") pursuant to which the Trust seeks to disallow certain Employee Claims, and/or estimate the Employee Claims at $0.00 for purposes of allowance and distribution under the Plan; the Court having reviewed the Objection and finding that (a) the Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334, (b) this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2), (c) notice of the Objection and of the hearing on the Objection was sufficient under the circumstances and in full

DOCS_SF:98102.8 13046/001

compliance with the requirements of the Bankruptcy Code, the Bankruptcy Rules and the Local Rules, and (d) that good cause appears for the relief requested, it is therefore **HEREBY ORDERED THAT**:

1. The Objection is SUSTAINED.

2. Each of the Employee Claims identified on **Exhibit 1** attached hereto is disallowed and expunged in its entirety.

3. The Trust, or the claims agent, Epiq Bankruptcy Solutions, LLC, as applicable, is authorized to update the Claims Register in these cases to reflect the relief granted in this Order.

4. The Order shall be immediately effective and enforceable upon its entry.

5. This Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Order.

6. Each of the Employee Claims and the objections by the Trust to such Employee Claims, constitutes a separate contested matter as contemplated by Bankruptcy Rule 9014.  This Order shall be deemed a separate Order with respect to each of the Employee Claims.

### END OF ORDER ###

**Exhibit 1**

**Employee Claims**

| CLAIMANT | DEBTOR NAME | CLAIM NO | FILED UNSECURED AMOUNT | TOTAL FILED CLAIM AMOUNT |
|---|---|---|---|---|
| ADAM, DONALD | Adeptus Health Inc. | 832 | Unliquidated | Unliquidated |
| BOWEN, TRACI | Adeptus Health Inc. | 826 | Unliquidated | Unliquidated |
| CIROCCO, ANTHONY | Adeptus Health Inc. | 820 | Unliquidated | Unliquidated |
| COBLE, MARY LEE | Adeptus Health Inc. | 827 | Unliquidated | Unliquidated |
| CUSACK, KRISTEN | Adeptus Health Inc. | 831 | Unliquidated | Unliquidated |
| JORDAN, ANDREW | Adeptus Health Inc. | 819 | Unliquidated | Unliquidated |
| MUELLER, TIMOTHY | Adeptus Health Inc. | 834 | Unliquidated | Unliquidated |
| MUZZARELLI, JAMES | Adeptus Health Inc. | 823 | Unliquidated | Unliquidated |
| MUZZARELLI, JAMES | First Choice ER, LLC | 830 | Unliquidated | Unliquidated |
| PYLE, DAVID | Adeptus Health Inc. | 833 | Unliquidated | Unliquidated |
| STEPHENS, MICHAEL | Adeptus Health Inc. | 1716 | Unliquidated | Unliquidated |
| WEIMER, HEATHER | Adeptus Health Inc. | 825 | Unliquidated | Unliquidated |
| WORLEY, LAWRENCE JASON | Adeptus Health Inc. | 828 | Unliquidated | Unliquidated |

DOCS_SF:98102.8 13046/001