William T. Reid, IV (TX Bar No. 00788817)
Eric D. Madden (TX Bar No. 24013079)
REID COLLINS & TSAI LLP
1601 Elm St., 42nd Floor
Dallas, Texas 75201
Telephone: (214) 420-8900
Facsimile:  (214) 420-8909
wreid@rctlegal.com
emadden@rctlegal.com

*Counsel for the Adeptus Litigation Trust*

Bradford J. Sandler (*admitted pro hac vice*)
Shirley S. Cho (*admitted pro hac vice*)
Steven W. Golden (TX Bar No. 5374152)
PACHULSKI STANG ZIEHL & JONES LLP
919 North Market Street, 17th Floor
P.O. Box 8705
Wilmington, DE 19801
Telephone: (302) 652-4100
Facsimile:  (302) 652-4400
bsandler@pszjlaw.com
scho@pszjlaw.com
sgolden@pszjlaw.com

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | | |
|---|---|---|
| In re: | § | Chapter 11 |
| | § | |
| | § | |
| ADPT DFW Holdings LLC, *et al.*, | § | Case No. 17-31432 |
| | § | |
| Debtors. | § | Jointly Administered under |
| | § | Case No. 17-31432 |
| | § | |
| | § | **Hearing Date: March 5, 2020** |
| | § | **Time:        9:30 a.m.** |
| | § | **Opposition Deadline: February 26, 2020** |

### SIXTH MOTION OF THE ADEPTUS LITIGATION TRUST FOR AN ORDER FURTHER EXTENDING THE DEADLINE TO OBJECT TO CLAIMS

A HEARING ON THIS MOTION WILL BE HELD ON **MARCH 5, 2020 AT 9:30 A.M. (PREVAILING CENTRAL TIME) BEFORE THE HONORABLE STACEY G. C. JERNIGAN** IN COURTRROOM NO. 1 OF THE EARLE CABELL FEDERAL BUILDING 1100 COMMERCE ST., DALLAS, TX 75242-1496. ANY RESPONSE OR OPPOSITION TO THIS MOTION SHALL BE IN WRITING AND FILED WITH THE CLERK OF THE UNITED STATES BANKRUPTCY COURT AT 1100 COMMERCE STREET, ROOM 1254, DALLAS, TEXAS 75242-1496 BEFORE THE CLOSE OF BUSINESS ON **FEBRUARY 26, 2020**, WHICH IS AT LEAST 21 DAYS FROM THE DATE OF SERVICE HEREOF. A COPY OF THE RESPONSE OR OPPOSITION SHALL BE SERVED UPON BRADFORD J. SANDLER AND SHIRLEY S. CHO, COUNSEL FOR THE TRUST.

IF NO WRITTEN RESPONSE OR OPPOSITION IS TIMELY FILED, THE RELIEF REQUESTED BY THE TRUST SHALL BE DEEMED TO BE UNOPPOSED, AND THE COURT MAY ENTER AN ORDER GRANTING THE RELIEF SOUGHT HEREIN.

The Adeptus Litigation Trust (the "Trust") hereby moves this Court (the "Motion") for entry of an order in the above-captioned chapter 11 cases of ADPT DFW Holdings, LLC, et al. (collectively, the "Debtors"), in substantially the form attached hereto as **Exhibit A** pursuant to section 105(a) of title 11 of the United States Code (the "Bankruptcy Code") and Rule 9006 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") further extending the period within which the Trust may object to claims filed against the Debtors in the above-captioned cases for a period of one hundred-eighty (180) days from March 30, 2020, to and including September 26, 2020. In support of the Motion, the Trust respectfully states as follows:

### Jurisdiction and Venue

1.      This Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334 and Article 12.1 of Plan (as defined below). This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2).

2.      Venue of this proceeding and this Motion is proper in this District pursuant to 28 U.S.C. §§ 1408 and 1409.

3.      The statutory and rule bases for the relief requested herein are section 105(a) and Bankruptcy Rule 9006(b)(1).

### Background

4.      On April 19, 2017 (the "Petition Date"), each of the Debtors filed a voluntary petition with this Court under chapter 11 of the Bankruptcy Code.

5.      On September 13, 2017, the Debtors filed their *Sixth Amended Joint Plan of Reorganization under Chapter 11 of the Bankruptcy Code* (the "Plan") [Docket No. 719]. On

1

September 29, 2017, the Court confirmed the Plan pursuant to the *Order Confirming Debtors'*

*Sixth Amended Joint Plan of Reorganized Under Chapter 11 of the Bankruptcy Code* (the

"Confirmation Order") [Docket No. 821]. The Plan became effective on October 2, 2017 (the

"Effective Date"). *See* Docket No. 826. Following the Effective Date of the Plan, the Trust was

vested with authority to resolve the Medical Malpractice Claims, General Unsecured Claims,

Subordinated Claims, and Convenience Class Claims. Confirmation Order ¶ 30.

