**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | |
|---|---|
| In re:<br><br>ADPT DFW Holdings LLC, *et al.,*<br><br>Debtors. | § Chapter 11<br>§<br>§ Case No. 17-31432<br>§<br>§ Jointly Administered under<br>§ Case No. 17-31432 |

**STIPULATION AND AGREED ORDER RESOLVING
CLAIM OF WORKPLACE SOLUTIONS, INC. [CLAIM NO. 2350]**

This Stipulation ("Stipulation") and Agreed Order (this "Order") is entered into between the Adeptus Litigation Trust (the "Trust"), and claimant Workplace Solutions, Inc. ("WPS"). The Trust and WPS shall also be referred to herein as a "Party" and collectively, the "Parties."

## RECITALS

**WHEREAS**, On April 19, 2017, ADPT DFW Holdings LLC and its affiliated entities each filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code 11 U.S.C. §§ 101 et seq., as amended, thereby initiating this bankruptcy case.

**WHEREAS**, on October 6, 2017, WPS filed a proof of claim identified as claim number 2350 ("Claim 2350") on the claims register on account of goods sold, and asserting a non-priority general unsecured claim in the amount of $1,304,906.75.

**WHEREAS**, on December 12, 2017, the Trust and WPS entered into that certain *Stipulation and Agreed Order on Workplace Solutions, Inc.'s Motion for Leave to Amend Informal Proof of Claim or, in the Alternative, Motion to Allow Filing of Late Claim* [Docket No. 976] (the "Stipulated Order").

**WHEREAS**, on November 9, 2018, the Trust filed its *eighteenth Omnibus Objection to Books and Records Claims (Modify & Reduce)* [Docket No. 1418] (the "18th Omnibus Objection"). The 18th Omnibus Objection sought to reduce WPS' claim by $387,595.34 based on the Trust's claim that certain goods were sold to non-debtor entities.

**WHEREAS**, on December 10, 2018, WPS filed a response to the 18th Omnibus Objection, arguing, *inter alia*, that the Trust had not presented evidence that any of the invoices had been paid or were otherwise improper.

**WHEREAS**, the Parties desire to resolve Claim No. 2350 on the terms stated herein without the further time and expense of litigation thereon.

## STIPULATION

**NOW, THEREFORE, IN CONSIDERATION OF THE FOREGOING, THE PARTIES HEREBY AGREE AND STIPULATE AS FOLLOWS:**

1. The foregoing recitals are incorporated herein by reference as if set forth in full herein and are made an express part of this Stipulation.

2. This Stipulation and Agreed Order is made expressly contingent upon approval of, and entry by, the Bankruptcy Court and, should the Stipulation and Agreed Order not be approved and entered, the Parties will be deemed to have returned to their respective positions immediately prior to the execution of this Stipulation without prejudice, and with all rights and privileges reserved.

3. The Parties agree that Claim 2350 shall be reduced and allowed as a non-priority general unsecured claim in the amount of $1,200,000.00 and shall be paid in accordance with the terms of the Debtors' Third Amended Joint Plan of Reorganization Under Chapter 11 of the Bankruptcy Code dated September 13, 2017.

4. This Stipulation and Agreed Order shall be binding upon, and shall inure to the benefit of each of, the Parties and each of their respective agents, employees, representatives, assigns, successors in interest, and attorneys, and shall be binding and effective despite any conversion of any of these bankruptcy cases to a case under any other chapter of the Bankruptcy Code.

5. WPS represents that it has not transferred any claim (or any portion thereof) that is the subject of this Stipulation and Agreed Order.

6. Each of the Parties shall be responsible for its respective costs and expenses (including, without limitation, attorneys' fees, and expenses) incurred by it in negotiating,

drafting, and executing this Stipulation and Agreed Order and shall not be responsible for the payment of any such fees or expenses incurred by any other party hereto.

7. This Stipulation and Agreed Order constitutes the entire agreement between the Parties and may not be amended or modified in any manner except by a writing signed by both of the Parties or their counsel and approved by the Bankruptcy Court.

8. Each Party and signatory to this Stipulation and Agreed Order represents and warrants to each other Party that such Party or signatory has full power, authority, and legal right and has obtained all approvals and consents necessary to execute, deliver, and perform all actions required under this Stipulation and Agreed Order and, where applicable, has obtained all authority, approvals, and consents necessary to act on behalf of another Party to execute, deliver, and perform all actions required under this Stipulation and Agreed Order.

9. The terms and conditions of this Stipulation and Agreed Order are immediately effective and enforceable upon its entry notwithstanding any applicable stay provided by the Federal Rules of Bankruptcy Procedure.

10. The Bankruptcy Court shall retain exclusive jurisdiction to hear and finally determine all disputes arising from or related to this Stipulation and Agreed Order, including the performance of the Parties' obligations hereunder and the implementation, interpretation and enforcement of this Stipulation and Agreed Order. The Parties each consent to the Bankruptcy Court hearing and finally determining all such disputes. Further, the Parties each agree to waive trial by jury in an action, proceeding, or counterclaim brought by or on behalf of the Parties hereto with respect to any such dispute.

IT IS SO ORDERED.

AGREED:

| REED SMITH LLP | PACHULSKI STANG ZIEHL & JONES LLP |
|---|---|
| */s/Keith Aurzada* | */s/ Steven W. Golden* |
| Keith Aurzada, Esq.<br>TX Bar No. 24009880<br>Mark L. Johansen<br>TX Bar No. 10670240<br>E. Steve Smith<br>TX Bar No. 24095623<br>2501 N Harwood Street<br>Suite 1700<br>Dallas, TX 75201<br>Telephone: (469) 680-4200<br>Facsimile: (469) 680-4299<br>Email: kaurzada@reedsmith.com<br>       mjohansen@reedsmith.com<br>       stevesmith@reedsmith.com<br><br>*Counsel for Workplace Solutions, Inc.* | Bradford J. Sandler (*admitted pro hac vice*)<br>Shirley S. Cho (*admitted pro hac vice*)<br>Steven W. Golden (TX Bar No. 24099681)<br>Pachulski Stang Ziehl & Jones LLP<br>919 North Market Street, 17th Floor<br>Wilmington, DE 19801<br>Telephone: (302) 652-4100<br>Facsimile: (302) 652-4400<br>Email bsandler@pszjlaw.com<br>      scho@pszjlaw.com<br>      sgolden@pszjlaw.com<br><br>-and-<br><br>William T. Reid, IV (TX Bar No. 00788817)<br>Eric D. Madden (TX Bar No. 24013079)<br>Reid Collins & Tsai LLP<br>1601 Elm St., 42nd Floor<br>Dallas, Texas 75201<br>Tel.: (214) 420-8900 / Fax: (214)420-8909<br>Email: wreid@rctlegal.com<br>       emadden@rctlegal.com<br><br>*Counsel for the Adeptus Litigation Trust* |