

CLERK, U.S. BANKRUPTCY COURT
NORTHERN DISTRICT OF TEXAS

# ENTERED

THE DATE OF ENTRY IS ON
THE COURT'S DOCKET

**The following constitutes the ruling of the court and has the force and effect therein described.**

**Signed September 6, 2021**

_____
United States Bankruptcy Judge
_____

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE NORTHERN DISTRICT OF TEXAS
# DALLAS DIVISION

| | | |
|---|---|---|
| In re: | § § | Chapter 11 |
| ADPT DFW Holdings LLC, *et al.*, | § § § | Case No. 17-31432 |
| Debtors. | § § § § | Jointly Administered under Case No. 17-31432 |

## STIPULATION AND AGREED ORDER RESOLVING LITIGATION TRUST'S TWENTIETH OMNIBUS OBJECTION RE CERTAIN INDEMNIFICATION CLAIMS

This Stipulation ("Stipulation") and Agreed Order (this "Order") is entered into between the Adeptus Litigation Trust (the "Trust"), BMO Capital Markets ("BMO"), Deutsche Bank Securities, Inc. ("Deutsche Bank"), Dougherty & Company LLC n/k/a Colliers Securities LLC ("Dougherty"), Evercore Group L.L.C. ("Evercore"), Goldman Sachs & Co. LLC ("Goldman Sachs"), Merrill Lynch Pierce Fenner & Smith Inc. n/k/a BofA Securities, Inc. ("Merrill Lynch"),

Morgan Stanley & Co. LLC ("Morgan Stanley"), Piper Jaffray & Co. n/k/a Piper Sandler & Co. ("Piper Jaffray"), and RBC Capital Markets, LLC ("RBC Capital", and together with BMO, Deutsche Bank, Dougherty, Evercore, Goldman Sachs, Merrill Lynch, Morgan Stanley, and Piper Jaffray, the "Claimants"), through the undersigned counsel. The Trust and each of the Claimants shall also be referred to herein as a "Party" and collectively, the "Parties."

## RECITALS

**WHEREAS**, on June 29, 2021, BMO filed a proof of claim against one or more of the Debtors' estates asserting a non-priority general unsecured claim in an unliquidated amount, designated as claim number 1382 ("Claim 1382") on the Debtors' official register of claims the "Claims Register").

**WHEREAS**, on June 29, 2021, Deutsche Bank filed a proof of claim against one or more of the Debtors' estates asserting a non-priority general unsecured claim in an unliquidated amount, designated as claim number 1394 ("Claim 1394") on the Claims Register.

**WHEREAS**, on June 29, 2021, Dougherty filed a proof of claim against one or more of the Debtors' estates asserting a non-priority general unsecured claim in an unliquidated amount, designated as claim number 1380 ("Claim 1380") on the Claims Register.

**WHEREAS**, on June 29, 2021, Evercore filed a proof of claim against one or more of the Debtors' estates asserting a non-priority general unsecured claim in an unliquidated amount, designated as claim number 1384 ("Claim 1384") on the Claims Register.

**WHEREAS**, on June 29, 2021, Goldman Sachs filed a proof of claim against one or more of the Debtors' estates asserting a non-priority general unsecured claim in an unliquidated amount, designated as claim number 1386 ("Claim 1386") on the Claims Register.

**WHEREAS**, on June 29, 2021, Merrill Lynch filed a proof of claim against one or more of the Debtors' estates asserting a non-priority general unsecured claim in an unliquidated amount, designated as claim number 1383 ("Claim 1383") on the Claims Register.

**WHEREAS**, on June 29, 2021, Morgan Stanley filed a proof of claim against one or more of the Debtors' estates asserting a non-priority general unsecured claim in an unliquidated amount, designated as claim number 1388 ("Claim 1388") on the Claims Register.

**WHEREAS**, on June 29, 2021, Piper Jaffray filed a proof of claim against one or more of the Debtors' estates asserting a non-priority general unsecured claim in an unliquidated amount, designated as claim number 1390 ("Claim 1390") on the Claims Register.