6. According to the Plan and Confirmation Order, "the deadline to object to Claims

(including Claims which may be entitled to priority under section 507 of the Bankruptcy Code)

is the later of (a) one hundred eighty (180) days after the Effective Date or (b) such later date as

may be fixed by this Court upon any request by the Reorganized Debtors or the Litigation Trust

Trustee, as applicable, which is filed prior to the expiration of any deadline set forth herein, and

to the extent any such request is timely filed, the date shall automatically be extended until the

Court resolves the request to extend the deadline." Confirmation Order ¶ 30; *see* Plan,

Article 8.1. Therefore, pursuant to the Plan, the original Claims Objection Deadline was March

31, 2018 (the "Claims Objection Deadline").

7. On February 22, 2018, the Trust filed its *Motion of the Adeptus Litigation Trust*

*Pursuant to Section 105(a) of the Bankruptcy Code and Fed. R. Bankr. P. 9006(b)(1) For an*

*Order Extending the Deadline to Object to Claims* [Docket 1057] (the "First Extension

Motion"). On March 26, 2018, the Court entered an order granting the First Extension Motion

[Docket No. 1170], extending the deadline to object to claims from March 31, 2018 to July 30,

2018.

8. On May 18, 2018, the Trust filed its *Second Motion of the Adeptus Litigation*

*Trust Pursuant to Section 105(a) of the Bankruptcy Code and Fed. R. Bankr. P. 9006(b)(1) For*

*an Order Extending the Deadline to Object to Claims* [Docket 1306] (the "Second Extension Motion"). On June 15, 2018, the Court entered an order granting the Second Extension Motion [Docket No. 1339], extending the deadline to object to claims from July 30, 2018 to December 31, 2018.

9. On October 25, 2018, the Trust filed its *Third Motion of the Adeptus Litigation Trust Pursuant to Section 105(a) of the Bankruptcy Code and Fed. R. Bankr. P. 9006(b)(1) For an Order Extending the Deadline to Object to Claims* [Docket 1411] (the "Third Extension Motion"). On November 29, 2018, the Court entered an order granting the Third Extension Motion [Docket No. 1426], extending the deadline to object to claims from December 31, 2018 to June 30, 2019.

10. On May 15, 2019, the Trust filed its *Fourth Motion of the Adeptus Litigation Trust Pursuant to Section 105(a) of the Bankruptcy Code and Fed. R. Bankr. P. 9006(b)(1) For an Order Extending the Deadline to Object to Claims* [Docket 1552] (the "Fourth Extension Motion"). On June 13, 2019, the Court entered an order granting the Fourth Extension Motion [Docket No. 1572], extending the deadline to object to claims from June 30, 2019 to December 31, 2019.).

11. On November 8, 2019, the Trust filed its *Fifth Motion of the Adeptus Litigation Trust Pursuant to Section 105(a) of the Bankruptcy Code and Fed. R. Bankr. P. 9006(b)(1) For an Order Extending the Deadline to Object to Claims* [Docket 1603] (the "Fifth Extension Motion"). On December 11, 2019, the Court entered an order granting the Fifth Extension Motion [Docket No. 1610], extending the deadline to object to claims from December 31, 2019 to March 30, 2020 (the "Current Claims Objection Deadline").

12.    On June 15, 2018, the Court entered the *Order Granting Litigation Trust's Motion to Establish Claim Objection Procedures* [Dkt. No. 1338] ("Claims Procedures Order").  The entry of the Claims Procedures Order has greatly expedited the Trust's ability to prosecute routine objections to claims.  Since the Fifth Extension Motion, the Trust has negotiated an additional stipulation resolving claims on a consensual basis without the need to have to file objections since the Fifth Extension Motion has been filed.

### Litigation Update

13.    As the Court is aware, the Trust is pursuing litigation in other venues that may resolve disputed claims here and expedite the claim reconciliation process.

14.    On May 17, 2019, the Trust filed the lawsuit styled *Drivetrain, LLC v. Hall, et al.*, No. 4:19-cv-371, in the United States District Court for the Eastern District of Texas. In that action, the Trustee seeks over $50 million in damages caused by breaches of the fiduciary duties that Thomas Hall, Timothy Fielding, and Graham Cherrington owed to First Choice ER, LLC, as its Chief Executive Officer, Chief Financial Officer, and Chief Operating Officer, respectively. On July 19, 2019, Messrs. Hall, Fielding, and Cherrington filed a motion to dismiss, which is currently under advisement.  Document discovery is substantially complete, and the parties have begun scheduling depositions.  Discovery closes on March 31, 2019.