**WHEREAS**, on June 29, 2021, RBC Capital filed a proof of claim against one or more of the Debtors' estates asserting a non-priority general unsecured claim in an unliquidated amount, designated as claim number 1392 ("Claim 1392" and together with Claim 1382, Claim 1394, Claim 1380, Claim 1384, Claim 1386, Claim 1383, Claim 1388, and Claim 1390, the "Indemnification Claims") on the Claims Register.

**WHEREAS**, on December 11, 2020, the Trust filed its *Twentieth Omnibus Objection to Certain Indemnification Claims* [Docket No. 1646] (the "Objection") objecting to the Indemnification Claims.

**WHEREAS**, prior to the response deadline set for the Objection, counsel to the Claimants contacted counsel to the Trust to request an extension to the response deadline to permit the Parties to resolve the Objection and any other objections that the Trust could assert with respect to the Indemnification Claims;

**WHEREAS**, the Trust has extended the Claimants' response deadline through and including September 15, 2021, to facilitate negotiations with the Claimants regarding the Indemnification Claims;

**WHEREAS**, the Claimants have provided counsel to the Trust with information on a confidential basis that counsel to the Trust has evaluated and that the Trust has determined is sufficient to evidence the Claimants' right to payment from one or more of the Debtors' estates and to support the now-liquidated amounts of the Indemnification Claims;

**WHEREAS**, after discussion, the Parties have agreed to resolve the Objection, as well as any and all other objections to the Indemnification Claims that were or could have been asserted by the Trust or any other party, on the terms set forth herein.

## STIPULATION AND ORDER

NOW THEREFORE, THE PARTIES HEREBY STIPULATE AND AGREE AS FOLLOWS:

1. Upon entry of the Order approving this Stipulation, the Indemnification Claims shall be Allowed in the aggregate amount of $150,000.00 as a Class 5 General Unsecured Claim under the Plan, subject to a distribution payment cap of $100,000.00. The remainder of the Indemnification Claims shall be Allowed as a Class 7(b) Other Subordinated Claim under the Plan in an amount agreed upon by the Parties.

2. The Trust shall allocate the Allowed Class 5 Claim and the Allowed Class 7(b) Claim (the "Allowed Claims"), as well as any distributions made by the Trust on account of such Allowed Claims, among Claimants based upon the confidential allocation instructions to be provided by counsel to Claimants contemporaneously with the Parties' execution of this Stipulation.

3. Each person who executes this Stipulation represents that he or she is duly authorized to execute this Stipulation on behalf of their clients and that each Party has full knowledge and has consented to this Stipulation.

4. This Stipulation may be executed in one or more counterparts, any of which may be transmitted by facsimile or electronic transmission, and each of which shall be deemed an original, but all of which together shall constitute one and the same document.

5. This Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation of this Stipulation.

6. The Parties shall bear their own attorney's fees and costs.

Dated: September 3, 2021

| SHEARMAN & STERLING LLP | PACHULSKI STANG ZIEHL & JONES LLP |
|---|---|
| */s/ Adam J. Goldstein* | */s/ Steven W. Golden* |
| Adam J. Goldstein, Esq.<br>599 Lexington Avenue<br>New York, NY 10022-6069<br>Telephone: (212) 848-4000<br>Facsimile: (646) 848-7038<br>Email: adam.goldstein@shearman.com<br><br>*Counsel to Claimants* | Bradford J. Sandler (*admitted pro hac vice*)<br>Shirley S. Cho (*admitted pro hac vice*)<br>Steven W. Golden (TX Bar No. 24099681)<br>Pachulski Stang Ziehl & Jones LLP<br>919 North Market Street, 17th Floor<br>Wilmington, DE 19801<br>Telephone: (302) 652-4100<br>Facsimile: (302) 652-4400<br>Email  bsandler@pszjlaw.com<br>         scho@pszjlaw.com<br>         sgolden@pszjlaw.com<br><br>-and-<br><br>William T. Reid, IV (TX Bar No. 00788817)<br>Eric D. Madden (TX Bar No. 24013079)<br>Reid Collins & Tsai LLP<br>1601 Elm St., 42nd Floor<br>Dallas, Texas 75201<br>Tel.: (214) 420-8900 / Fax: (214)420-8909<br>Email: wreid@rctlegal.com<br>         emadden@rctlegal.com<br><br>*Counsel for the Adeptus Litigation Trust* |