15.    The Trust has since reached a settlement with Mr. Fielding in connection with that lawsuit.  That settlement's terms include resolving Mr. Fielding's claims against the Debtors' estates, as set forth in the Stipulation filed on January 31, 2020 [Docket No. 1613].

16.    On May 17, 2019, the Trust also filed a lawsuit in Delaware Chancery Court, styled *Drivetrain, LLC v. Hall, et al.*, No. 2019-0365-JYL.  In that action, the Trust seeks damages exceeding $500 million arising from, *inter alia*, breaches of fiduciary duties that the

defendants in that case owed to Debtors Adeptus Health Inc. and Adeptus Health LLC. On September 18, 2019, the defendants filed a motion to dismiss, which the Chancery Court denied on January 21, 2020. The Chancery Court has not yet entered a scheduling order; however, the Trust anticipates that trial will begin in April 2021. Like the Texas action, the Delaware action involves defendants who have filed proofs of claim against the Debtors' estates.

17.     While the Trust has reconciled the vast majority of unsecured claims filed in these cases, the claims reconciliation process remains ongoing. Specifically, the Trust is in the process of reviewing disputed contingent, litigation, and lease rejection claims, among other categories, which, in some cases, are contingent on pending non-bankruptcy litigation including those described above and pending pre-petition class actions filed outside of the Bankruptcy Court that are still pending. A further extension of time of the Current Claims Objection Deadline will permit the Trust the ability to reach out to disputed claimants in an effort to resolve claims prior to filing claim objections to the extent possible. Therefore, the Trust respectfully submits that a further extension is in the best interest of the Trust and its beneficiaries as it will aid the efficient resolution of the remaining disputed claims.

## Relief Requested

18.     By this Motion and pursuant to section 105(a) of the Bankruptcy Code and Bankruptcy Rule 9006(b)(1), the Trust seeks an extension of the Current Claims Objection Deadline for an additional 180 days to and including September 26, 2020.

19.     The Trust further requests that the order approving this Motion be without prejudice to the rights of the Trust to seek further extensions of the applicable claim objection deadline.

DOCS_SF:102229.4 13046/001

## Basis for Relief

20.     Section 105(a) of the Bankruptcy Code provides that "the court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title." 11 U.S.C. § 105(a).  Furthermore, nothing in the Bankruptcy Code may be construed to preclude the Court from "taking any action or making any determination necessary or appropriate to enforce or implement court orders or rules, or to prevent an abuse of process." *Id.*

21.     Bankruptcy Rule 9006(b)(1) provides:

> [W]hen an act is required or allowed to be done at or within a specified period . . . by order of court, the court for cause shown may at any time in its discretion (1) with or without motion or notice order the period enlarged if the request therefore is made before expiration of the period originally prescribed or as extended by a previous order. . . .

Fed. R. Bankr. P. 9006(b)(1).  The Trust is making the request in this Motion before the Current Claims Objection Deadline and, accordingly, per the Confirmation Order, the Claims Objection Deadline "shall automatically be extended until the Court resolves the request to extend the deadline.  An automatic extension under this rule shall not require the issuance or entry of an order extending the time."  Confirmation Order ¶ 30; *see also* Bankruptcy Rule 9006(b)(1).

22.     Although Bankruptcy Rule 9006 does not define "cause," it has been noted that "courts should be liberal in granting extensions of time sought before the period to act has elapsed, as long as the moving party has not been guilty of negligence or bad faith and the privilege of extensions has not been abused . . . ." 10 *Collier on Bankruptcy* (Alan N. Resnick & Henry J. Sommer, eds., 15th ed. rev. 2009) at 9006-14.

23.     In the context of determining whether "cause" exists regarding requests for extension of time, courts have considered such factors as the size and complexity of the issues involved, the debtors' good faith progress in resolving issues, the amount of time elapsed in the

6

case, and whether any prejudice will result to the creditors. *See*, *e.g.*, *In re Express One Int'l, Inc.*, 194 B.R. 98, 100 (Bankr. E.D. Tex. 1996).

24. The Trust submits that cause exists to extend the Current Claims Objection Deadline. The Trust is continuing the claims reconciliation process, and while it has made substantial progress and has filed sixteen omnibus objections to date, the Trust requires additional time to conclude the review and reconciliation of claims, and to attempt to resolve any disputed claims consensually. The Trust will endeavor to resolve disputed claims consensually.

25. This is the sixth request for an extension of the Claims Objection Deadline, and the Trust submits that the requested extension will not prejudice the Debtors' creditors or other parties in interest. To the contrary, granting the requested extension will assist the Trust in fairly and properly administering the Trust and resolving claims consensually to the extent possible. As such, the Trust respectfully submits that an extension of the Current Claims Objection Deadline for an additional 180 day period to and including September 26, 2020 is warranted.

26. Courts in this district have granted similar relief to that requested herein in other chapter 11 cases. *See, e.g.*, *In re Dependable Auto Shippers, Inc.*, Case No. 16-34855 (Bankr. N.D. Tex. Oct. 30, 2017) (granting liquidating trustee's motion to extend claims objection deadline for approximately 180 days); *In re Energy & Exploration Partners, Inc.*, Case No. 15-44931 (Bankr. N.D. Tex. Sept. 7, 2016) (granting reorganized debtors' and creditor trust's motion to extend claims objection deadline for approximately six months).

## <u>Notice</u>

27. The Trust has provided notice of this Motion to (i) the Office of the United States Trustee; (ii) counsel to the Reorganized Debtors; and (ii) any persons who have filed a request to

DOCS_SF:102229.4 13046/001

receive documents pursuant to Bankruptcy Rule 2002. In light of the nature of the relief requested, the Trust respectfully submits that no further notice is necessary.

<u>**Conclusion**</u>

WHEREFORE, for the reasons stated, the Trust requests the Court enter the proposed order granting the Motion, substantially in the form attached hereto as **<u>Exhibit A</u>**, and grant such other and further relief as is just and proper.

Dated: February 5, 2020          PACHULSKI STANG ZIEHL & JONES LLP

*/s/ Steven W. Golden*

Bradford J. Sandler (*admitted pro hac vice*)
Shirley S. Cho (*admitted pro hac vice*)
Steven W. Golden (TX Bar No. 24099681)
Pachulski Stang Ziehl & Jones LLP
919 North Market Street, 17th Floor
P.O. Box 8705
Wilmington, DE 19801
Telephone: (302) 652-4100
Facsimile: (302) 652-4400
bsandler@pszjlaw.com
scho@pszjlaw.com
sgolden@pszjlaw.com

-and-

REID COLLINS & TSAI LLP
William T. Reid, IV (TX Bar No. 00788817)
Eric D. Madden (TX Bar No. 24013079)
1601 Elm St., 42nd Floor
Dallas, Texas 75201
Telephone: (214) 420-8900
Facsimile: (214) 420-8909
wreid@rctlegal.com
emadden@rctlegal.com
*Counsel for the Adeptus Litigation Trust*

**<u>Exhibit A</u>**

**Proposed Order**

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| In re: | § | Chapter 11 |
| | § | |
| ADPT DFW Holdings LLC, *et al.*, | § | Case No. 17-31432 |
| | § | |
| Debtors. | § | Jointly Administered under |
| | § | Case No. 17-31432 |
| | § | |

**ORDER GRANTING SIXTH MOTION OF THE ADEPTUS LITIGATION
TRUST FOR AN ORDER EXTENDING THE DEADLINE TO OBJECT TO CLAIMS**
**[Relates to Docket No. _____]**

Upon consideration of the *Sixth Motion of the Adeptus Litigation Trust for an Order*

*Extending the Deadline to Objection to Claims* (the "Motion")[1] filed by the Adeptus Litigation

Trust (the "Trust") and the Court having jurisdiction to consider the Motion and the relief

requested therein pursuant to 28 U.S.C. §§ 157 and 1334; and consideration of the Motion being

a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper in this Court pursuant

to 28 U.S.C. §§ 1408 and 1409; and it appearing that no other or further notice need be provided;

---

[1] Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Motion.

and the Trust has shown good, sufficient and sound justification for the relief requested in the

Motion and that the legal and factual bases set forth in the Motion establish just cause for the

relief granted herein; any objections to the requested relief having been withdrawn or overruled

on the merits; and after due deliberation and sufficient cause appearing therefor, the Court

hereby finds that the Motion should be granted as provided herein,

IT IS HEREBY ORDERED THAT:

1.     The Motion is GRANTED.

2.     The Current Claims Objection Deadline is extended to and including September 26, 2020.

3.     This Order shall be without prejudice to the Trust's right to seek a further extension or extensions of the September 26, 2020 claims objection deadline.

4.     This Court shall retain jurisdiction over any and all matters arising from the interpretation or implementation of this Order.

### END OF ORDER ###